JOHN R. MCMILLAN, ESQ.
Nevada Bar No. 0925
jrm@flangasmcmillan.com
GUS W. FLANGAS, ESQ.,
Nevada Bar No. 4989
gwf@flangasmcmillan.com
JESSICA K. PETERSON, ESQ.
Nevada Bar No. 10670
jkp@flangasmcmillan.com
**FLANGAS MCMILLAN LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (702) 307-9500
Facsimile: (702) 382-9452
*Attorneys for Defendant Corey L. Johnson*

# UNITED STATES DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF SILVER STATE BANK<br><br>Plaintiff,<br><br>vs.<br><br>COREY L. JOHNSON; DOUGLAS E. FRENCH; GARY A. GARDNER; and TIMOTHY S. KIRBY<br><br>Defendants. | Case No.: 2:12-CV-209-KJD-PAL<br><br>**ANSWER TO COMPLAINT** |

COMES NOW, the Defendants, COREY L. JOHNSON by and through his attorneys, JOHN R. MCMILLAN, ESQ., GUS W. FLANGAS, ESQ., and JESSICA K. PETERSON, ESQ., of the FLANGAS MCMILLAN LAW GROUP, and for his Answer to Plaintiff's Complaint states as follows:

### I. JURISDICTION AND VENUE

1. Answering the allegations contained in Paragraph 1 and 2 of the Complaint on file herein, the allegation calls for a legal conclusion and thus no admission or denial is required, but to the extent one is, theses statutes speak for themselves.

### II. THE PLAINTIFF

2. Answering the allegations contained in Paragraph 3 of the Complaint on file herein,

Johnson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore, denies them.

3. Answering the allegations contained in Paragraph 4 of the Complaint on file herein, JOHNSON admits the allegations contained therein, except JOHNSON is without knowledge or information sufficient to form a belief as to the allegation of whether the State of Nevada and the Federal Deposit Insurance Corporation jointly examined the Bank since its inception.

4. Answering the allegations contained in Paragraph 5 of the Complaint on file herein, Defendant Johnson admits that the Bank was closed on September 5, 2008, by the Nevada Financial Institutions Division and that the FDIC was appointed receiver. Further answering the allegations contained in Paragraph 5 of the Complaint on file herein, except as specifically admitted, Johnson answers that the remainder of the allegation calls for a legal conclusion and thus no admission or denial is required, but to the extent one is, JOHNSON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore, denies them.

### III. DEFENDANTS

5. Answering the allegations contained in Paragraph 6 of the Complaint on file herein, JOHNSON admits the allegations contained therein.

6. Answering the allegations in Paragraphs 7 of the Complaint on file herein, JOHNSON admits the allegations contained therein.

7. Answering the allegations contained in Paragraph 8 of the Complaint on file herein, JOHNSON admits the allegations contained therein.

8. Answering the allegations contained in Paragraph 9 of the Complaint on file herein, JOHNSON admits the allegations contained therein.

### IV. NATURE OF THIS SUIT

9. Answering the allegations contained in Paragraph 10 of the Complaint on file herein, JOHNSON admits that he was a Member of the Board and that he owed a fiduciary duty to the Bank in his capacity as a Member of the Board and except as specifically admitted,

1  JOHNSON denies the remainder of the allegations contained therein.

2  10. Answering the allegations contained in Paragraph 11 of the Complaint on file
3  herein, JOHNSON denies the allegations contained therein.

## V. FACTUAL BACKGROUND

5  11. Answering Paragraph "A" between Paragraph 11 and 12 of the Complaint on file
6  herein, JOHNSON is unsure if this constitutes a formal allegation requiring an admission or a denial
7  but to the extent Plaintiff intended it to constitute an allegation, JOHNSON denies the allegation
8  contained therein.

9  12. Answering the allegations contained in Paragraph 12 of the Complaint on file
10  herein, JOHNSON admits the allegations contained therein.

11  13. Answering the allegations contained in Paragraph 13 of the Complaint on file
12  herein, JOHNSON admits the allegations contained therein.

13  14. Answering the allegations contained in Paragraph 14 of the Complaint on file
14  herein, JOHNSON admits the allegations contained therein.

15  15. Answering the allegations of Paragraph 15 of the Complaint on file herein,
16  JOHNSON admits that Tod Little was a co-founder of Silver State and the Chairman of the Board
17  and that he replaced Little as CEO in 2006 and except as specifically admitted Johnson answers that
18  he is without knowledge or information sufficient to form a belief as to the truth of the allegations
19  contained therein and therefore, denies them. Moreover, the FDIC has violated the Confidentiality
20  Agreement

21  16. Answering the allegations contained in Paragraph 16, 17 and 18 of the Complaint
22  on file herein, JOHNSON denies the allegations contained therein especially with respect to the
23  statements attributable to FRENCH in Paragraph 17 which are taken out of context.

24  17. Answering the allegations contined in Paragraph 19 of the Complaint on file herein
25  JOHNSON admits that loan officers received a 10 percent commision for the loans they originated
26  which was in place for several years prior to 2008 and approved by the FDIC and except as
27  specifically admitted denies the remainder of the allegations contained therein.

28  18. Answering the allegations contained in Paragraph 20 and 21 of the Complaint on

file herein, the allegations do not pertain to JOHNSON and thus JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

19. Answering the allegations contained in Paragraph 22 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

20. Answering the allegations contained in Paragraph 23 of the Complaint on file herein, the allegations do not pertain to JOHNSON and thus JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

21. Answering the allegations contained in Paragraph 24 of the Complaint on file herein, it is unclear as to which Defendant Plaintiff is referring to and thus JOHNSON is unsure as to whether the allegations pertain to him, to the extent that the allegations do pertain to JOHNSON, JOHNSON denies the allegations contained therein.

22. Answering the allegations contained in Paragraph 25, 26 and 27 of the Complaint on file herein, the document speaks for itself and JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

23. Answering Paragraph "B" between Paragraph 27 and 28 of the Complaint on file herein, JOHNSON is unsure if this constitutes a formal allegation requiring an admission or a denial but to the extent Plaintiff intended it it to constitute an allegation, JOHNSON denies the allegation contained therein.

24. Answering the allegations contained in Paragraph 28 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

25. Answering the allegations contained in Paragraph 29 of the Complaint on file herein, JOHNSON admits that there was a working group meeting around September 2007 on these matters and except as specifically admitted, JOHNSON denies the rest of the allegations contained therein.

26. Answering the allegations contained in Paragraph 30 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

27. Answering the allegations contained in Paragraph 31 of the Complaint on file herein, JOHNSON objects to the allegations as it is unclear as to which Defendant Plaintiff is referring to and thus JOHNSON is unsure as to whether the allegations pertain to him. To the extent that the allegations do pertain to JOHNSON, JOHNSON denies the allegations contained therein.

28. Answering the allegations contained in Paragraph 32 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

29. Answering the allegations contained in Paragraph 33 and 34 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

30. Answering the allegations contained in Paragraph 35 of the Complaint on file herein, JOHNSON admits that the Bank was downgraded to 'Adequately Capitalized', which meant that the Bank could no longer handle brokered deposits without a waiver which the FDIC refused to grant and except as specifically admitted, JOHNSON denies the allegations contained therein.

31. Answering Paragraph "C" between Paragraph 35 and 36 of the Complaint on file herein, JOHNSON is unsure if this constitutes a formal allegation requiring an admission or a denial, but to the extent Plaintiff intended it it to constitute an allegation, JOHNSON denies the allegation contained therein.

32. Answering the allegations contained in Paragraph 36 of the Complaint on file herein. JOHNSON admits he was aware that Kirby and Gardner were hired as loan officers and except as specifically admitted, JOHNSON denies the remainder of the allegations contained therein.

33. Answering the allegations contained in Paragraph 37 and 38 of the Complaint on file herein, the allegations do not pertain to JOHNSON and thus JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

34. Answering the allegations contained in Paragraph 39 of the Complaint on file herein, JOHNSON denies the allegations contained therein. JOHNSON further answers that the compensation package had been previously disclosed and approved by the FDIC during prior yearly

1 | examinations.

2 |     35.    Answering Paragraph "D" between Paragraph 39 and 40 of the Complaint on file herein, JOHNSON is unsure if this constitutes a formal allegation requiring an admission or a denial but to the extent Plaintiff intended it it to constitute an allegation, JOHNSON denies the allegation contained therein.

    36.    Answering the allegations contained in Paragraph 40 of the Complaint on file herein, JOHNSON answers that the testimony is taken out of context, and JOHNSON was not given an opportunity to examine FRENCH as to his testimony, so therefore, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

    37.    Answering the allegations contained in Paragraph 41 of the Complaint on file herein, JOHNSON admits that he is aware that there were some late fees that were waived on loans and except as specifically admitted, JOHNSON denies the remainder of the allegations contained therein.

    38.    Answering the allegations contained in Paragraph 42 of the Complaint on file herein, JOHNSON answers that the testimony speaks for itself, the testimony is taken out of context, and JOHNSON was not given an opportunity to examine FRENCH as to his testimony, so therefore, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

    39.    Answering the allegations contained in Paragraphs 43, 44 and 45 of the Complaint on file herein, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

    40.    Answering the allegations contained in Paragraphs 46, 47, 48, 49, 50 and 51 of the Complaint on file herein, JOHNSON answers that to the extent that these documents even exists, the documents speak for themselves. JOHNSON further answers that he is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

    41.    Answering the allegations contained in Paragraph 52 of the Complaint on file

herein, JOHNSON was not given the opportunity to examine GARDNER as to his testimony nor was JOHNSON part of the discussion between GARDNER and FRENCH so JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

42. Answering the allegations contained in Paragraph 53 of the Complaint on file herein, JOHNSON objects to the allegation as it does not state a time period when "defendants continued lending at the same pace as before." Without waiving said objection, JOHNSON denies the allegations contained therein.

43. Answering Paragraph "E" between Paragraph 53 and 54 of the Complaint on file herein, JOHNSON is unsure if this constitutes a formal allegation requiring an admission or a denial but to the extent Plaintiff intended it it to constitute an allegation, JOHNSON denies the allegation contained therein.

44. Answering the allegations contained in Paragraph 54 of the Complaint on file herein, JOHNSON Admits that the Bank was given a CAMELS 2 rating at all of its examinations and except as specifically admitted JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

45. Answering the allegations contained in Paragraph 55 of the Complaint on file herein, JOHNSON admits that the Bank was examined in 2006, 2007 and 2008 and that during the 2006 and 2007 examination the Bank was given a CAMELS rating of "2". JOHNSON further answers that as it pertains to the remainder of the allegations contained in Paragraph 55, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

46. Answering the allegations contained in Paragraphs 56, 57, 58, and 59 of the Complaint on file herein, JOHNSON admits that the examiners stated the asset quality and capital adequacy were satisfactory and that some concerns were raised in general over loans but except as specifically admitted, JOHNSON denies the remainder of the allegations contained therein.

47. Answering the allegations contained in Paragraph 60 of the Complaint on file herein JOHNSON admits the allegations as it pertains to what his statements were regarding what the

1 Board and management planned to do. Further answering Paragraph 60 of the Complaint on file
2 herein JOHNSON is without knowledge or information sufficient to form a belief as to the
3 allegations regarding the examiner's concerns and therefore denies them.

4     48.    Answering the allegations contained in Paragraph 61 of the Complaint on file herein
5 JOHNSON admits the allegations contained therein.

6     49.    Answering the allegations contained in Paragraph 62 of the Complaint on file
7 herein, JOHNSON admits that there was an examination of the Bank performed as of March 31,
8 2007 with a formal report issued on May 14, 2007 which document speaks for itself. JOHNSON
9 further admits that while there may have been some concerns the report still gave the Bank a
10 composite CAMELS rating of "2". Further answering the allegations contained in Paragraph 62,
11 JOHNSON answers that the levels had come down from the previous year and that Tom Russell
12 and Kirk Viau were given the specific assignment to address the concerns raised by the examiners.
13 Except as specifically admitted JOHNSON is without knowledge or information sufficient to form
14 a belief as to the allegations contained therein and therefore, denies them.

15     50.    Answering the allegations contained in Paragraph 63 of the Complaint on file
16 herein, JOHNSON admits that there was an examination of the Bank performed as of March 31,
17 2008 with a formal report issued on June 9, 2008 which document speaks for itself. JOHNSON
18 further admits that there were increased problems loans due to FDIC newly implemented "Mark to
19 market" accounting procedures and and except as specifically admitted JOHNSON denies the rest
20 of the allegations contained therein.

21     51.    Answering the allegations contained in Paragraph 64 of the Complaint on file
22 herein, the document speaks for itself and except as specifically admitted JOHNSON denies the
23 allegations contained therein.

24     52.    Answering the allegations contained in Paragraph 65 of the Complaint on file
25 herein, JOHNSON admits that there were problems regarding the administration of construction
26 loans that when discovered were addressed and the persons responsible were terminated and except
27 as specifically admitted JOHNSON is without knowledge or information sufficient to form a belief
28 as to the allegations contained therein and therefore, denies them.

53. Answering the allegations contained in Paragraph 66 of the Complaint on file herein, the document speaks for itself and except as specifically admitted JOHNSON denies the allegations contained therein.

54. Answering the allegations contained in Paragraph 67 of the Complaint on file herein, JOHNSON admits that the document speaks for itself and except as specifically admitted JOHNSON denies the remainder of the allegations contained therein.

55. Answering the allegations contained in Paragraph 68 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

56. Answering the allegations contained in Paragraph 69 of the Complaint on file herein, JOHNSON objects to the allegations as they are speculative and conclusory. Without waiving said objection, JOHNSON admits that there was a significant and unprecedented real estate market decline which was not caused by the Bank and except as specifically admitted, JOHNSON denies the allegations contained therein.

57. Answering the allegations contained in Paragraph 70 of the Complaint on file herein, the document speaks for itself and JOHNSON denies the allegations contained herein.

58. Answering the allegations contained in Paragraph 71 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

59. Answering the allegations contained in Paragraph 72 of the Complaint on file herein, JOHNSON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

60. Answering the allegations contained in Paragraph 73 of the Complaint on file herein, JOHNSON admits that the Bank was responsive to market issues and ordered new appraisals and except as specifically admitted, JOHNSON denies the remainder of the allegations contained therein.

61. Answering the allegations contained in Paragraph 74 of the Complaint on file herein, the allegations call for a legal conclusion and thus no admission or denial is necessary but to the extent one is JOHNSON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

62. Answering the allegations contained in Paragraph 75 of the Complaint on file herein, JOHNSON denies that he did not act appropriately in performing his duties and denies that he did not establish adequate practices or address any deficiencies or weaknesses that were brought to his attention.

63. Answering the allegations contained in Paragraph 76 of the Complaint on file herein, JOHNSON admits that the Bank was closed by the Nevada Financial Institution Division that the FDIC was appointed as Receiver and except as specifically admitted denies the remainder of the allegations contained therein.

64. Answering the allegations contained in Paragraph 77 of the Complaint on file herein, JOHNSON objects to the extent that the allegations are not specific as to a certain Defendant, the documents speaks for itself and the allegation calls for a legal conclusion. Without waiving said objection, JOHNSON denies that he ignored policies that were in place.

65. Answering the allegations contained in Paragraphs 78 and 79 of the Complaint on file herein, the Loan Manual is a document that speaks for itself, JOHNSON denies that the Loan Manual was inadequate and further answers that the FDIC had access and reviewed the loan policies each year and the Bank made any changes that were suggested or recommended by the FDIC.

66. Answering the allegations contained in Paragraph 80 of the Complaint on file herein, JOHNSON admits FRENCH was paid commission which the FDIC approved and except as specifically admitted JOHNSON denies the remainder of the allegations contained therein.

67. Answering the allegations contained in Paragraph 81 of the Complaint on file herein, JOHNSON admits that the Loan Manual speaks for itself. JOHNSON further answers that appraisals were required to be completed when the loan was submitted for approval. A copy of the appraisal was to be sent to Credit approval and it was Credit Approval's responsibility to review the appraisal and ensure that it met the required guidelines and the Appraisal Department would review the appraisal for regulatory compliance. JOHNSON is without knowledge as to whether certain loan presentation packets did not contain copies of appraisals and therefore denies the same and further denies that he ever consented to, approved of or allowed the packets to not contain all of the required information.

68. Answering the allegations contained in Paragraph 82 of the Complaint on file herein, the Bank's Real Estate Lending Policy, Part 323 of FDIC Rules and Regulations, FIRREA and USPAP speak for themselves. Further answering Paragraph 82, JOHNSON admits that all loans were to use the voucher control system unless originally addressed in the original loan write-up that they would not. JOHNSON denies that he ever consented to, authorized or allowed any non-compliance with any of the rules and policies governing construction loan disbursements, progress payments or appraisals.

69. Answering the allegations contained in Paragraph 83 of the Complaint on file herein, JOHNSON admits the allegations contained therein.

70. Answering the allegations contained in Paragraphs 84, 85, 86, 87, and 88 of the Complaint on file herein, JOHNSON admits that Bank's Real Estate Lending Policy, Part 323 of FDIC Rules and Regulations, FIRREA and USPAP speak for themselves and except as specifically admitted, JOHNSON denies the allegations contained therein.

71. Answering the allegations contained in Paragraph 89 and 90 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

72. Answering the allegations contained in Paragraph 91 of the Complaint on file herein, JOHNSON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

73. Answering the allegations contained in Paragraph 92 of the Complaint on file herein, JOHNSON denies that he violated any duty owed to the bank in the origination, recommendation or approval of the loans contained in the allegations and further denies the deficiency descriptions as contained in the allegations.

74. Answering the allegations contained in Paragraph 93 of the Complaint on file herein, this does not appear to be an allegation and is not capable of being answered but to the extent a response is required JOHNSON denies this Paragraph 93.

75. Answering the allegations contained in Paragraphs 94 through 103 of the Complaint on file herein, Part 323 of FDIC Rules and Regulations, FIRREA and USPAP and the Bank's 2005 Loan Policy all speak for themselves and thus no admission or denial is required but to the extent

one is, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

76. Answering the allegations contained in Paragraph 104 of the Complaint on file herein, the allegations do not pertain to JOHNSON and thus JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

77. Answering the allegations contained in Paragraph 105 of the Complaint on file herein, Part 323 of FDIC Rules and Regulations, FIRREA and USPAP and the Bank's 2005 Loan Policy all speak for themselves and thus no admission or denial is required but to the extent one is, JOHNSON admits the allegations contained therein.

78. Answering the allegations contained in Paragraph 106 of the Complaint on file herein, herein, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

79. Answering the allegations contained in Paragraph 107 of the Complaint on file herein, the USPAP's Statement of Appraisal Standards speaks for itself and JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

80. Answering the allegations contained in Paragraphs 108 through 204 of the Complaint on file herein, Part 323 of FDIC Rules and Regulations, FIRREA and USPAP and the Bank's 2005 Loan Policy, the Bank's Code of Ethics and the Bank's Conflict of Interest Policy all speak for themselves. Further answering Paragraphs 107 through 204, JOHNSON admits that FRENCH was paid a $48,000.00 commission on the Speedway Loan. Further answering Paragraphs 108 through 204, JOHNSON specifically denies that he approved of, consented to, or authorized any of the acts alleged to have been performed by FRENCH in Paragraphs 108 through 204 which is further supported by the FDIC's own allegations that FRENCH never disclosed material loan information to the Senior Loan Committee and JOHNSON. Except as specifically admitted or denied above, JOHNSON is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraphs 108 through 204 and therefore, denies

1 them.

2   81.  Answering the allegations contained in Paragraph 205 through 247 of the Complaint on file herein, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore denies them.

## VI. CLAIMS FOR RELIEF

**Conduct violating the Claims below for Gross Negligence and Breach of Fiduciary Duty**

82.  Answering the allegations contained in Paragraph 248 of the Complaint on file herein, JOHNSON repeats and reasserts each Answers to Paragraphs 1 through 247 of the Complaint on file herein as if fully restated herein. Further answering Paragraph 248 of the Complaint on file herein, JOHNSON objects to the allegations in that they do not delineate which Defendant is being identified and they make conclusory nonfactual assertions. Without waiving said objection, if the allegations pertain to JOHNSON, JOHNSON Denies the allegations contained therein.

### *French*

83.  Answering the allegations contained in Paragraphs 249 through 254 the allegations do not pertain to JOHNSON and thus no admission or denial is required but to the extent one is, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

### *Johnson*

84.  Answering the allegations contained in Paragraphs 255 through 261 of the Complaint on file herein, JOHNSON denies the allegations contained therein.

### *Kirby*

85.  Answering the allegations contained in Paragraphs 262 through 265 the allegations do not pertain to JOHNSON and thus no admission or denial is required but to the extent one is, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

### *Gardner*

86.  Answering the allegations contained in Paragraphs 266 through 268 the

allegations do not pertain to JOHNSON and thus no admission or denial is required but to the extent one is, JOHNSON is without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore, denies them.

### Claim for Gross Negligence (Nevada law and 12 U.S.C. §1821(k))

87. Answering the allegations contained in Paragraph 269 of the Complaint on file herein, JOHNSON repeats and reasserts each Answer to Paragraphs 1 through 268 of the Complaint on file herein as if fully restated herein. Further answering Paragraph 269 of the Complaint on file herein, the allegation calls for a legal conclusion and thus no admission or denial is required but to the extent one is JOHNSON admits that the statute speaks for itself and denies the remainder of the allegations contained therein.

88. Answering the allegations contained in Paragraphs 270 through 271 of the Complaint on file herein, JOHNSON objects to the extent that the defendants are not individually delineated and thus JOHNSON does not know whether the allegations pertain to him. Without waiving said objection, if the allegations are intended to pertain to him JOHNSON denies the allegations contained therein.

### Count Two

### Claim for Breach of Fiduciary Duties

89. Answering the allegations contained in Paragraph 272 of the Complaint on file herein, JOHNSON repeats and reasserts each Answer to Paragraphs 1 through 271 of the Complaint on file herein as if fully restated herein.

90. Answering the allegations contained in Paragraphs 273 through 274 of the Complaint on file herein JOHNSON admits that he owed a fiduciary duty to the Bank and except as specifically admitted JOHNSON denies the remainder of the allegations contained therein.

///
///
///
///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred because the Complaint and each and every purported claim for relief alleged therein, fails to allege sufficient facts to state a claim upon which relief can be granted against Defendant JOHNSON.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part because at no time did JOHNSON act grossly negligent or breach his fiduciary duties.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the business judgment rule that insulates JOHNSON's good faith conduct from liability.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because no act or omission by JOHNSON was the cause in fact or the proximate cause of any damage alleged by Plaintiff.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages, if any, were the result of one or more intervening or superseding causes not within Defendant Johnson's control.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages were caused by the act or failure to act of persons other than JOHNSON, and were not the result of any act or omission by JOHNSON.

### Seventh Affirmative Defense

The damages, if any, suffered by Plaintiff, were caused in whole or in part by their own actions and/or omissions.

### Eighth Affirmative Defense

JOHNSON's liability if any is limited based on the FDIC's failure to mitigate damages.

### Ninth Affirmative Defense

Without admitting that Plaintiff suffered damages in any amount, or that any other Defendant, person or entity is or should be liable for any such damages, JOHNSON's liability, if any should be reduced under the doctrine of comparative negligence.

### Tenth Affirmative Defense

This action is barred in whole or in part because JOHNSON reasonably relied on information, opinions, reports and statements presented by Silver State Bank Officers and employees whom JOHNSON actually and reasonably believed to be reliable and competent in matters presented.

### Eleventh Affirmative Defense

This action is barred in whole or in part because JOHNSON after reasonable investigation had reasonable grounds to believe that the loans were properly underwritten and that there were no major issues with the loans.

### Twelfth Affirmative Defense

This action is barred in whole or in part because JOHNSON reasonably relied on information, opinions, reports and statements presented by professionals whom JOHNSON reasonably believed to be competent in the matters presented.

### Thirteenth Affirmative Defense

This action is barred in whole or in part because all of the factual allegations pertaining to JOHNSON concern actions that were previously approved and ratified by the Plaintiff.

### Fourteenth Affirmative Defense

This action is barred in whole or in part because the damages are speculative

### Fifteenth Affirmative Defense

The actions or omissions of French, Gardner and Kirby as employees of Silver State Bank were outside the scope of their employment.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel

### Seventeenth Affirmative Defense

Plaintiff failed to name parties necessary or essential to this action

### Eighteenth Affirmative Defense

By virtue of Plaintiff's careless, negligent or other wrongful conduct, Plaintiff's claims should be barred under the doctrine of unclean hands

### Nineteenth Affirmative Defense

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer, and therefore, JOHNSON reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, JOHNSON prays as follows:

1. That Plaintiff take nothing by way of its Complaint on file herein and that the same be dismissed
2. For an award of Defendants' reasonable attorney's fees and costs; and
3. For such other and further relief as the Court may deem just and proper for having to defend this action.

Dated this 25th day of May, 2012

JOHN R. MCMILLAN, ESQ.
Nevada Bar No. 0925
jrm@flangasmcmillan.com
GUS W. FLANGAS, ESQ.,
Nevada Bar No. 4989
gwf@flangasmcmillan.com
JESSICA K. PETERSON, ESQ.
Nevada Bar No. 10670
jkp@flangasmcmillan.com
**FLANGAS MCMILLAN LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (702) 307-9500
Facsimile: (702) 382-9452
*Attorneys for Defendant Corey L. Johnson*