1  ALLEN D. EMMEL
   Nevada Bar No. 3403
2  EMMEL & KLEGERMAN PC
   5586 South Fort Apache Road
3  Suite 110
   Las Vegas, Nevada  89148
4  Telephone:     (702) 476-1000
   Fax:            (702) 722-6185
5  aemmel@ekcounsel.com

6  *Attorneys for Defendant Gary A. Gardner*

7
                    UNITED STATES DISTRICT COURT
8
                        DISTRICT OF NEVADA
9
   FEDERAL DEPOSIT INSURANCE          CASE NO. 2:12-CV-209
10 CORPORATION, AS RECEIVER OF
   SILVER STATE BANK
11
                 Plaintiffs,          **DEFENDANT GARY GARDNER'S**
12 vs.                                **ANSWER TO PLAINTIFF'S**
                                      **COMPLAINT**
13 COREY L. JOHNSON; DOUGLAS E.
   FRENCH; GARY A. GARDNER; and
14 TIMOTHY S. KIRBY,

15               Defendants.

16      Defendant Gary A. Gardner ("Gardner"), by and through the undersigned counsel of

17 record,  answers Plaintiff's Complaint, stating and alleging as follows:

18                          **GENERAL DENIAL**

19      Gardner denies any allegation contained in the heading used in the Complaint.  To the

20 extent any heading in Plaintiff's Complaint is repeated in this Answer, it is for ease of reference

21 only and should not be construed as an admission to the truth of any matter stated in the heading.

22 Gardner generally denies each and every allegation of Plaintiff's Complaint, whether express or

23 implied, except as specifically admitted or qualified in his Answer below.

24 //

## I.      JURISDICTION AND VENUE

1.      Gardner admits the allegations contained in Paragraph 1, but denies that the FDIC has any basis for claims against him.

2.      Gardner admits that venue is proper pursuant to 28 U.S.C. §1391(b), but denies that the FDIC has any basis for claims against him.

## II.      THE PLAINTIFF

3.      Gardner admits the allegations contained in Paragraph 3.

4.      The allegations in Paragraph 4 of the Complaint purport to set forth a history of Silver State Bank (the "Bank") to which no response is required.  To the extent a response is required, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      Gardner admits that the Bank was closed by the B\Nevada Financial Institutions Division and the FDIC was appointed receiver but is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

## III.      THE DEFENDANTS

6.      Gardner admits that Corey L. Johnson ("Johnson") acted as the Bank's Chief Executive Officer, and Chairman of the Senior Loan Committee, but is without information sufficient to form a belief as to the precise dates Johnson acted in such capacities or as to the remaining allegations contained in Paragraph 6 and therefore denies the same.

7.      Gardner admits that Douglas E. French ("French") acted as the Bank's Executive Vice President and was a member of the Senior Loan Committee, but is without information sufficient to form a belief as to the precise dates French acted in such capacities or as to the remaining allegations contained in Paragraph 7 and therefore denies the same.

8.      Gardner admits the allegations contained in Paragraph 8.

9.     Gardner admits that Timothy S. Kirby ("Kirby") acted as an Assistant Vice President, Vice President and loan officer, but is without information sufficient to form a belief as to the precise dates he acted in such capacities or as to the remaining allegations contained in Paragraph 9 and therefore denies the same.

## IV.     NATURE OF THE SUIT

10.     Gardner admits that Johnson was a member of the Board of Directors, but denies the remaining allegations contained in Paragraph 10.

11.     Gardner denies the allegations contained in Paragraph 11.

## V. FACTUAL BACKGROUND

### A.     Silver State's Background and Growth in Risky Lending Practices

12.     Gardner admits that Silver State was a state-chartered bank owned by Silver State Bancorp but is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 12, and therefore denies the same.

13.     Gardner admits that the holding company acquired Choice Bank but is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 13, and therefore denies the same.

14.     Gardner states that the Call Report referred to speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 14, and therefore denies the same.

15.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 15, and therefore neither admits nor denies the same.

//

//

16.     Gardner is informed and believes that Silver State's ADC loans increased during the period of his employment, but is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 16, and therefore denies the same.

17.     Gardner admits that French was in charge of the ADC lending program but is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 17, and therefore denies the same.

18.     Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 18, and therefore denies the same.

19.     Gardner admits that in addition to regular salary, loan officers earned a commission on the Bank's fee income on loans they originated and that he earned 10 percent of such income on loans he originated; is without sufficient information to form a belief as to the meaning the FDIC assigns to "substantial" and therefore denies the same; and is without information or belief sufficient to for a belief of the remaining allegation contained in Paragraph 19 and therefore denies the same.

20.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 20, and therefore denies the same.

21.     Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 21, and therefore denies the same.

22.     Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 22, and therefore denies the same.

23     Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 23, and therefore denies the same.

24.     Gardner denies the allegations contained in Paragraph 24.

//

25.     Gardner states that the UBPR referred to speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 25, and therefore denies the same.

26.     Gardner states that the UBPR referred to speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; to the extent this Paragraph 26 contains allegations against Gardner he denies the same.; and is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 26 and therefore denies the same.

27.     Gardner states that the UBPR referred to speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; to the extent this Paragraph 27 contains allegations against Gardner he denies the same.; and is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 27 and therefore denies the same..

**B.      Johnson and French dominated the management of the Bank; led the charge for increased speculative ADC lending; and limited the enactment of policies governing loan officers' abilities to administer such loans.**

28.     Gardner states that given the narrative and subjective nature of Paragraph 28, no answer is necessary.   To the extent an answer is required, Gardner denies the FDIC's characterization regarding internal controls and weaknesses in the loan department; is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 28 and therefore denies the same.

29.     Gardner states that given the narrative and subjective nature of Paragraph 29, no answer is necessary.   To the extent an answer is required, Gardner is without information

sufficient to form a belief as to the allegations regarding French and Johnson; and denies the remaining allegations contained in Paragraph 29.

30.     Gardner denies the allegations contained in Paragraph 30.

31.     Gardner admits that total loans increased in 2006 and 2007 but is without information sufficient to form a belief as to the amounts; admits that he, French and Kirby originated land, development and construction loans; and denies the remaining allegations contained in Paragraph 31.

32.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 32, and therefore denies the same.

33.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 33, and therefore denies the same.

34.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 34, and therefore denies the same.

35.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 35, and therefore denies the same.

**C.     Kirby and Gardner Joined Forces with Johnson and French to increase the Bank's ADC Loan Portfolio.**

36.     Gardner admits that he and was hired as a loan officer by French and that he managed a loan portfolio in excess of $200 million under French's supervision; and denies the remaining allegations contained in Paragraph 36.

37.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 37, and therefore neither denies the same.

38.     Gardner admits that he had prior experience as a loan officer but denies the remaining allegations contained in Paragraph 38.

39.     Gardner denies the allegations contained in Paragraph 39.

**D.     French Predicted the Decline Yet Defendants continued Lending to Developers.**

40.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 40, and therefore denies the same.

41.     Gardner denies the allegations contained in Paragraph 41.

42      Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 42, and therefore denies the same.

43.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 43, and therefore denies the same.

44.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 44, and therefore denies the same.

45.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 45, and therefore denies the same.

46.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 46, and therefore denies the same.

47.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 47, and therefore denies the same.

48.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 48, and therefore denies the same.

49.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 49, and therefore denies the same.

50.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 50, and therefore denies the same.

51.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 51, and therefore denies the same.

52.     Gardner admits that he testified that there was a downturn in the Las Vegas residential real estate market and that he discussed the downturn with French;  states that his sworn statement speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said statement; and denies the remaining allegations contained in Paragraph 52.

53.     Gardner admits that he discussed a downturn in the Las Vegas residential real estate market with French but denies the remaining allegations contained in Paragraph 53.

**E.     Bank Examiners also Warned Defendants Repeatedly of the Risks Involved in Defendants' Loan Strategy**

54.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 54, and therefore denies the same.

55.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 55, and therefore denies the same.

56.     Gardner states that the Call Report referred to speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

57.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 57, and therefore denies the same.

58.     Gardner states that the formal report referred to in Paragraph 58 speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

//

59. Gardner states that to the extent Paragraph 59 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 59, and therefore denies the same.

60. Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 60, and therefore denies the same.

61. Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 61, and therefore denies the same.

62. Gardner states that the formal report referred to in Paragraph 62 speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

63. Gardner states that the formal report referred to in Paragraph 63 speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

64. Gardner states that the Report of Examination referred to in Paragraph 64 speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

65. Gardner states that the report referred to in Paragraph 65 speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and denies the allegations set forth in the last sentence of Paragraph 65.

66. Gardner states that to the extent Paragraph 66 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; Gardner is without information sufficient to

form a belief as to the remaining allegations contained in Paragraph 59, and therefore denies the same.

67.     Gardner states that to the extent Paragraph 67 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 67, and therefore denies the same.

68.     Gardner states that to the extent Paragraph 68 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 68, and therefore denies the same.

69.     Gardner states that given the narrative and subjective nature of Paragraph 69, no answer is necessary.  To the extent an answer is required, Gardner states that to the extent Paragraph 69 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the allegations contained in Paragraph 69, and therefore denies the same.

70.     Gardner states that to the extent Paragraph 70 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; Gardner is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 70, and therefore denies the same.

//

71.     Gardner states that given the narrative and subjective nature of Paragraph 69, no answer is necessary.  To the extent an answer is required, Gardner states that to the extent Paragraph 68 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document;; and is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 71, and therefore denies the same.

72.     Gardner states that to the extent Paragraph 70 refers to a report by examiners, such report speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and therefore denies the same.

73.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and therefore denies the same.

74      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and therefore denies the same.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

75.     Gardner is without information sufficient to form a belief as to the allegations contained in Paragraph 75, and therefore denies the same.

76.     Gardner admits that the Bank was closed by the Nevada Financial Institutions Division and that the FDIC was appointed as Receiver but denies the remaining allegation contained therein.

77.     Gardner states that the Bank's Code of Ethics speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and denies the remaining allegations contained in Paragraph 77.

78.     Gardner states that the Loan Manual speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and denies the remaining allegations contained in Paragraph 78.

79.     Gardner states that the Loan Manual speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and denies the remaining allegations contained in Paragraph 79.

80.     Gardner states that the Loan Manual speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 and therefore denies the same.

81.     Gardner states that the Banks policies speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; admits the allegations contained in the second sentence of Paragraph 81; and denies the remaining allegations contained in Paragraph 81.

82.     Gardner states that the Bank's Real Estate Lending Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

83.     Gardner states that the Bank's Real Estate Lending Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

84.     Gardner denies the allegations contained in Paragraph 84.   Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

//

### G.    The Loss Transactions

85.    Gardner denies the allegations contained in Paragraph 85.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

86.    Gardner denies the allegations contained in Paragraph 86.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

87.    Gardner denies the allegations contained in Paragraph 87.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

88.    Gardner denies the allegations contained in Paragraph 88.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

89.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and therefore denies the same.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

90.    Gardner denies the allegations that he was advancing loan funds without progress inspections; and is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 90 and therefore denies the same.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to loans in his portfolio.

91.    Gardner is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 91 and therefore denies the same.

92.     Gardner admits that the Bank made the Silver Dollar and Desert Mesa loans; is informed and believes that the Bank made the other loans identified in the chart; and denies the remaining allegation contained therein.   Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the Silver Dollar and Desert Mesa loan identified on the chart.

93.     Gardner denies the allegations contained in Paragraph 93.

**H.     Happy Valley 160, L.L.C.**

94.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94, and therefore denies the same.

95.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and therefore denies the same.

96.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and therefore denies the same.

97.     Gardner states that the Bank's Real Estate Lending Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

98.     Gardner states that the Statement of Appraisal Standards, regulations and guidelines referred to speak for themselves; and is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore denies the same.

99.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and therefore denies the same.

100.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and therefore denies the same.

//

101.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, and therefore denies the same.

102.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102, and therefore denies the same.

103.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and therefore denies the same.

**I.      RED VISTAS, LLC**

**1.      Red Vistas 1**

104.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and therefore denies the same.

105.     Gardner states that the Bank's 2005 Loan Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document.

106.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and therefore denies the same.

107.     Gardner states that the Statement of Appraisal Standards referred speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107, and therefore denies the same.

108.     Gardner states that the USPAP and Financial Institution Letter referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108, and therefore denies the same.

//

109.    Gardner states that the regulations and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and therefore denies the same.

110.    Gardner states that the Statement of Appraisal Standards, regulations and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, and therefore denies the same.

111.    Gardner states that the Bank's Loan Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111, and therefore denies the same.

112.    Gardner states that the Bank's Loan Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112, and therefore denies the same.

113.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113, and therefore denies the same.

114.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114, and therefore denies the same.

115.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, and therefore denies the same.

//

116.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, and therefore denies the same.

117.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, and therefore denies the same.

118.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, and therefore denies the same.

119.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119, and therefore denies the same.

120.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, and therefore denies the same.

## 2.    Red Vistas 2

121.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, and therefore denies the same.

122.    Gardner states that the Bank's Loan Policy, USPAP, and FIL-90 speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122, and therefore denies the same.

123.    Gardner states that the regulations and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123, and therefore denies the same.

124.    Gardner states that the regulations and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize

//

said document and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 124, and therefore denies the same.

125.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and therefore denies the same.

126.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and therefore denies the same.

127.    Gardner states that the regulations referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127, and therefore denies the same.

128.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and therefore denies the same.

129.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and therefore denies the same.

130.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and therefore denies the same.

131.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131, and therefore denies the same.

132.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and therefore denies the same.

133.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and therefore denies the same.

134.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and therefore denies the same.

135.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and therefore denies the same.

136.    Paragraph 136 states legal conclusions and opinions to which a response is not required.  To the extent a response is required Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and therefore denies the same.

137.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and therefore denies the same.

**J.      MAZMEL, LLC**

      **1.      <u>Mazmel 1</u>**

138.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and therefore denies the same.

139.    Gardner states that the USPAP, and FIL-90 speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 139, and therefore neither denies the same.

140.    Gardner states that the regulations referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 140, and therefore neither denies the same.

141.    Gardner states that the Bank's Loan Policy and the regulations and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 141, and therefore denies the same.

142.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and therefore denies the same.

143.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, and therefore denies the same.

144.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144, and therefore denies the same.

145.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145, and therefore denies the same.

146.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, and therefore denies the same.

147.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, and therefore denies the same.

148.    Paragraph 148 states legal conclusions and opinions to which a response is not required.  To the extent a response is required Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, and therefore denies the same.

### 2.    Mamzel 2

149.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149, and therefore denies the same.

150.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, and therefore denies the same.

151.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, and therefore denies the same.

152.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152, and therefore denies the same.

153.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153, and therefore denies the same.

154.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154, and therefore denies the same.

155.     Paragraph 155 states legal conclusions and opinions to which a response is not required.  To the extent a response is required Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and therefore denies the same.

### 3.     Mamzel 3

156.     Gardner states that the USPAP and FIL-90 referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 156, and therefore denies the same.

157.     Gardner states that the regulations and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157, and therefore denies the same.

158.     Gardner states that the USPAP and FIL-90 referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said documents; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 158, and therefore denies the same.

159.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph159, and therefore denies the same.

160.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160, and therefore denies the same.

161.   Gardner states that the Bank's Loan Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161, and therefore denies the same.

162.   Gardner states that the Bank's Loan Policy and the rules and regulations referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162, and therefore denies the same.

163.   Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and therefore denies the same.

164.   Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and therefore denies the same.

165.   Gardner states that USPAP speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said document; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165, and therefore denies the same.

166.   Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, and therefore denies the same.

167.   Gardner states that the Bank's Loan Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167, and therefore denies the same.

//

168.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and therefore denies the same.

169.     Paragraph 169 states legal conclusions and opinions to which a response is not required.  To the extent a response is required Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, and therefore denies the same.

170.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170, and therefore denies the same.

**K.     SANTA FE VILLAS, LLC**

171.     Gardner states that the Bank's Loan Policy, regulations, and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 171, and therefore denies the same.

172.     Gardner states that the Bank's Loan Policy, regulations, and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 172, and therefore denies the same.

173.     Gardner states that the regulations, and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 173, and therefore denies the same.

174.     Gardner states that the regulations, and guidelines referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 174, and therefore denies the same.

175.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175, and therefore denies the same.

176.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176, and therefore denies the same.

177.    Gardner states that the Bank's Loan Policy speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177, and therefore denies the same.

178.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178, and therefore denies the same.

179.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179, and therefore denies the same.

180.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180, and therefore denies the same.

181.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, and therefore denies the same.

182.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, and therefore denies the same.

183.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183, and therefore denies the same.

184.    Paragraph 184 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184, and therefore denies the same.

185.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, and therefore denies the same.

**L.     Speedway Hospitality Development II, LLC**

186.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and therefore denies the same.

187.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187, and therefore denies the same.

188.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 and therefore denies the same.

189.     Paragraph 189 states legal conclusion and opinions to which no response is required.  To the extent a response is required, Gardner states that USPAP speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 189, and therefore denies the same.

190.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190, and therefore denies the same.

191.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191, and therefore denies the same.

192.     Paragraph 192 states legal conclusion and opinions to which no response is required.  To the extent a response is required, Gardner states that rules and regulations referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 193, and therefore denies the same.

193.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, and therefore denies the same.

194.    Gardner states that the Bank's Loan Policy and Code of Ethics/Conflict of Interest Policy to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 194, and therefore denies the same.

195.    Gardner states that the Bank's Loan Policy, USPAP, and the rule and regulations referred to speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language; and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 195, and therefore denies the same.

196.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, and therefore denies the same.

197.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197, and therefore denies the same.

198.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198, and therefore denies the same.

199.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, and therefore denies the same.

200.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200, and therefore denies the same.

201.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, and therefore denies the same.

202.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202, and therefore denies the same.

203.     Paragraph 203 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203, and therefore denies the same.

204.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204, and therefore denies the same.

**M.     Tangelo Avenue, LLC**

205.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205, and therefore denies the same.

206.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206, and therefore denies the same.

207.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207, and therefore denies the same.

208.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208, and therefore denies the same.

209.     Paragraph 209 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209, and therefore denies the same.

210.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, and therefore denies the same.

### N.      Mineral Creek, LLC

211.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211, and therefore denies the same.

212.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212, and therefore denies the same.

213.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, and therefore denies the same.

214.      Paragraph 214 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214, and therefore denies the same.

215.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215, and therefore denies the same.

### O.      Carefree Equestrian

216.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216, and therefore denies the same.

217.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217, and therefore denies the same.

218.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218, and therefore denies the same.

219.      Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219, and therefore denies the same.

220.      Paragraph 220 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner is without information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 220, and therefore denies the same.

221.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221, and therefore denies the same.

**P.    Silver Dollar Land Company, LLC**

222.    Gardner admits the Silver dollar loans consisted of two separate loans originated and recommended by him; states that the loans were approved by the Bank's loan committee and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 222.

223.    Gardner admits the allegations contained in Paragraph 223.

224.    Gardner denies the allegations contained in Paragraph 224.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

225.    Gardner admits the allegations contained in Paragraph 225 and states that the loans were collateralized by the 15 home and three models home to be built on addition to the land.

226.    Gardner admits that the development work was never finished nor were the houses completed; states that his testimony speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to characterize or summarize said testimony; and denies the remaining allegations contained in Paragraph 226.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

227.    Gardner admits he requested approval based on a July 31, 2006 appraisal performed for a different bank, states that the appraisal speaks for itself and denies all allegations

or inferences to the extent that they inaccurately attempt to summarize language of said appraisal; states that the loan was approved by the Bank's loan committee; is informed and believes the loan was approved by French and Johnson; and denies the remaining allegations contained in Paragraph 227. Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

228.    Gardner denies the allegations contained in Paragraph 228.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

229.    Gardner denies the allegations contained in Paragraph 229.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

230.    Gardner admits that no development or vertical construction was done in relation to the reference loans; states that the appraisal and the transcript of his sworn testimony speak for themselves and denies all allegations or inferences to the extent that they inaccurately attempt to summarize contents of said appraisal or the testimony; and denies the remaining allegations contained in Paragraph 230.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

231.    Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231, and therefore denies the same.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

//

232.     Paragraph 232 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner denies the same.

233.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233, and therefore denies the same.

**Q.     Desert Mesa I, LLC**

234.     Gardner admits the allegations contained in Paragraph 234.

235.     Gardner admits the allegations contained in Paragraph 235.

236.     Gardner denies the allegation contained in Paragraph 236.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

237.     Gardner denies the allegations contained in Paragraph 237.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

238.     Gardner states that the appraisal referred to in Paragraph 238 speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize contents of said appraisal or the transcript of his testimony; and denies the remaining allegations contained in Paragraph 238.

239.     Paragraph 239 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner denies the same.  Gardner further states that at all times he reasonably relied on bank management, acted in good faith and reasonably exercised sound business judgment with regard to the referenced loans.

240.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240, and therefore denies the same.

//

**R.      Robindale Villas and Associated loans**

241.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241, and therefore denies the same.

242.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242, and therefore denies the same.

243.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243, and therefore denies the same.

244.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244, and therefore denies the same.

245.     Paragraph 239 states legal conclusions and opinions to which a response is not required.  To the extent a response is required, Gardner denies the same.

246.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246, and therefore denies the same.

247.     Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247, and therefore denies the same.

**VI.      CLAIMS FOR RELIEF**

**Conduct violating the Claims below for Gross Negligence and Breach of Fiduciary Duty**

248.     Gardner repeats and incorporates by reference each of his answers to Paragraphs 3-247 of the Complaint as though fully set forth herein; and denies the remaining allegations contained in Paragraph 248.

**French**

249.     Paragraph 249 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in Paragraph 249 may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph

contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249, and therefore denies the same.

250.    Paragraph 250 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250, and therefore denies the same.

251.    Paragraph 251 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251, and therefore denies the same.

252.    Paragraph 252 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252, and therefore denies the same.

253.    Paragraph 253 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253, and therefore denies the same.

254.    Paragraph 254 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner,

Gardner denies each and every such allegation against him.   To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 254, and therefore denies the same.

**Johnson**

255.   Paragraph 255 does not state a claim for relief or make any allegation against Gardner.   To the extent any allegation in said paragraph   may be construed against Gardner, Gardner denies each and every such allegation against him.   To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255, and therefore denies the same.

256.   Paragraph 256 does not state a claim for relief or make any allegation against Gardner.   To the extent any allegation in said paragraph   may be construed against Gardner, Gardner denies each and every such allegation against him.   To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256, and therefore denies the same.

257.   Paragraph 257 does not state a claim for relief or make any allegation against Gardner.   To the extent any allegation in said paragraph   may be construed against Gardner, Gardner denies each and every such allegation against him.   To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 257, and therefore denies the same.

258.   Paragraph 258 does not state a claim for relief or make any allegation against Gardner.   To the extent any allegation in said paragraph   may be construed against Gardner, Gardner denies each and every such allegation against him.   To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258, and therefore denies the same.

259.    Paragraph 259 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259, and therefore denies the same.

260.    Paragraph 260 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260, and therefore denies the same.

261.    Paragraph 261 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261, and therefore denies the same.

**Kirby**

262.    Paragraph 262 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262, and therefore denies the same.

263.    Paragraph 263 does not state a claim for relief or make any allegation against Gardner.  To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.  To the extent said paragraph

contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263, and therefore denies the same.

264.   Paragraph 264 does not state a claim for relief or make any allegation against Gardner.   To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.   To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264, and therefore denies the same.

265.   Paragraph 265 does not state a claim for relief or make any allegation against Gardner.   To the extent any allegation in said paragraph  may be construed against Gardner, Gardner denies each and every such allegation against him.   To the extent said paragraph contains allegations relating to other parties, Gardner is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265, and therefore denies the same.

**Gardner**

266.   Gardner denies the allegation contained in Paragraph 266.

267.   Gardner denies the allegation contained in Paragraph 267.

268.   Gardner denies the allegation contained in Paragraph 268.

**Claim for Gross Negligence (Nevada law and 12 U.S.C. §1812(k))**

269.   Gardner repeats and incorporates by reference each of his answers to Paragraphs 3-268 of the Complaint as though fully set forth herein; and denies the remaining allegations contained in Paragraph 269; states that §1821(k) speaks for itself speaks for itself and denies all allegations or inferences to the extent that they inaccurately attempt to summarize said language.

270.   Gardner denies the allegation contained in Paragraph 270.

271.   Gardner denies the allegation contained in Paragraph 271.

//

**Claim for Breach of Fiduciary Duties**

272.    Gardner repeats and incorporates by reference each of his answers to Paragraphs 3-271 of the Complaint as though fully set forth herein.

273.    Gardner denies the allegation contained in Paragraph 273.

274.    Gardner denies the allegation contained in Paragraph 274.

### VII.    JURY DEMAND

275.    Gardner admits that the FDIC demands a trial by jury.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure, neglect, or refusal to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Gardner's reliance on Bank management.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct complained of by Plaintiff was reasonable and justified under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct complained of by Plaintiff constitute a reasonable exercise of business judgment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times Gardner acted with due care.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any and all actions taken by Gardner were taken in good faith.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by third persons over whom Gardner had no control.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Gardner is not liable for the intentional, reckless or grossly negligent actions of any other parties and of any other persons who are not parties to this action.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to name indispensable and/or necessary parties as Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they pertain to events occurring before or after the time when Gardner was an employee of the Bank and to the extent they include any decisions of the Board that Gardner was not involved in.

**TWELVTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the applicable statute of limitations and/or the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Gardner's reasonable reliance on bank examiners.

//

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Gardner's reasonable reliance upon independent, professional or expert advice.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Gardner's reasonable conformity to the business custom and usage of other similar institutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they attribute specific loan committee decisions to Gardner who was not present when said decision was made.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver.

**NINTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged damages were a direct and proximate result of Plaintiff's own conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of superseding and/or intervening causes.

**TWENTYFIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by NRS 78.138.

**TWENTYSECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, in that the institution of this action against Gardner for alleged conduct the government has ignored or sanctioned in institutions deemed

1  "too big to fail" constitutes unequal treatment in violation of Constitutional due process and

2  equal protection.

3          All possible affirmative defenses may not have been alleged herein insofar as insufficient

4  facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and,

5  therefore, Gardner expressly reserves the right to raise additional affirmative defenses based

6  upon information obtained through discovery and based upon the evidence admitted at trial.

7          WHEREFORE, Gardner prays for judgment as follows:

8          1.      That Plaintiff takes nothing by virtue of its Complaint and that the same be

9  dismissed with prejudice;

10         2.      For an award of reasonable attorneys' fees and costs of suit incurred in the defense

11  of this action; and

12         3.      For such other and further relief as this Court may deem just and proper in the

13  premises.

14         DATED this 25th day of May, 2012.

15                                     EMMEL & KLEGERMAN PC

16

17                          BY:    */s/ Allen D.Emmel*
                                   Allen D. Emmel
18                                 Nevada Bar No. 3403
                                   5586 South Fort Apache Road
19                                 Suite 110
                                   Las Vegas, Nevada  89148
20                                 *Attorneys for Defendant Gary A. Gardner*

21

22

23

24

1

### CERTIFICATE OF SERVICE

2          The undersigned certifies that the following and the foregoing was filed with the Court

3 using ECF system on May 25, 2012, which will provide notice and a copy to the following:

4

5

6          David Mullin, Esq.                          John R. McMillan
           Anthony W. Kirkwood, Esq.                    Jessica K. Peterson
7          Mullin Hoard & Brown, L.L.P.                 Flangas McMillan Law Group
           500 South Taylor, Suite 800                  3275 S. Jones Blvd., Suite 105
8          Amarillo, TX 79101                           Las Vegas, NV 89146
           806-372-5050                                 702-307-9500
9          Fax: 806-372-5086                            Fax: 702-382-9452
           dmullin@mhba.com                             jrm@flangasmnmillan.com
10         tkirkwood@mhba.com                           jkp@flangasmcmillan.com

11

           Stanley W. Parry                             Brett A. Axelrod
12         Ballard Spahr LLP                            Fox Rothschild LLP
           100 N. City Parkway, Suite 1750              3800 Howard Hughes Pkwy, Suite 500
13         Las Vegas, NV 89106                          Las Vegas, NV 89169
           702-471-7000                                 702-699-5901
14         Fax: 702-471-7070                            Fax: 702-597-5503
           parrys@ballardspahr.com                      bbaxelrod@foxrothschild.com

15

16         Patrick J. Egan
           Eric E. Reed
17         Fax Rothschild LLP
           2000 Market Street, 20th Floor
18         Philadelphia, PA 19103
           215-299-2000
19         Fax: 215-299-2150
           pegan@foxrothschild.com
20         ereed@foxrothschild.com

21

22
                                          /s/ Allen D. Emmel_____
23

24