# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP.,<br><br>                     Plaintiff,<br><br>vs.<br><br>COREY L. JOHNSON, et al.,<br><br>                     Defendants. | Case No. 2:12-cv-00209-KJD-PAL<br><br>**<u>ORDER</u>** |

      Before the court is the parties' Stipulated Protective Order (Dkt. #60) which the court approved to facilitate discovery in this case. This order reminds counsel that there is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

      With a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. Specifically, they should comply with Local Rule of Civil Procedure 10-5(b) and should file the document under seal, along with a contemporaneous motion to seal. *Id.* Documents filed under seal are not accessible to the public and will remain under seal unless the court denies the motion to seal or otherwise orders the document unsealed.

      The court has approved the parties' blanket protective order to facilitate their discovery exchanges. However, the parties have not shown, and court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by affidavits or

concrete examples to establish that a protective order is required to protect any confidential information or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.

**IT IS ORDERED** that the parties shall comply with the requirements of LR 10-5(b), and the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, with respect to any documents filed under seal.

Dated this 14th day of August, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE