UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCECORPORATION, AS RECEIVER OF SILVER STATE BANK | Case No.: 2:12-CV-209 |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| COREY L. JOHNSON; DOUGLAS E. FRENCH; GARY A. GARDNER; and TIMOTHY S. KIRBY | |
| Defendants. | |

The parties to this litigation (the "Action") contemplate that discovery may require the disclosure of documents and information that are confidential.  The parties therefore stipulate to and request that the Court grant the following proposed Protective Order:

1.      **Scope of Order.**  This Order shall govern Confidential Material, as defined in this Order, which the Parties may produce in response to discovery requests and disclosure obligations in this litigation.

2.      **Definition of Confidential Material.**  For purposes of this Order, "Confidential Material" shall mean certain documents, records, and information that are not publicly available and are composed or stored in written, electronic, digital, or any other medium, provided by the Parties pursuant to this Order, including any information identifying any names, addresses, account information, personal information (such as social security number, date of birth, any other personal identification information, and medical information) recognized by law as, or required to be maintained as, confidential including, without limitation, the following:

**1**

(a)    **Regulatory:**  Confidential Material related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC, the NFID, or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank.  The Parties understand and agree that the release of such regulatory documents may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to anyone other than the Parties, and other persons or entities identified in subparagraphs 5(a)-(g) below without approval by the respective regulatory authority or a court order.  Confidential Material includes documents that are confidential or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the FDIC's regulations governing the disclosure of information, 12 C.F.R. Part 309, the laws of the State of Nevada, or any other applicable federal or state laws.

(b)    **Bank and Bank Customers:** Confidential Material related to the Bank, its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including: Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income

tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower.  Examples of "Confidential Material" include, without limitation, documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship, and loan application materials.

(c)     **Receivership:** Confidential Material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets not publicly available.  Notwithstanding the provisions of paragraph 5 of this Order, no Confidential Material shall be disclosed to any person or entity (other than a Party hereto) known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Order.

(d)     **Trade Secret/Proprietary Information:** Documents and information that the Parties reasonably believe constitute, reflect, or disclose trade secrets, proprietary data or commercially sensitive information of the Parties.

The Parties further agree that all documents generated by them that summarize or otherwise include Confidential Material are governed by this Order.

3.     **Confidential Designation and Treatment of Confidential Material.**

Confidential Material to be produced by any Party shall be designated by stamping them with the legend "Confidential."   In the event that Confidential Material is provided electronically, or on a specific medium such as a hard drive, thumb drive, or disc, the Party may designate the material on such medium as confidential in an accompanying letter or email.  In

addition, all documents previous disclosed to date by any Party are hereby designated as Confidential Material and are subject to this agreement.  The failure to designate any documents with such legend shall not constitute a waiver by the producing Party of the right to assert that such documents contain Confidential Material.   In the event that any Party inadvertently produces confidential documents or information without designating the documents or information as Confidential Material, and if the producing Party subsequently notifies the receiving Party and their counsel within a reasonable time following production that the documents or information should have been designated Confidential Material, the Parties agree to treat any such subsequently identified documents or information as duly designated Confidential Material and subject to this Order. Furthermore, if a non-producing party looks at a document that has been disclosed and believes that it should be deemed confidential then it can request that it be labeled as Confidential and it will be labeled as such. This does not affect the rights of the producing party, however, as discussed in paragraph 4.

In the event that any Party receiving Confidential Material disagrees with that designation, the Party may raise that issue with the party seeking to maintain confidentiality. If no agreement can be reached, the receiving/objecting Party may raise the issue with the Court and shall maintain its copy(ies) of the challenged documents in confidence unless and until a ruling is issued by the Court.

4.      **Non-disclosure of Confidential Material.**  All Confidential Material provided pursuant to this Order is provided solely and exclusively for purposes of the Action.  Absent further written agreement between the Parties, all such materials shall be treated as strictly confidential and shall not be disclosed, discussed with, or in any way divulged to any person, or

**4**

used for any other purpose, except as permitted under this Order. Notwithstanding the provisions of this section, a Party may disclose its own Confidential Material to any person it deems appropriate with or without conditions to the disclosure and without waiving any claim of protection under this Order.

5.      **Exceptions to Non-disclosure:** Defendants.  Except as provided in paragraph 2 and subject to Paragraph 7 below, the Defendants may disclose Confidential Material received pursuant to this Order to the following persons or entities:

(a)   Defendants and their outside counsel of record in this case (including, but not limited to, outside counsel's investigators, paralegals, and other employees);

(b)   Defendants' insurance carrier and its outside counsel (including, but not limited to, its personnel, Board of Directors, in-house attorneys, investigators, experts, consultants, and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Action;

(c)   outside counsel (together with any employees of counsel), who are not otherwise of record in this case, engaged by the Defendants to assist or participate in the Action;

(d)    vendors, experts, consultants, mediators, and arbitrators engaged by the Defendants and/or their respective counsel to assist or participate in the Action;

(e)   reinsurers, auditors or other entities to which the Defendants' insurance carrier may be required to respond or report in the ordinary course of business regarding the Action, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

(f)   regulators to which the Defendants' insurance carrier may be required to respond or report in the ordinary course of business regarding the Action; and

(g)   former Board Members and employees of Silver State Bank, as well as witnesses in this Action and potential witnesses in this Action whom the attorney has a good faith belief possess testimony that could be utilized at trial.

6.      **Exceptions to Non-disclosure:**  FDIC. Notwithstanding anything to the contrary herein, the FDIC may disclose Confidential Material received pursuant to this Agreement to the following persons or entities:

(a)   FDIC personnel (including, but not limited to, its Chairman, Board of Directors, attorneys, investigators and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Action;

(b)   counsel (together with any employees of counsel) engaged by the FDIC to assist or participate in the Action;

(c)   vendors, experts, consultants, mediators, and arbitrators engaged by the FDIC or its counsel to assist or participate in the above Action;

(d)  auditors or examiners required or authorized by law to review materials that may include Confidential Material;

(e)   subject to the provisions of Paragraph 7 below, persons to whom the information is required to be made available under the FOIA or the FDIC's FOIA regulations, 12 C.F.R. §309.5, upon receipt of a proper FOIA request for such information;

(f)   individuals and entities permitted access to exempt information under 12 C.F.R. §309.6; and

(g)   former Board Members and employees of Silver State Bank, as well as witnesses in this Action and potential witnesses in this Action whom the attorney has a good faith belief possess testimony that could be utilized at trial.

7. **FDIC to Provide Notice of FOIA Request**.  If the FDIC receives a FOIA request to which Confidential Material is responsive, and the FDIC determines that the responsive materials: (1) are agency records under the FOIA, and (2) that the FOIA may require disclosure of all or part of the responsive records, the FDIC shall notify the producing Party, in writing, of the FDIC's determination.   Within five (5) business days of receipt of the FDIC's written notification, the producing Party may request, in writing, that all or part of the records not be disclosed.   The written request shall state the reasons why the producing Party believes that the records should not be disclosed.   If the FDIC rejects the request of the producing party, the FDIC will notify the producing Party in writing that it intends to disclose the records.   The producing Party shall have five (5) business days from receipt of this notice to petition this Court to enter an order prohibiting the disclosure of the records, and the FDIC shall not disclose the record pending disposition of such a petition.

8**.**       **Confidentiality Agreement Certificate.** Confidential Material may only be disclosed to persons or entities identified in subparagraphs 5(b)-(d) and (g) and 6(c) and (g) after that person or entity, personally or through an authorized representative, agrees to be bound by this Order and signs a written Agreement to Maintain Confidentiality in the form

attached as Attachment A.  The Parties shall keep all of their respective Agreements to Maintain Confidentiality containing original or electronic signatures.

9.     **Demands by Others for Confidential Material.**  If any other person demands by subpoena, other judicial process, or by operation of law production by a Party of any Confidential Material produced to it by another Party, the Party receiving such demand shall promptly notify the producing Party of such demand.  At its option, the producing Party may elect to challenge the demand and assert any applicable protections.  The burden and expense of such challenge shall be borne solely by the producing Party.  The producing Party shall notify the recipient Party and issuing court or tribunal of its challenge within such time as required by law, the subpoena, or other judicial process.  The burden of proving that Confidential Material is entitled to protection from disclosure shall lie with the Party making the challenge.  The Party who received the demand shall not produce any Confidential Material in the absence of consent by the producing Party or an order by the issuing court or tribunal compelling production.  Nothing in this provision or this Order shall be interpreted as requiring any Party to violate any applicable law.

10.     **Reservation of Rights.**  Nothing in this Order confers upon the Defendants or any other person or entity any further right of access to documents or information not provided by the FDIC.  Nothing in this Order confers upon the FDIC or any other person or entity any further right of access to documents or information not provided by the Defendants.  With respect to Confidential Material thus produced, each Party reserves its rights under this Order, and otherwise under law.

11. **Return or Destruction of Documents.**  Upon final resolution of the Action through settlement or entry of a final, non-appealable judgment governing the rights and obligations of the FDIC, the Defendants and the Defendants' insurance carrier with respect to the Action, the persons and entities identified in subparagraphs 5(a)-(c) or 6(a)&(b) may retain copies of any Confidential Material produced to them as reasonably necessary to comply with future requests for review by reinsurers, auditors and regulators, or as necessary to exercise or enforce any subrogation rights. When such retention is no longer needed, such persons and entities shall return the retained documents or destroy those documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order.  Any person or entity retaining such Confidential Material shall maintain its confidentiality in accordance with this Order until such documents are returned or destroyed.  This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Order.  To the extent any Party retains any Confidential Material pursuant to a separate written agreement the terms of this Order will continue to govern.

12. **Remedies.**  To enforce rights under this Order, or in the event of an alleged violation of this Order, the Parties shall first seek to resolve the issue through prompt and reasonable discussion.  In the event such efforts fail to promptly resolve the alleged violation, the Parties reserve the right to seek relief in this Court for, inter alia, money damages, injunctive relief, or any other relief as appropriate.

13. **No Waiver of Privileges.** This Order does not require the production of any privileged documents and the Parties do not waive any privilege, including any attorney-client

privilege, work product doctrine, or any other applicable privilege they might have with respect to any of the documents and information produced.  With respect to the FDIC, these privileges include, but are not limited to, any privilege that the Bank may have had or any federal or state regulatory agency may hold.  In the event privileged documents are withheld, such withholding will be subject to the procedures and rules generally governing the withholding of privileged documents.

Furthermore, in the event that a Party inadvertently produces attorney-client privileged documents or information, and if the Party subsequently notifies the receiving Party that the privileged documents or information should not have been produced, the receiving Party agrees to immediately return the originals and all copies of the inadvertently produced privileged documents and information.

In addition, with regard to privileged and/or otherwise protected documents, Federal Rule of Evidence 502 is hereby expressly incorporated into this Order.

14.    **Filing Confidential Material.**  The Parties shall take necessary steps to protect Confidential Material from public disclosure and shall file under seal in compliance with Civil Local Rule 10-5(b) any affidavits, briefs, motions, or other papers that disclose such Confidential Material.

All trials are open to the public.  Absent Order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the Trial. However, if a party intends to present Confidential Material at trial, such party shall provide advance notice to all parties at least ten (10) days prior to the commencement of trial.

15.    **Notice.**  All notices required to be given under this Order shall be in writing and delivered to the addressees set forth below.  Notice shall be sent by overnight delivery or registered or certified mail, return receipt requested, and shall be considered delivered upon receipt.

If to the FDIC:

      Bob Rogers
      FDIC Legal Division
      1601 Bryan Street, Room15068
      Dallas, TX75201

      and

      David C. Mullin
      Anthony W. Kirkwood
      Mullin Hoard & Brown, LLP
      500 S. Taylor, Suite 800
      Amarillo, Texas79101

If to Corey Johnson:

      John McMillan
      Jessica K Peterson
      Flangas McMillan Law Group
      3275 South Jones Boulevard, Suite 105
      Las Vegas, Nevada89146

If to Timothy Kirby:

      Maureen Beyers
      Grace Rebling
      Osborn Maledon
      2929 North Central Avenue
      Phoenix, Arizona 85012-2793

      And

///

///

Martha J. Ashcraft
Law Offices of Martha J. Ashcraft
7251 West Lake Mead Blvd., Suite 300
Las Vegas, NV 89128

If to Gary Gardner:

Allen D. Emmel
Emmel & Klegeman, PC
5586 South Fort Apache, Suite 110
Las Vegas, Nevada 89148

If to Doug E. French:

Patrick K. Egan
Eric E. Reed
Fox Rothschild LLP
2000 Market St., 20th Fl.
Philadelphia, PA 19103

And

Brett A. Axelrod
Fox Rothschild LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169

///

///

///

///

///

///

///

///

12

**Submitted by**

//s// David C. Mullin

David Mullin
Anthony W. Kirkwood
Mullin Hoard & Brown LLP
500 South Taylor, Suite 800
Amarillo, TX 79101
Telephone:  806-372-5050
Fax:  806-372-5086
dmullin@mhba.com
tkirkwood@mhba.com

Stanley W. Parry
Ballard Spahr LLP
100 N. City Parkway, Suite 1750
Las Vegas, NV 89106
Telephone:  702-471-7000
Fax:  702-471-7070
parrys@ballardspahr.com

*Attorneys for Federal Deposit Insurance Corporation*

Approved as to Form and Content

//s// Jessica K. Peterson (with permission)
John R. McMillan
Jessica K. Peterson
Flangas McMillan Law Group
3275 S. Jones Blvd., Suite 105
Las Vegas, NV 89146
Telephone:  702-307-9500
Fax:  702-382-9452
jrm@flangasmcmillan.com
jkp@flangasmcmillan.com

*Attorneys for Corey L. Johnson*

Approved as to Form and Content

//s// Eric E. Reed (with permission)

Patrick K. Egan
Eric E. Reed
Fox Rothschild LLP
2000 Market St., 20th Floor
Philadelphia, PA 19103
Telephone:  215-299-2000
Fax:  215-299-2150
pegan@foxrothschild.com
ereed@foxrothschild.com

Brett A. Axelrod
Fox Rothschild LLP
3800 Howard Hughes Pkwy., Suite 500
Las Vegas, NV 89169
Telephone:  702-262-6899
Fax:  702-597-5503
baxelrod@foxrothschild.com

*Attorneys for Douglas E. French*

Approved as to Form and Content

//s// Allen D. Emmel (with permission)
Allen D. Emmel
Emmel & Klegerman P.C.
5586 S. Fort Apache, Suite 110
Las Vegas, NV 89148
Telephone:  702-476-1000
Fax:  702-722-6185
aemmel@ekcounsel.com

*Attorney for Gary A. Gardner*

13

Approved as to Form and Content

//s// Maureen Beyers (with permission)
Maureen Beyers
Grace E. Rebling
Osborn Maledon
2929 North Central Avenue
Phoenix, Arizona 85012-2793

Martha J. Ashcraft
Law Offices of Martha J. Ashcraft
7251 W. Lake Mead Blvd., Suite 300
Las Vegas, NV 89128

*Attorneys for Timothy S. Kirby*

**ORDER**

IT IS SO ORDERED on this 14th day of August, 2012, that the Parties and their respective counsel shall be governed by the terms and conditions of the above Order concerning Confidential Material and in the above captioned case

_____
UNITED STATES MAGISTRATE JUDGE

14

# ATTACHMENT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I hereby acknowledge that I have been provided and have read a copy of that certain Stipulated Protective Order dated August____, 2012, in the action between the Federal Deposit Insurance Corporation as Receiver of Silver State Bank, Corey Johnson, Tim Kirby, Gary Gardner, and Doug E. French (the "Order"), a copy of which is annexed hereto.  I understand that any Confidential Material within the meaning of the Order shown to me is confidential, shall be used by me only as provided in the Order, and shall not be disclosed by me unless expressly permitted under the Order.  I agree to abide by the terms of the Order, including its provisions concerning the return or destruction of such Confidential Material.  I acknowledge that I may be subject to claims for monetary damages and/or injunctive relief for unauthorized disclosure or use of Confidential Material or if I violate any obligation of this Order.

Name: _____        Date: _____
             (signature)

Name: _____
             (printed)
                                                             Telephone: _____
                                                                                 (Business)

Company: _____
                                                             _____
                                                                          (Home)

Address 1: _____

Address 2: _____        _____
                                                                           (Cell)

City: _____

State/Zip Code: _____

15