Maureen Beyers (Admitted *Pro Hac Vice*)
Arizona Bar No. 017134
Grace E. Rebling, (Admitted *Pro Hac Vice*)
Arizona Bar No. 028661
Osborn Maledon, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
mbeyers@omlaw.com
grebling@omlaw.com

Martha J. Ashcraft
Nevada Bar No. 1208
Law Office of Martha J. Ashcraft
7251 W. Lake Mead Blvd., Suite 300
Las Vegas, Nevada 89128
Telephone: (702) 562-4010
Fax: (702) 562- 4001
mashcraft@ashcraftlawyers.com

Attorneys for Timothy S. Kirby

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of SILVER STATE BANK,<br><br>Plaintiff,<br><br>vs.<br><br>COREY L. JOHNSON; DOUGLAS E. FRENCH; GARY A. GARDNER; and TIMOTHY S. KIRBY,<br><br>Defendants | Case No.: 2:12-CV-209-KJD-PAL<br><br>**DEFENDANTS' SUBMISSION REGARDING COMPETING PROPOSED ESI PROTOCOLS TO GOVERN ELECTRONIC DISCOVERY**<br><br>(*Expedited Consideration Requested*) |

Defendants Corey L. Johnson, Douglas E. French, Gary A. Gardner, and Timothy S. Kirby (referred to collectively herein as the "Defendants") hereby submit a proposed ESI Protocol to govern electronic discovery in this matter. We believe the Federal Deposit Insurance Corporation ("FDIC") intends to file a competing protocol. The two ESI protocols ***differ in only one respect***: whether the Defendants must bear the burden of copying the

documents they identify in the FDIC's databases. Defendants respectfully request that for the reasons stated herein the Court grant Defendants' proposed ESI protocol, attached hereto as **Exhibit A**. In addition, given the upcoming depositions in this case, the Defendants respectfully request the Court rule on the competing protocols as soon as possible.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background

The ESI protocols proposed by the FDIC and by the Defendants are similar in many respects. Both require the Defendants to "collectively identify a reasonable set of search terms to run across the processed" ESI. (*See* Defendants' Submission of Proposed ESI Protocol § 6, attached as Exhibit A). The processed ESI includes a variety of databases, some of which have been OCR'd by the FDIC and some of which have not and thus are not in full text searchable form. (*Id.* § 5). After search terms are developed by the Defendants, the protocol requires that the FDIC export the documents captured by the search to a Relativity database. (*Id.* § 6). Defendants, who will pay a monthly collective fee of $10 per gigabyte of ESI hosted on the database, will be granted access to review the documents and designate those that are relevant. The FDIC will then conduct a privilege review of the documents and produce the non-privileged documents designated for delivery.

The protocols differ in one respect. The FDIC's proposal requires the Defendants to pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by the FDIC from the Relativity database. The Defendant's proposal requires that the FDIC bear the production costs.

The ESI protocol was primarily drafted by the FDIC— the FDIC circulated the first draft for the Defendants' consideration. And, initially, Defendants were concerned that the protocol limited the FDIC's duty to identify relevant documents to those search terms developed by the Defendants, who had limited knowledge of the databases collected and processed by the FDIC. In addition, Defendants expressed concern over the hosting costs and production costs being shifted to Defendants.

As the FDIC's initial disclosure included over 90,000 documents, it was agreed that the ESI protocol would be tabled until the Defendants had an opportunity to review those documents and, in so doing, gain a better sense of the universe of documents and what more needed to be produced.

While the Defendants reviewed the haphazardly-produced documents, the FDIC has noticed depositions in this matter for January 29, January 30 and February 7, 2013. Yet the Defendants have not had access to the FDIC databases of documents.

In late December 2012 and early January 2013, with depositions scheduled and the FDIC's refusal to produce ESI until the protocol was entered, the Defendants agreed to shoulder the burden of developing search terms and conducting the review of relevant documents. The costs, however, remained an obstacle to finalizing the protocol. Defendants agreed to confer with their former employer's Director's and Officer's liability insurance carrier (the "Carrier") to secure its agreement to cover the costs.

On January 15, 2013, Defendants informed counsel for the FDIC that the Carrier would pay the hosting fee, but that it would not pay the six cents per page for production. Defendants agreed with the Carrier's position that shifting the cost of production to the non-producing Defendants was inappropriate in these circumstances. The FDIC suggested that the costs could be avoided if they merely produced native files without bates numbering, an option that is unreasonable because of the volume of documents in this matter and the complexity of the case.

Because the parties have been unable to reach agreement on this cost provision of the ESI protocol, Defendants and the FDIC agreed to submit competing protocols to the Court. The only difference in the competing protocols is in Paragraphs 6 and 7, where Defendants have deleted the language requiring the non-producing parties to pay six cents per page produced.

## II.   Legal Authority

The presumption under the Federal Rules of Civil Procedure is that the producing party bears the expense of complying with discovery requests. *E.g., Oppenheimer Fund, Inc. v.*

*Sanders*, 437 U.S. 340, 358 (1978) ("Under [discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests . . . ."); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003) ("For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data. A court should consider cost-shifting only when electronic data is relatively inaccessible, such as in backup tapes.")(emphasis in original); *Platronics Inc. v. Aliph Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) (noting the "presumption that the producing party bears the cost of production"); *Mikron Industries, Inc. v. Hurd Windows & Doors, Inc.*, No. C07-532RSL, 2008 WL 1805727 at *2 (W.D. Wash. 2008) (noting that cost-shifting is not appropriate when ESI is reasonably accessible).

Indeed, the District Court of Nevada has held that a producing party is "liable for the costs associated with converting the documents into [the requesting party's] requested format." *LightGuard Systems, Inc. v. Spot Devises, Inc.*, 281 F.R.D. 593, 607 (D. Nev. 2012); *see also id.* at 597 ("With regard to [the] payment dispute, [the producing party] shall only be liable for the costs associated with converting the documents into [the requesting party's] requested format."). In *LightGuard*, the producing party had to pay the costs of collecting, processing, and converting documents into a format compatible with the requesting party's data management software. *Id.* at 596.

The FDIC took the same unreasonable position last month in *FDIC v. Klein*, No. 1:12-CV-0896-RLV (N.D. Ga. Dec. 13, 2012). There, the Northern District of Georgia "require[d] the FDIC to respond to document requests and bear its own discovery costs," and rejected the FDIC's attempt to improperly shift the costs of production to the defendants. A copy of the *Klein* order and the prevailing ESI protocol in that case are collectively attached hereto as **Exhibit B**.

Unlike the FDIC's proposed protocol, Defendants' ESI Protocol appropriately provides that the FDIC must bear its own costs. This is a suit in which the FDIC seeks to recover in excess of $86 million in damages. (Doc. 1 (Complaint) ¶ 10). The costs of production are

4

miniscule in comparison. Defendants' proposal is fair, particularly in light of the costs that Defendants will incur developing search terms, reviewing the documents, and paying the hosting charge on Relativity.

### III.  Conclusion

Because there are upcoming depositions scheduled for January 29, January 30 and February 7, 2013, the Defendants respectfully request expedited consideration of this submission. Defendants further request that the Court grant their proposed ESI Protocol.

RESPECTFULLY SUBMITTED this 18th day of January, 2013.

/s/ Grace Rebling
Maureen Beyers
Grace E. Rebling
Osborn Maledon, P.A.
2929 North Central Avenue
Phoenix, Arizona 85012-2793

Martha J. Ashcraft
Law Offices of Martha J. Ashcraft
7251 W. Lake Mead Blvd., Suite 300
Las Vegas, NV 89128

*Attorneys for Timothy S. Kirby*

/s/ John McMillan
John R. McMillan
Jessica K. Peterson
Flangas McMillan Law Group
3275 S. Jones Blvd., Suite 105
Las Vegas, NV 89146

*Attorneys for Corey L. Johnson*

/s/ Eric Reed
Patrick K. Egan
Eric E. Reed
Fox Rothschild LLP
2000 Market St., 20th Floor
Philadelphia, PA 19103

Brett A. Axelrod
Fox Rothschild LLP
3800 Howard Hughes Pkwy., Suite 500
Las Vegas, NV 89169

*Attorneys for Douglas E. French*

/s/ Allen Emmel
Allen D. Emmel
Emmel & Klegerman P.C.
5586 S. Fort Apache, Suite 110
Las Vegas, NV 89148

*Attorney for Gary A. Gardner*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013 the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

_/s/J. Rial_