# Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER OF
SILVER STATE BANK

     Plaintiffs,

vs.

COREY L. JOHNSON; DOUGLAS E.
FRENCH; GARY A. GARDNER; and
TIMOTHY S. KIRBY

     Defendants,

Case No.:  2:12-CV-209-KJD-PAL

**JOINT SUBMISSION OF PROPOSED**

**ESI PROTOCOL**

     Plaintiff and Defendants have conferred regarding the production of electronically stored information ("ESI"), and respectfully move the Court to enter an Order approving the same.

     1.     This action relates to Silver State Bank ("Silver State" or "the Bank").  On September 5, 2008, Silver State was closed by the Nevada Financial Institutions Division, and the Federal Deposit Insurance Corporation ("FDIC") appointed as receiver of the Bank pursuant to 12 U.S.C. § 1821(c).  As used herein, "FDIC" or "Plaintiff" means the FDIC in its capacity as Receiver of Silver State, and "Defendants" means Corey L. Johnson; Douglas E. French; Gary A. Gardner; and Timothy S. Kirby.

     2.     This Protocol applies to the ESI provisions of Fed. R. Civ. P. 16, 26, 33, 34, or 37, and, insofar as it relates to ESI, this Protocol applies to Fed. R. Civ. P. 45 in all instances where the provisions of Fed. R. Civ. P. 45 are the same as, or substantially similar to, Fed. R. Civ. P. 16, 26, 33, 34, or 37.  As used herein, the words "Party" or "Parties" include Plaintiff and Defendants and any person or entity that is served with a subpoena pursuant to Fed. R. Civ.

P. 45.  Nothing contained herein modifies Fed. R. Civ. P. 45 and, specifically, the provision of Rule 45(c)(2)(B) regarding the effect of a written objection to inspection or copying of any or all of the designated materials or premises.

   3.  In this Protocol, the following terms have the following meanings:

     A.  "Metadata" means: (i) information embedded in a Native File, including but not limited to the information identified in Exhibit A, that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.  Metadata is a subset of ESI.

     B.  "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified. Native Files are a subset of ESI, including but not limited to the files identified in Exhibit A.

     C.  "Static Image(s)" means a representation of ESI produced by converting a Native File, including but not limited to the files identified in Exhibit A, into a standard image format capable of being viewed and printed on standard computer systems. In the absence of agreement of the Parties or order of Court, a Static Image should be provided in 300 dpi resolution, single-page black and white CCITT Group IV Tagged Image File Format (TIFF or .TIF files).  If a TIFF or .TIF file cannot be created, then the Static Image should be provided in Portable Document Format (PDF).  If

load files[1] were created in the process of converting Native Files to Static Images, or if load files may be created without undue burden or cost, Opticon, and .dat load files should be produced together with Static Images.

4.     The provisions set forth in Exhibit "A" shall govern the production of ESI.

5.     FDIC or its contractors are in possession of certain ESI related to Silver State. The Silver State related ESI includes the following processed databases: (1) SI Forensic Data; (2) SI Scanned Documents; (3) SI Email; and (4) various loan-related databases (SI JH Synergy Document Images 40; SI JH Synergy Document Images 40I).   Subject to this Protocol and the Stipulated and Agreed Confidentiality and Non-Disclosure Agreement and Protective Order (Docket No. 62), and pursuant to an Order of the Court which shall be deemed made by approval of this Protocol, the FDIC shall produce responsive non-privileged documents from databases (1) through (4), collectively the "FDIC ESI" for inspection by the Defendants. Responsive documents withheld on the basis of privilege, work product, or similar exemption shall be logged and the log made available with the document production.

The FDIC also has another database, the network file shares database (SI File shared metadata 51 and SI Shared Folders 51) that has not been OCR'd and is not in a full text searchable form pursuant to this agreement.   The FDIC will search and produce responsive non-privilege documents based on the current metadata associated with this database.  Upon review of the documents produced, if the defendants determine that they require OCR searches of the fileshare database, the parties will discuss and attempt to reach an agreement regarding the OCR processing and production of this database and the costs involved in doing so.  If the

---

[1] A "load file," as that term is used herein, refers to the file necessary to load data into a reviewable database.   A load file can, for example, specify what individual pages belong together as a document, what attachments are included with a document, where a document begins and ends, and what metadata is associated with a document.

parties are unable to reach an agreement, the parties will have the right to address issues relating to that database with the Court. Any issues relating to the non-OCR database will not be subject to this agreement, except with respect to the procedure addressed in this paragraph, but will instead be addressed under the general rules addressing the production of electronically stored information.

6.    Defendants shall collectively identify a reasonable set of search terms to run across the processed FDIC ESI. Thereafter, the Parties shall meet and confer in good faith to establish agreed search terms. If the Parties are unable to agree upon search terms after conferring in good faith, any Party may raise the issue with the Court by motion. After the Parties have agreed upon search terms, or established search terms, or established search terms with the assistance of the Court, the FDIC shall export to a Relativity database the documents captured by the agreed-upon search terms. The FDIC will then have an opportunity to conduct a review of the documents captured by the agreed-upon search terms and remove and log any documents that it believes to be privileged, subject to the work product doctrine, non-responsive, or otherwise not discoverable. Defendants shall then be granted access to the Relativity database for inspection of the documents, and may designate the documents they wish to have delivered.[2] The FDIC shall then have an opportunity to conduct a review of the documents designated for delivery and remove and log any documents that it believes to be privileged, subject to the work product doctrine, non-responsive, or otherwise not discoverable.

---

[2] Generally, during this review documents cannot be printed or downloaded. However, on a limited basis as a result of rendering viewing limitation of the document within Relativity, a corrupt file, or the file is too large to view within Relativity, Defendants' counsel may request the vendor hosting the Relativity database to permit downloading or printing of documents, in PDF format, to facilitate their review and communications with their clients, but at the end of Defendants' review, all documents so downloaded or printed and all copies thereof shall not be used in any way whatsoever and are marked "Confidential" and subject to the Protective Order on file with the Court; any such requests shall remain confidential between Defendants' counsel and the vendor and shall not de disclosed to Plaintiff or its counsel.

The FDIC will then produce responsive non-privileged documents designated for delivery. Documents withheld on the basis of privilege, work product, or similar exemption shall be logged and the log made available with the document production.  The parties may make multiple requests for production of documents utilizing this process, and subsequent productions can be separately identified in the Relativity database when the party marks documents for production.  Defendants shall collectively pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by FDIC from the Relativity database. Each Defendant shall be relieved of his or her duty to pay the monthly hosting fee upon advising the FDIC that he or she no longer requires access to the Relativity database; provided, however, that if any disputes between the parties exist that require continued use of the Relativity database, each Defendant involved in such dispute shall pay their share of the monthly hosting fee until the dispute is resolved.

7.     If Defendants are in possession of certain ESI, including, without limitation, email and documents of various types, subject to this Protocol and the Stipulated and Agreed Confidentiality and Non-Disclosure Agreement and Protective Order (Docket No. 62), and pursuant to an Order of this Court which shall be deemed made by approval of this Protocol, (1) Defendants shall produce for inspection by the FDIC, ESI that is responsive to FDIC's document requests; (2) FDIC may designate the documents it wishes to have delivered; and (3) Defendants shall produce any non-privileged documents designated for delivery, and log any document reasonably believed not discoverable because it is privileged, subject to the work product doctrine, nonresponsive, or otherwise not discoverable. Plaintiff shall pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by the Defendant from the Relativity database.

8.      Producing any ESI for inspection shall be without prejudice to any claim that such ESI is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or ground for withholding production.  Upon demand, the receiving party shall return any paper copies to the producing party and delete all electronic copies of the ESI inadvertently produced pursuant to this agreement.  Similarly, each party has a duty to notify a producing party if they reasonably believe that the ESI such party produced contains information that may be protected by the attorney-client privilege, work product doctrine or any other applicable privilege or ground for withholding production.  To the extent that the parties disagree over the application of these principles to any such production or challenge to the privileged nature of such material, the receiving party shall not make use of the material in question until the matter is resolved by the Court.

9.      The Parties consent to their respective ESI/IT consultants communicating directly with the vendor hosting the Relativity database without the involvement of the attorneys and with or without the involvement of the opposing party's ESI/IT consultant; provided, however, that neither Party shall ask the vendor to take any action in contravention of this Protocol, and provided further that the vendor shall have no authority to bind any Party.

10.      All queries, searches, filters, document review, coding and tagging of documents, and other use of Relativity shall be the work product of the attorney/firm working in Relativity and shall not be available to any other party in this case.  Upon written consent to the vendor hosting Relativity, a party may allow, or disallow if consent had been previously provided, another party access to his/her queries, searches, filters, document review, coding and tagging of documents, and other use(s) of Relativity

11.      Nothing in this Protocol requires Plaintiff or Defendants to produce again information that was produced to the other before this agreement has been entered by the Court.

**Submitted by:**

David Mullin
Anthony W. Kirkwood
Mullin Hoard & Brown LLP
500 South Taylor, Suite 800
Amarillo, TX 79101
Telephone:  806-372-5050
Fax:  806-372-5086
dmullin@mhba.com
tkirkwood@mhba.com

Stanley W. Parry
Ballard Spahr LLP
100 N. City Parkway, Suite 1750
Las Vegas, NV 89106
Telephone:  702-471-7000
Fax:  702-471-7070
parrys@ballardspahr.com

*Attorneys for Federal Deposit Insurance*

*Corporation*

Approved as to Form and Content

Patrick K. Egan
Eric E. Reed
Fox Rothschild LLP
2000 Market St., 20th Floor
Philadelphia, PA 19103
Telephone:  215-299-2000
Fax:  215-299-2150
pegan@foxrothschild.com
ereed@foxrothschild.com

Brett A. Axelrod
Fox Rothschild LLP
3800 Howard Hughes Pkwy., Suite 500
Las Vegas, NV 89169
Telephone:  702-262-6899
Fax:  702-597-5503
baxelrod@foxrothschild.com

*Attorneys for Douglas E. French*

Approved as to Form and Content

John R. McMillan
Jessica K. Peterson
Flangas McMillan Law Group
3275 S. Jones Blvd., Suite 105
Las Vegas, NV 89146
Telephone:  702-307-9500
Fax:  702-382-9452
jrm@flangasmcmillan.com
jkp@flangasmcmillan.com
*Attorneys for Corey L. Johnson*

Approved as to Form and Content

Allen D. Emmel
Emmel & Klegerman P.C.
5586 S. Fort Apache, Suite 110
Las Vegas, NV 89148
Telephone:  702-476-1000
Fax:  702-722-6185
aemmel@ekcounsel.com

*Attorney for Gary A. Gardner*

Approved as to Form and Content

_____
Maureen Beyers
Grace E. Rebling
Osborn Maledon
2929 North Central Avenue
Phoenix, Arizona 85012-2793

Martha J. Ashcraft
Law Offices of Martha J. Ashcraft
7251 W. Lake Mead Blvd., Suite 300
Las Vegas, NV 89128

*Attorneys for Timothy S. Kirby*

ORDER

This matter before the court, the Joint Submission of Proposed ESI Protocol, and for good cause shown, it is ordered that each of the parties and their respective counsel shall be governed by the terms and conditions of the above agreement concerning the production of ESI documents.

IT IS SO ORDERED on this _____ day of August, 2012.


_____
UNITED STATES MAGISTRATE JUDGE

{1188/00/00599360.DOCX / 1}8

**<u>Exhibit "A" to ESI Protocol</u>**

**<u>Form of Production for Email</u>**

All electronic email from Windows-Based ESI ("WESI") shall be produced as Static Images complete with full text extracts and the following fields of metadata:

1. Custodian (Name of Custodian from which file is being produced);

2. Other Custodians (Name(s) of custodian(s) who had exact copy of message before de-duplication);

3. Author (FROM field);

4. CC;

5. BCC;

6. Recipient (TO field);

7. MD5 Hash Value or Equivalent;

8. Date Sent (Date the email was sent);

9. Date Received (Date the file was received);

10. Time Sent (Time the email was received);

11. Time Received (Time the email was received);

12. File Type (Application used to create the file);

13. Page Count;

14. File Ext (Extension for the file);

15. PST Name;

16. Body Text (Extracted text);

17. Bates Begin (Beginning Production Number);

18. Bates End (Ending Production Number);

19. Attach Begin (Beginning Attachment Range Number);

20.     Attach End (Ending Attachment Range Number),

Electronic mail shall be produced along with attachments to the extent the message and/or any attachment is responsive, relevant and not privileged. As a general matter, subject to specific review, a message and its attachments(s) shall not be withheld from production based on the fact that one or more attachments are privileged, irrelevant, or non-responsive.  To the extent the message and/or one or more attachments is privileged or non-responsive, the responsive, non-privileged documents shall be produced along with placeholders indicating whether the accompanying record was withheld as non-responsive or privileged.  All Parties should confirm that their ESI is Windows-based or, if not, identify the other forms of ESI within their possession, custody and control.

**Form of Production for Other WESI**

All other WESI (including attachments to electronic mail) shall be produced in 300 dpi resolution, single-page black and white CCITT Group IV Tagged Image File Format complete with full text extracts and the following fields of Metadata:

1.     Custodian (Name of Custodian from which file is being produced);

2.     Other Custodians (Name(s) of custodian(s) who had exact copy of file before de-Duplication);

3.     Author;

4.     Doc Title (Title of file from properties);

5.     Doc Subject (Subject of file from properties);

6.     Created Date (Date the file was created);

7.     Created Time (Time the file was created);

8.     Last Modified Date (Date the file was last modified);

9.     Last Modified Time (Time the file was last modified);

10.     Last Saved By (Name of user who last saved the file);

{1188/00/00599360.DOCX / 1}10

11.     File Type (Application used to create the file);

12.     Doc Type;

13.     Page Count;

14.     File Ext (Extension for the file);

15.     Path (Full path of the original location where the file was located);

16.     MD5 Hash (MD5 hash value of the original native file);

17.     Body Text (OCR for paper data or Extracted text for all ESI);

18.     Bates Begin (Beginning Production Number);

19.     Bates End (Ending Production Number);

20.     Attach Begin (Beginning Attachment Range Number);

21.     Attach End (Ending Attachment Range Number).

**Form of Production**

The Parties shall have the right to request that ESI be produced in native format in addition to the format set forth above when a party has a reasonable belief that the native ESI contains additional information not otherwise viewable from the production format set forth above and such additional information is reasonably calculated to lead to the discovery of admissible evidence.   These documents will be accompanied with the appropriate load files indicating a cross reference to the Bates numbered Static Image.

**Load Files**

All WESI shall be produced along with an IPRO, Opticon, or Summation DII load file indicating Bates numbers and document breaks.  Metadata shall be produced in Concordance DAT file format and extracted full text shall be provided in TXT file format at the document level.   Non-Windows-Based Applications and Data shall be subject to the same production requirements to the extent technically and legally feasible.

**Data Culling**

The following file types shall be processed for production:

| Extension | File Type Description |
|---|---|
| cab | Windows cabinet (data will be extracted and container file discarded) |
| csv | Comma Separated Values file |
| dat | Data file |
| dbx | Outlook Express E-mail Folder |
| doc | Microsoft Word |
| docm | Microsoft Word Template |
| docx | Microsoft Word 2007 |
| dxl | Lotus Notes Message File |
| efax | Electronic fax documents |
| email | Outlook Express E-mail Message |
| eml | Outlook Express Saved Mail Message files |
| emlx | Apple Mail email message |
| htm | Web based Hypertext Markup Language File |
| html | Web based Hypertext Markup Language File |
| ics | Calendar items in Apple, Mozilla and Google |
| key | Apple Keynote presentation |
| maildb | MSN Mail file |
| mbox | Unix MAC file mailbox |
| mlm | Novell GroupWise saved email message file |
| mdb | Microsoft Access Database |
| mht | Multipurpose Internet Mail Extension |
| mim | Multipurpose Internet Mail Extension |
| mpp | Microsoft Project |

| | |
|---|---|
| msg | Outlook Mail Message |
| nsf | Lotus Notes (data will be extracted and container file discarded) |
| ost | Microsoft Outlook Offline folder file (data will be converted, extracted, and container file discarded) |
| pbx | Outlook Express message folder file |
| pdf | Portable Document Format File |
| pop | PopMail messages file |
| pps | Microsoft PowerPoint Show file |
| ppt | Microsoft PowerPoint file |
| pptx | Microsoft PowerPoint 2007 |
| pst | Microsoft Outlook personal folder file (data will be extracted and container file discarded) |
| rar | WinRAR compressed archive (data will be extracted and container file discarded) |
| rtf | Rich Text Format |
| tif | Tagged Image Format |
| txt | Plain Text File |
| wks | Works Spreadsheet |
| wpd | Corel WordPerfect |
| wps | Microsoft Works Word Processor Document |
| xls | Microsoft Excel |
| xlsx | Microsoft Excel 2007 |
| xml | Extensible Markup Language File |
| xps | XML Paper Specification |
| zip | Zipped Compressed File (data will be extracted and container file discarded) |
| zipx | Extended Zipped Compressed File (data will be extracted and container file discarded) |

**Duplicates**

ESI will be de-duplicated across the entire set of responsive ESI before export to the Relativity database.  In the case of e-mail, the original sender's version of the e-mail will be the version produced.  In the case of other documents, to the extent feasible, the version created by the author of the documents will be produced.

**Color**

Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving party may request that the document be produced in color (whether electronic or paper).  Otherwise, production will be in 300 dpi resolution, single-page black and white CCITT Group IV Tagged Image File Format.

**Physical Documents**

Documents that exist solely in hard-copy format shall be converted and produced following the same protocols outlined above.  The metadata shall indicate document breaks and identify the custodian from whom the document was collected.  The ".tiff" files shall be subject to an Optical Character Recognition ("OCR") process.

# Exhibit 2

# Tony Kirkwood

| | |
|---|---|
| **From:** | Rebling, Grace [grebling@omlaw.com] |
| **Sent:** | Tuesday, January 15, 2013 5:55 PM |
| **To:** | Beyers, Maureen; Tony Kirkwood; David Mullin |
| **Cc:** | 'Reed, Eric E.'; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com) |
| **Subject:** | RE: ESI Protocol Meet & Confer |

David and Tony,

Jerry Wyckoff and I just had a phone conversation regarding the ESI protocol, and I am writing to follow-up and confirm the substance of that conversation.  Although the carrier is not inclined to pay the 6 cents per page of production, our expectation is still that the documents will be produced with bates labeling, tif images, and load files.

Jerry suggested, as a solution to the cost issue, that the ESI be produced in native format without bates numbering.  Given the complexity and volume of documents in this case, this does not seem to be a viable option.  Other defense counsel are invited to chime in if they have other thoughts.

If you wish to confer on this issue, please call me.

Thank you,
Grace

---

**From:** Beyers, Maureen
**Sent:** Tuesday, January 15, 2013 3:40 PM
**To:** Tony Kirkwood; David Mullin
**Cc:** 'Reed, Eric E.'; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff (jwyckoff@mhba.com); Rebling, Grace; Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com)
**Subject:** ESI Protocol Meet & Confer

David & Tony:

I write to follow up on the ESI protocol in this matter with the hope that we can finalize our ESI agreement.  We have conferred with counsel for Progressive, Lew Loss and Matt Dendinger, and they have tentatively approved the latest draft (copy attached) of the agreement, with one exception described below.

The draft protocol at paragraph 6 provides that the "Defendants shall collectively pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by FDIC from the Relativity database."  We are advised that the carrier may pay for the hosting fee, but will not pay the 6 cents per page for production.   We agree that shifting the cost of production to the non-producing Defendants is inappropriate in these circumstances.  *See Platronics Inc v. Aliph Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576 (ND Cal. Oct. 23, 2012) (noting the "presumption that the producing party bears the cost of production"); *Zubulake v. UBS Warburg LLC,* 217 FRD 309 (SDNY 2003) ("For data that is kept in an accessible format, the usual

rules of discovery apply: the responding party should pay the costs of producing responsive data.  A court should consider cost-shifting <u>only</u> when electronic data is relatively inaccessible, such as in backup tapes.")(emphasis in original).

Please let us know as soon as possible if you continue to take the position that the Defendants are obligated to pay for the production of electronically-stored documents in the FDIC's possession.  As you know, you have been aggressively scheduling depositions even though the FDIC's production of documents is far from complete.  You have noticed the depositions of three important witnesses as early as January 29 and 30.  As a consequence, we will have no choice but to bring this issue to Magistrate Judge Leen's attention on Friday, January 18 if we do not get your favorable response before then.

Thanks.

Best regards,
Maureen


**MAUREEN BEYERS** (<u>attorney profile</u>)
<u>mbeyers@omlaw.com</u> | <u>Add me to your address book</u>



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. In order to comply with requirements imposed by the IRS, we inform you that unless we have expressly stated otherwise in writing, if this email (or any attachment) contains advice concerning any federal tax matter or submission, it was not written or intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.

## Tony Kirkwood

**From:** Jerry Wyckoff
**Sent:** Tuesday, January 15, 2013 5:47 PM
**To:** 'Rebling, Grace' (grebling@omlaw.com)
**Cc:** Tony Kirkwood; David Mullin
**Subject:** SSB ESI Confirm Telephone Call

Grace

This is to confirm our telephone call so that I understand the expectations of a production regarding the proposed changes to the ESI Protocol so that we can discuss the matter with our client.

It is my understanding that defendants expectation with the proposed changes would be that any production pursuant to the ESI Protocol would be produced in bates labeled TIFF images with a load file without the charge of the 6 cents per page. I also understand that a native document production is probably not acceptable, but that you would need to confer with other counsel to confirm that.

If this is incorrect, would you please let me know.

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity. This confidential information is intended only for the use of the individuals or entities identified above. If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited. If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

# Exhibit 3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF SILVER STATE BANK | Case No.:  2:12-CV-00209-KJD-PAL |
| Plaintiffs, | |
| vs. | |
| COREY L. JOHNSON; DOUGLAS E. FRENCH; GARY A. GARDNER; and TIMOTHY S. KIRBY | |
| Defendants, | |

## DECLARATION OF RAY RIVARD

Pursuant to 28 U.S.C. § 1746, Ray Rivard declares as follows:

1.  My name is Ray Rivard. I am competent to make this declaration ("Declaration"). The facts stated in this Declaration are true and correct, and are based on my personal knowledge, my observations, and my review of business records kept in the ordinary course of business.

2.  I have been employed for the last three years by the Federal Deposit Insurance Corporation ("FDIC") as an Information Technology Specialist in the Litigation Support Group of the Legal Information Technology Unit of the FDIC. In my position, I am responsible for overseeing the electronic discovery process in the above-captioned litigation and other litigation involving the FDIC. Before working for the FDIC, I spent nearly two decades in similar positions with large national law firms, and currently have

{1188/00/00605376.DOCX / 1}1

over twenty-two years of experience working in electronic discovery and litigation support in lawsuits involving large volumes of electronic discovery.

3. The FDIC's protocol in this case reflects the FDIC's efforts to reduce overall e-discovery costs and maintain the integrity and security of data in its failed bank litigation cases. By establishing shared e-discovery platforms that provide both parties with access to relevant data, allowing opposing counsel a secure view into the data, and then providing only the documents specified by opposing counsel, the parties avoid the cost and security issues associated with opposing counsel maintaining a duplicate set of the data, which may contain personally identifiable information (PII) and other sensitive information pertaining to bank customers and other persons. Opposing parties and their counsel avoid the significant time and expense of setting up a competing and duplicative database.   In exchange, the FDIC seeks compensation from defendants for a portion of the costs that the FDIC incurs in producing requested documents.   The FDIC adopted this process as a result of its experiences in the first major such lawsuit to arise out of the most recent wave of bank failures: FDIC v. Van Dellen (No: 2:10-CV-049150-DSFOSH) (C.D. Cal.) (the "IndyMac Case").

4. The FDIC has a contract with Lockheed Martin Corporation ("Lockheed") to manage electronic discovery in litigation involving failed banking institutions for whom the FDIC is appointed receiver, including Silver State Bank ("Silver State" or the "Bank"). Lockheed manages the electronically stored information ("ESI") stored on the FDIC's internal database system, DMS iConnect ("DMS").

///

///

5.   Lockheed also hires and oversees subcontractors, including LDiscovery, LLP ("LDiscovery"), to handle other aspects of the discovery process. In most cases, the FDIC does not pay subcontractors like LDiscovery directly, but only through Lockheed.

6.   Because Lockheed and its subcontractors, including LDiscovery, provide services for many litigations, the FDIC does not compensate Lockheed separately for each service provided in each individual litigation, but instead pays Lockheed on a global basis for all services across all litigations. It is therefore often impracticable for the FDIC to calculate precisely what costs it has incurred for Lockheed to perform a given specific task for a specific litigation.

7.   The FDIC has brought numerous lawsuits against former directors and officers of failed banks. With respect to discovery in each of these proceedings, the FDIC has agreed to provide the defendants with remote access to review, search, and annotate ESI possessed or controlled by the FDIC.

8.   The FDIC has also agreed to make and deliver electronic copies of ESI that the defendants select during the Quick Peek Production.

9.   The FDIC has adopted a process to request that defendants pay:

   a.   $0.06 per page to produce requested ESI in each lawsuit between the FDIC and the former directors and officers of a failed bank;

   b.   $10 per each reviewer per month for each user license after the first ten users for all Defendants; and

   c.   $10 per gigabyte per month for hosting selected ESI during the Quick Peek Production.

///

{1188/00/00605376.DOCX / 1}3

10. Defendants in over a dozen lawsuits similar to this litigation have agreed to compensate the FDIC at this rate. The defendants in any individual such lawsuit have never collectively paid more than $27,000 to receive requested ESI. In contrast, as described in paragraph 13 of this Declaration, the FDIC has already incurred over $791,000 in costs related to discovery in this litigation and, expects to incur potentially hundreds of thousands of dollars more. The FDIC has exported out roughly 25.5 million documents into Quick Peek Productions across its various lawsuits, and its various defendants have requested approximately 960,000 documents, or roughly 3.7% of the total. In some specific cases with especially high volumes, defendants have requested 0.3% or 0.4% of the documents made available through Relativity.

11. In the FDIC's Proposed ESI Protocol ("FDIC's ESI Proposal"), the FDIC has proposed a bifurcated production. In Phase I of production, the FDIC agreed to produce electronic copies of certain documents without a prior Quick Peek Production Phase. The FDIC has already produced over 10,000 documents with a page count of approximately 144,540 through this process.

12. Phase II production, which includes the Quick Peek Production phase, follows the procedures described in paragraph 7 of this Declaration. During the Quick Peek Production, the Defendants will have precisely the same search capability for uploaded documents as the FDIC has in its internal DMS server. During their review, the Defendants would be able to search and sort documents by database of origin and any agreed metadata field. The FDIC has requested that the Defendants pay $0.06 per page for Phase II Production, which allows the FDIC to recoup a portion of the costs incurred in setting up the Quick Peek database for the Defendants' review and in producing such

documents to Defendants with BATES stamping and confidentiality designations in the format they have chosen (TIFF images) with a load file.

13. The FDIC has already incurred substantial costs related to discovery in this litigation, and anticipates incurring more. After being appointed Receiver for Silver State upon the Bank's failure, the FDIC collected and processed approximately 3.4 terabytes of ESI (comprised of over 45 million Oracle data records and almost 44 million native files) possessed by the Bank and over 156,565 paper documents. Although not required to do so to satisfy its receivership obligations, the FDIC also processed and uploaded most of this material into DMS in order to streamline and hasten the discovery process in anticipated litigation against, inter alia, the former directors and officers of the Bank. For example, the FDIC scanned those paper documents it anticipated would be relevant to litigation against former directors and officers, and also conducted optical character recognition processing on those documents. The FDIC also processed both these likely relevant paper documents and ESI for uploading onto DMS. The collection, processing, and uploading of these materials into DMS cost the FDIC over $791,000 dollars.

14. Pursuant to FDIC's ESI Proposal, the FDIC and the Defendants will confer to agree on search terms to identify ESI appropriate for review during the Quick Peek Production.

15. When the FDIC and the Defendants agree on mutually acceptable search terms, the FDIC will export the responsive ESI from DMS into Relativity, a third-party platform, for the Quick Peek Production described above. This process costs the FDIC $450 per gigabyte. The FDIC does not seek to recoup any portion of this cost through its requested $0.06 per page fee for making and delivering electronic copies of Phase II ESI.

16. In order to make and deliver electronic copies of selected Phase II ESI, the FDIC will first "image" the selected ESI. In order to make and deliver electronic copies of Phase II ESI, the FDIC will also affix BATES numbers and confidentiality designations to each item of ESI. After providing BATES numbers and confidentiality designations, the FDIC will transfer electronic copies of selected ESI onto physical media and then deliver that physical media to the Defendants.

17. The FDIC's general $0.06 per page rate described in paragraph 8 of this Declaration is based on the FDIC's estimates of average production costs in a typical case, quotes the FDIC received from Lockheed, and a review of market prices for services that the FDIC provides to the Defendants in connection with making and delivering electronic copies of requested ESI. This rate incorporates the following estimates of appropriate rates for the described services:

   a. $0.15 per page for scanning of paper documents;

   b. $325 per gigabyte to "image" ESI;

   c. $0.025 per page to affix BATES numbers and confidentiality designations to items of ESI; and

   d. Labor costs ranging from $35 to $300 an hour for technical time, quality control reviewers, and project managers.

18. The $0.06 per page rate is calculated and intended to fairly compensate the FDIC for making and delivering electronic copies of ESI requested by the Defendants in the format they have chosen (TIFF images), and to recoup a portion of the costs it incurs in doing so. This rate is not calculated or intended to recoup any costs incurred initially by the FDIC to

locate, collect, or process data upon the Bank's failure, or to export selected ESI into Relativity for the Quick Peek Production Process.

19.  Since the IndyMac Case, the FDIC has applied this process to its various litigations across the nation. As it has done here, the FDIC has employed Relativity and a "Quick Peek Production" process in its litigations, and has requested that defendants in each lawsuit pay $0.06 per page for documents produced after the Quick Peek Production. The FDIC has entered into such agreements in over a dozen other lawsuits, although not all such agreements are always filed with the court.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Ray Rivard        2/4/13

# Exhibit 4

## Tony Kirkwood

| | |
|---|---|
| **From:** | Jerry Wyckoff |
| **Sent:** | Tuesday, July 31, 2012 11:30 AM |
| **To:** | 'Beyers, Maureen'; 'John McMillan'; 'Reed, Eric E.'; 'Allen Emmel'; Tony Kirkwood; 'Egan, Patrick J.'; mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; David Mullin; Rebling, Grace |
| **Subject:** | RE: ESI Protocol Meet and Confer Telephone Conference |
| **Attachments:** | Proposed ESI Protocol (00525202).DOC |

Counsel

Attached is a proposed ESI Protocol for your review in preparation for today's telephone conference.

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity. This confidential information is intended only for the use of the individuals or entities identified above. If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited. If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

**From:** Beyers, Maureen [mailto:MBeyers@omlaw.com]
**Sent:** Monday, July 30, 2012 7:05 PM
**To:** 'John McMillan'; Jerry Wyckoff; 'Reed, Eric E.'; 'Allen Emmel'; Tony Kirkwood; 'Egan, Patrick J.'; mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; David Mullin; Rebling, Grace
**Subject:** RE: ESI Protocol Meet and Confer Telephone Conference

Hello all,

Has the draft protocol been circulated yet?

**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book

2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)



**OSBORN**
**MALEDON**

(602) 640-9050 (fax)
www.omlaw.com

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

---

**From:** John McMillan [mailto:jrm@flangasmcmillan.com]
**Sent:** Monday, July 30, 2012 10:07 AM
**To:** 'Jerry Wyckoff'; Beyers, Maureen; 'Reed, Eric E.'; 'Allen Emmel'; 'Tony Kirkwood'; 'Egan, Patrick J.'; mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; 'David Mullin'; Rebling, Grace
**Subject:** RE: ESI Protocol Meet and Confer Telephone Conference

Jerry,
3:30 tomorrow works for me. I assume your draft of the ESI protocol will be forth coming shortly for our review?
John

John R. McMillan, Esq.
FLANGAS McMILLAN LAW GROUP
3275 So. Jones Blvd., Suite 105
Las Vegas, NV 89146
Telephone:  (702) 307-9500
Facsimile:  (702) 382-9452

Confidentiality Note:  This message contains information from the FLANGAS MCMILLAN LAW GROUP, and is confidential or privileged.  The information is intended to be for the use of the individual or entity to which it is addressed.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this email in error, please notify this office by return email or telephone (702) 307-9500 immediately so that we may arrange for the retrieval of the information at no cost to you.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

---

**From:** Jerry Wyckoff [mailto:jwyckoff@mhba.com]
**Sent:** Monday, July 30, 2012 9:56 AM
**To:** Beyers, Maureen; Reed, Eric E.; Allen Emmel; Tony Kirkwood; Egan, Patrick J.; mashcraft@ashcraftlawyers.com; jrm@flangasmcmillan.com; parrys@ballardspahr.com; David Mullin; Rebling, Grace
**Cc:** Jerry Wyckoff
**Subject:** ESI Protocol Meet and Confer Telephone Conference

Counsel

I have scheduled a telephone conference for Tuesday, July 31, 2012, at 3:30 PST (5:30 CST, 6:30 EST) for the meet and confer ESI protocol.  Please use the call in and participant code below.  Should you have any questions, you can reach me at my contact information below.

(888)285-4585
**PARTICIPANT**

1/16/2013

*CODE*:          712739


**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

1/16/2013

Exhibit 5

## Tony Kirkwood

| | |
|---|---|
| **From:** | Jerry Wyckoff |
| **Sent:** | Tuesday, July 31, 2012 6:49 PM |
| **To:** | 'Reed, Eric E.'; Beyers, Maureen; John McMillan; Allen Emmel; Tony Kirkwood; Egan, Patrick J.; mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; David Mullin; Rebling, Grace |
| **Subject:** | RE: ESI Protocol |
| **Attachments:** | Proposed ESI Protocol (00525202) (2).DOC |

Counsel

Attached is the ESI Protocol that Eric Reed marked up in MS Word format.

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

**Tony Kirkwood**

| | |
|---|---|
| **From:** | Reed, Eric E. [EReed@foxrothschild.com] |
| **Sent:** | Tuesday, July 31, 2012 3:05 PM |
| **To:** | Jerry Wyckoff; Beyers, Maureen; John McMillan; Allen Emmel; Tony Kirkwood; Egan, Patrick J.; mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; David Mullin; Rebling, Grace |
| **Subject:** | RE: ESI Protocol Meet and Confer Telephone Conference |
| **Attachments:** | Proposed ESI Protocol (00525202) (2).DOC |

All:

I tracked my changes and comments for today's discussion.  Thanks.

Eric E. Reed
Attorney at Law
Fox Rothschild LLP
215.299.2741

---

**From:** Jerry Wyckoff [mailto:jwyckoff@mhba.com]
**Sent:** Tuesday, July 31, 2012 12:30 PM
**To:** Beyers, Maureen; John McMillan; Reed, Eric E.; Allen Emmel; Tony Kirkwood; Egan, Patrick J.; mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; David Mullin; Rebling, Grace
**Subject:** RE: ESI Protocol Meet and Confer Telephone Conference

Counsel

Attached is a proposed ESI Protocol for your review in preparation for today's telephone conference.

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify

the sender by replying to the email or by telephone at 806.372.5050.

---

**From:** Beyers, Maureen [mailto:MBeyers@omlaw.com]
**Sent:** Monday, July 30, 2012 7:05 PM
**To:** 'John McMillan'; Jerry Wyckoff; 'Reed, Eric E.'; 'Allen Emmel'; Tony Kirkwood; 'Egan, Patrick J.';
mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; David Mullin; Rebling, Grace
**Subject:** RE: ESI Protocol Meet and Confer Telephone Conference

Hello all,

Has the draft protocol been circulated yet?

**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

---

**From:** John McMillan [mailto:jrm@flangasmcmillan.com]
**Sent:** Monday, July 30, 2012 10:07 AM
**To:** 'Jerry Wyckoff'; Beyers, Maureen; 'Reed, Eric E.'; 'Allen Emmel'; 'Tony Kirkwood'; 'Egan, Patrick J.';
mashcraft@ashcraftlawyers.com; parrys@ballardspahr.com; 'David Mullin'; Rebling, Grace
**Subject:** RE: ESI Protocol Meet and Confer Telephone Conference

Jerry,
3:30 tomorrow works for me. I assume your draft of the ESI protocol will be forth coming shortly for our review?
John

John R. McMillan, Esq.
FLANGAS McMILLAN LAW GROUP
3275 So. Jones Blvd., Suite 105
Las Vegas, NV 89146
Telephone:  (702) 307-9500
Facsimile:  (702) 382-9452

Confidentiality Note:  This message contains information from the FLANGAS MCMILLAN LAW GROUP, and is
confidential or privileged.  The information is intended to be for the use of the individual or entity to which it is addressed.  If
you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is
prohibited.  If you have received this email in error, please notify this office by return email or telephone (702) 307-9500
immediately so that we may arrange for the retrieval of the information at no cost to you.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax
advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties
that may be imposed on the taxpayer.

---

**From:** Jerry Wyckoff [mailto:jwyckoff@mhba.com]

**Sent:** Monday, July 30, 2012 9:56 AM
**To:** Beyers, Maureen; Reed, Eric E.; Allen Emmel; Tony Kirkwood; Egan, Patrick J.;
mashcraft@ashcraftlawyers.com; jrm@flangasmcmillan.com; parrys@ballardspahr.com; David Mullin; Rebling,
Grace
**Cc:** Jerry Wyckoff
**Subject:** ESI Protocol Meet and Confer Telephone Conference

Counsel

I have scheduled a telephone conference for Tuesday, July 31, 2012, at 3:30 PST (5:30 CST, 6:30 EST) for the
meet and confer ESI protocol.  Please use the call in and participant code below.  Should you have any questions,
you can reach me at my contact information below.

(888)285-4585
*PARTICIPANT
CODE:*           712739


**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be
protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product
immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or
entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying,
distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly
prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by
telephone at 806.372.5050.


ATTENTION: IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice
contained in this communication (including any attachments) is not intended or written to be used, and
cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under
the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax
advice addressed herein. --------------------------------------------- This e-mail contains PRIVILEGED AND
CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you
are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to
the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly
prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-
299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-

mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3222 via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.

# Exhibit 6

## Tony Kirkwood

| | |
|---|---|
| **From:** | Jerry Wyckoff |
| **Sent:** | Friday, August 03, 2012 11:52 AM |
| **To:** | Jerry Wyckoff |
| **Cc:** | 'Reed, Eric E.'; 'Beyers, Maureen'; 'John McMillan'; 'Allen Emmel'; Tony Kirkwood; 'Egan, Patrick J.'; 'parrys@ballardspahr.com'; David Mullin; 'Rebling, Grace'; 'Marti Ashcraft'; 'jkp@flangasmcmillan.com' |
| **Subject:** | RE: SSB - Revised ESI Protocol |
| **Attachments:** | Proposed ESI Protocol Revised - Clean Copy (00526472).DOCX; Proposed ESI Protocol Revised - Redline (00526243).DOCX |

Counsel

Attached is a redline and clean copy of the revised ESI Protocol that incorporates your requested changes, some additional changes made by the FDIC, and my comments responding to some of the questions you had pertaining to the document. If you have additional questions regarding the attached, I will be on the 10AM telephone conference call with Tony and can respond to your questions at that time.

Thank you,

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity. This confidential information is intended only for the use of the individuals or entities identified above. If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited. If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

Exhibit 7

## Tony Kirkwood

**From:** Jerry Wyckoff
**Sent:** Wednesday, August 08, 2012 3:35 PM
**To:** 'Beyers, Maureen'
**Cc:** Reed, Eric E.; John McMillan; Allen Emmel; Tony Kirkwood; Egan, Patrick J.; parrys@ballardspahr.com; David Mullin; Rebling, Grace; jkp@flangasmcmillan.com
**Subject:** RE: SSB - Revised ESI Protocol

Counsel

In response to Maureen's email regarding the ESI Protocol, Tony and I are available anytime to hold a telephone conference any time tomorrow (Thursday) or in the first half of the day on Friday.  Would you please let me know your availability or your suggested alternative dates in the event you are unavailable Thursday or Friday.

Thanks,

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

**From:** Beyers, Maureen [mailto:MBeyers@omlaw.com]
**Sent:** Tuesday, August 07, 2012 2:43 PM
**To:** Jerry Wyckoff
**Cc:** Reed, Eric E.; John McMillan; Allen Emmel; Tony Kirkwood; Egan, Patrick J.; parrys@ballardspahr.com; David Mullin; Rebling, Grace; jkp@flangasmcmillan.com
**Subject:** RE: SSB - Revised ESI Protocol

All:

I have attached the ESI protocol with some additional comments and questions.  The document is getting a little difficult to work in with all the comments, so I have highlighted my comments.

I think another call may be in order to resolve some of the outstanding issues.  Maybe later this week?

Best regards,
Maureen

**MAUREEN BEYERS** (underline)attorney profile(/underline)
mbeyers@omlaw.com | Add me to your address book



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

---

**From:** Jerry Wyckoff [mailto:jwyckoff@mhba.com]
**Sent:** Friday, August 03, 2012 9:52 AM
**To:** Jerry Wyckoff
**Cc:** Reed, Eric E.; Beyers, Maureen; John McMillan; Allen Emmel; Tony Kirkwood; Egan, Patrick J.; parrys@ballardspahr.com; David Mullin; Rebling, Grace; Marti Ashcraft; jkp@flangasmcmillan.com
**Subject:** RE: SSB - Revised ESI Protocol

Counsel

Attached is a redline and clean copy of the revised ESI Protocol that incorporates your requested changes, some additional changes made by the FDIC, and my comments responding to some of the questions you had pertaining to the document.  If you have additional questions regarding the attached, I will be on the 10AM telephone conference call with Tony and can respond to your questions at that time.

Thank you,

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

1/16/2013

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity. This confidential information is intended only for the use of the individuals or entities identified above. If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited. If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

Exhibit 8

## Tony Kirkwood

| | |
|---|---|
| **From:** | Jerry Wyckoff |
| **Sent:** | Thursday, August 09, 2012 10:43 AM |
| **To:** | 'Beyers, Maureen' |
| **Cc:** | Jessica K. Peterson; Tony Kirkwood; Reed, Eric E.; John McMillan; Allen Emmel; Egan, Patrick J.; parrys@ballardspahr.com; David Mullin; Rebling, Grace |
| **Subject:** | RE: SSB - Revised ESI Protocol |

All

Here is the call in information for today's telephone conference at 1PM Vegas (3PM Central, 4PM Eastern)

(888)622-5357
PARTICIPANT CODE:         487310


Jerry Wyckoff
Mullin Hoard & Brown, LLP
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

-----Original Message-----
From: Beyers, Maureen [mailto:MBeyers@omlaw.com]
Sent: Wednesday, August 08, 2012 6:58 PM
To: Jerry Wyckoff
Cc: Jessica K. Peterson; Tony Kirkwood; Reed, Eric E.; John McMillan; Allen Emmel; Egan, Patrick J.; parrys@ballardspahr.com; David Mullin; Rebling, Grace
Subject: Re: SSB - Revised ESI Protocol

OK.

Sent from my iPhone

On Aug 8, 2012, at 4:54 PM, "Jerry Wyckoff" <jwyckoff@mhba.com<mailto:jwyckoff@mhba.com>> wrote:

After hearing back from everyone, the AM does not work for everyone, so how about 1PM Vegas time (3PM Central)?  Unless I hear objections, I will schedule it for that time.

From: Jessica K. Peterson [mailto:jkp@flangasmcmillan.com]
Sent: Wed 8/8/2012 5:37 PM
To: Tony Kirkwood; 'Beyers, Maureen'; Jerry Wyckoff
Cc: 'Reed, Eric E.'; 'John McMillan'; 'Allen Emmel'; 'Egan, Patrick J.';
parrys@ballardspahr.com<mailto:parrys@ballardspahr.com>; David Mullin; 'Rebling, Grace'
Subject: RE: SSB - Revised ESI Protocol

Again anytime after 10:00 am PST works for me say starting at 10:15 am I am available

From: Tony Kirkwood [mailto:tkirkwood@mhba.com]
Sent: Wednesday, August 08, 2012 2:52 PM
To: Beyers, Maureen; Jessica K. Peterson; Jerry Wyckoff
Cc: Reed, Eric E.; John McMillan; Allen Emmel; Egan, Patrick J.;
parrys@ballardspahr.com<mailto:parrys@ballardspahr.com>; David Mullin; Rebling, Grace
Subject: RE: SSB - Revised ESI Protocol

All,

    I think I misspoke on my availability to Jerry.  I have a conflict that didn't make my
calendar from 11:45 to 1:30 central tomorrow.  Is there a time outside of that which works
for everyone?

Thanks.
Tony


Tony Kirkwood
Mullin Hoard & Brown, LLP


From: Beyers, Maureen [mailto:MBeyers@omlaw.com]
Sent: Wednesday, August 08, 2012 4:39 PM
To: 'Jessica K. Peterson'; Jerry Wyckoff
Cc: 'Reed, Eric E.'; 'John McMillan'; 'Allen Emmel'; Tony Kirkwood; 'Egan, Patrick J.';
parrys@ballardspahr.com<mailto:parrys@ballardspahr.com>; David Mullin; Rebling, Grace
Subject: RE: SSB - Revised ESI Protocol
Thursday at 10:00 PDT works for me too.

CONFIDENTIAL AND PRIVILEGED COMMUNICATION OF COUNSEL MAUREEN BEYERS (attorney
profile<http://www.omlaw.com/attorneys/bio/maureen-beyers/>)
mbeyers@omlaw.com<mailto:mbeyers@omlaw.com> | Add me to your address
book<http://www.omlaw.com/attorneys/vcard/maureen-beyers/>

[cid:image001.gif]<http://www.omlaw.com/>

2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012<http://g.co/maps/th9pv>
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com<http://www.omlaw.com>

[cid:image002.jpg]

This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient, please contact the
sender by reply email and destroy all copies of the original message. In order to comply
with requirements imposed by the IRS, we inform you that unless we have expressly stated
otherwise in writing, if this email (or any attachment) contains advice concerning any
federal tax matter or submission, it was not written or intended to be used, and it may
not be used, for the purpose of avoiding federal tax penalties.

From: Jessica K. Peterson [mailto:jkp@flangasmcmillan.com]
Sent: Wednesday, August 08, 2012 1:46 PM
To: 'Jerry Wyckoff'; Beyers, Maureen
Cc: 'Reed, Eric E.'; 'John McMillan'; 'Allen Emmel'; 'Tony Kirkwood'; 'Egan, Patrick J.';
parrys@ballardspahr.com<mailto:parrys@ballardspahr.com>; 'David Mullin'; Rebling, Grace
Subject: RE: SSB - Revised ESI Protocol

All:
I am available after 10:00 am PST tomorrow or all day Friday — I will provide the
appearance for both John and myself

Regards,
Jessica Peterson
Flangas McMillan

From: Jerry Wyckoff [mailto:jwyckoff@mhba.com]<mailto:[mailto:jwyckoff@mhba.com]>
Sent: Wednesday, August 08, 2012 1:35 PM
To: Beyers, Maureen
Cc: Reed, Eric E.; John McMillan; Allen Emmel; Tony Kirkwood; Egan, Patrick J.;
parrys@ballardspahr.com<mailto:parrys@ballardspahr.com>; David Mullin; Rebling, Grace;
jkp@flangasmcmillan.com<mailto:jkp@flangasmcmillan.com>
Subject: RE: SSB - Revised ESI Protocol

Counsel

In response to Maureen's email regarding the ESI Protocol, Tony and I are available
anytime to hold a telephone conference any time tomorrow (Thursday) or in the first half
of the day on Friday.  Would you please let me know your availability or your suggested
alternative dates in the event you are unavailable Thursday or Friday.

Thanks,

Jerry Wyckoff
Mullin Hoard & Brown, LLP
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com<mailto:jwyckoff@mhba.com>

This email contains confidential information (including any attachments) belonging to the sender
or his client which may be protected from disclosure by the attorney-client
privilege, the attorney or core work product immunity, the work product immunity, and/or
other privilege or immunity.  This confidential information is intended only for the use
of the individuals or entities identified above.  If you are not the intended recipient,
you are hereby notified that any use, disclosure, copying, distribution, dissemination, or
the taking of any action in reliance on the contents of the emailed information, is
strictly prohibited.  If you have received this email in error, please immediately notify
the sender by replying to the email or by telephone at 806.372.5050.

From: Beyers, Maureen [mailto:MBeyers@omlaw.com]
Sent: Tuesday, August 07, 2012 2:43 PM
To: Jerry Wyckoff
Cc: Reed, Eric E.; John McMillan; Allen Emmel; Tony Kirkwood; Egan, Patrick J.;
parrys@ballardspahr.com<mailto:parrys@ballardspahr.com>; David Mullin; Rebling, Grace;

jkp@flangasmcmillan.com<mailto:jkp@flangasmcmillan.com>
Subject: RE: SSB - Revised ESI Protocol

All:

I have attached the ESI protocol with some additional comments and questions.  The
document is getting a little difficult to work in with all the comments, so I have
highlighted my comments.
I think another call may be in order to resolve some of the outstanding issues.  Maybe
later this week?

Best regards,
Maureen

MAUREEN BEYERS (attorney profile<http://www.omlaw.com/attorneys/bio/maureen-beyers/>)
mbeyers@omlaw.com<mailto:mbeyers@omlaw.com> | Add me to your address
book<http://www.omlaw.com/attorneys/vcard/maureen-beyers/>

[cid:image001.gif]<http://www.omlaw.com/>

2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012<http://g.co/maps/th9pv>
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com<http://www.omlaw.com>

[cid:image003.jpg]



From: Jerry Wyckoff [mailto:jwyckoff@mhba.com]<mailto:[mailto:jwyckoff@mhba.com]>
Sent: Friday, August 03, 2012 9:52 AM
To: Jerry Wyckoff
Cc: Reed, Eric E.; Beyers, Maureen; John McMillan; Allen Emmel; Tony Kirkwood; Egan,
Patrick J.; parrys@ballardspahr.com<mailto:parrys@ballardspahr.com>; David Mullin;
Rebling, Grace; Marti Ashcraft; jkp@flangasmcmillan.com<mailto:jkp@flangasmcmillan.com>

Subject: RE: SSB - Revised ESI Protocol

Counsel

Attached is a redline and clean copy of the revised ESI Protocol that incorporates your
requested changes, some additional changes made by the FDIC, and my comments responding to
some of the questions you had pertaining to the document.  If you have additional
questions regarding the attached, I will be on the 10AM telephone conference call with
Tony and can respond to your questions at that time.

Thank you,

Jerry Wyckoff
Mullin Hoard & Brown, LLP
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com<mailto:jwyckoff@mhba.com>

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

# Exhibit 9

## Tony Kirkwood

| | |
|---|---|
| **From:** | Jerry Wyckoff |
| **Sent:** | Wednesday, August 22, 2012 11:46 AM |
| **To:** | Reed, Eric E. (EReed@foxrothschild.com); Egan, Patrick J. (PEgan@foxrothschild.com); Beyers, Maureen (MBeyers@omlaw.com); 'Rebling, Grace' (grebling@omlaw.com); 'Allen Emmel' (AEmmel@ekcounsel.com); jrm@flangasmcmillan.com; jkp@flangasmcmillan.com |
| **Cc:** | parrys@ballardspahr.com; Tony Kirkwood; David Mullin |
| **Subject:** | Silver Stat Bank - ESI Protocol |
| **Attachments:** | Proposed ESI Protocol Revised 8-21-12 (00533010).DOCX; Happy Valley Loan Doc Example 1.pdf; Happy Valley Loan Doc Example 2.pdf; Fileshare Example 1.pdf |

Counsel

Attached are the following documents:

1. The most recent draft of the ESI Protocol incorporating your proposed changes from our last telephone conference
2. Fireshare database screen shot showing 2 examples of the searchable fields (filepath and file name).
3. Synergy Loan Database Example 1 (Happy Valley)  **
4. Synergy Loan Database Example 2 (Happy Valley)  **

**The synergy databases were created and maintained by Silver State Bank prior to the bank failure.  As such, the FDIC has no knowledge or control over the field names, definitions, or what information/documents were inputted into this database.  I have provided 2 examples from the Happy Valley 160 loan to show you different examples as to how documents can be located.  For instance, in example 1 the document can be located by way of loan name and/or loan number, among other fields that can also be searched.  In example 2, however, the document can be located by way of borrower/guarantor name, among other fields that can also be searched, based on how the SSB employee inputted the information.  This is just one example as to how the potential different searches would identify documents within the synergy loan databases.

Regarding the ESI Protocol, we are sending the attached draft to each of you as well as our client at the same time so that we can address any last remaining issues, if any, at one time.  Would you please provide me with any comments or changes you may have, or if the attached is approved as is.  Once I hear back from you, I will be able to speak to our client regarding any final changes.

In addition, please be advised that we are attempting to locate and copy the hard copy loan file for each of the loans.  This may take a little time to get, but we are working on it.  I will let you know once we have more information.  Further, per your request I am attempting to locate a list of custodians captured at the "forensic capture", which is at the time of bank closing.  I have made the inquiry, and once I have more information I will provide you with an update on this request.

If you have any questions, feel free to email or call me at any time.


**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II

Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

1/16/2013

Exhibit 10

**Tony Kirkwood**

| | |
|---|---|
| **From:** | Jerry Wyckoff |
| **Sent:** | Monday, December 31, 2012 4:44 PM |
| **To:** | 'Beyers, Maureen'; EReed@foxrothschild.com; PEgan@foxrothschild.com; Rebling, Grace; AEmmel@ekcounsel.com; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com |
| **Cc:** | parrys@ballardspahr.com; Tony Kirkwood; David Mullin |

**Subject:** RE: Silver Stat Bank - ESI Protocol

I have set up a telephone conference call for Friday for the time indicated below.  Here is the call in information

|                       |                  |
|-----------------------|------------------|
| **USA Toll-Free:**    | (888)808-8525    |
| **PARTICIPANT CODE:** | 391109           |

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

**From:** Beyers, Maureen [mailto:MBeyers@omlaw.com]
**Sent:** Friday, December 21, 2012 3:22 PM
**To:** Jerry Wyckoff; EReed@foxrothschild.com; PEgan@foxrothschild.com; Rebling, Grace; AEmmel@ekcounsel.com; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com
**Cc:** parrys@ballardspahr.com; Tony Kirkwood; David Mullin
**Subject:** RE: Silver Stat Bank - ESI Protocol

All,

Unless I have missed something (more likely than not!), this is the last communication we have had on the ESI protocol.
We noticed that the FDIC's discovery responses refer to the Relativity database, access to which is contingent on the finalization of this protocol.

Can we set up a time to talk about this on **January 4, 2013 at about 9PST/10MST/NoonEST** in an effort to finalize?

Best regards,
Maureen


**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

---

**From:** Jerry Wyckoff [mailto:jwyckoff@mhba.com]
**Sent:** Wednesday, August 22, 2012 9:46 AM
**To:** EReed@foxrothschild.com; PEgan@foxrothschild.com; Beyers, Maureen; Rebling, Grace; AEmmel@ekcounsel.com; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com
**Cc:** parrys@ballardspahr.com; Tony Kirkwood; David Mullin
**Subject:** Silver Stat Bank - ESI Protocol

Counsel

Attached are the following documents:

1. The most recent draft of the ESI Protocol incorporating your proposed changes from our last telephone conference
2. Fireshare database screen shot showing 2 examples of the searchable fields (filepath and file name).
3. Synergy Loan Database Example 1 (Happy Valley)  **
4. Synergy Loan Database Example 2 (Happy Valley)  **

**The synergy databases were created and maintained by Silver State Bank prior to the bank failure.  As such, the FDIC has no knowledge or control over the field names, definitions, or what information/documents were inputted into this database.  I have provided 2 examples from the Happy Valley 160 loan to show you different examples as to how documents can be located.  For instance, in example 1 the document can be located by way of loan name and/or loan number, among other fields that can also be searched.  In example 2, however, the document can be located by way of borrower/guarantor name, among other fields that can also be searched, based on how the SSB employee inputted the information.  This is just one example as to how the potential different searches would identify documents within the synergy loan databases.

Regarding the ESI Protocol, we are sending the attached draft to each of you as well as our client at the same time so that we can address any last remaining issues, if any, at one time.  Would you please provide me with

1/16/2013

any comments or changes you may have, or if the attached is approved as is.  Once I hear back from you, I will be able to speak to our client regarding any final changes.

In addition, please be advised that we are attempting to locate and copy the hard copy loan file for each of the loans.  This may take a little time to get, but we are working on it.  I will let you know once we have more information.  Further, per your request I am attempting to locate a list of custodians captured at the "forensic capture", which is at the time of bank closing.  I have made the inquiry, and once I have more information I will provide you with an update on this request.

If you have any questions, feel free to email or call me at any time.


**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

1/16/2013

Exhibit 11

**Tony Kirkwood**

| | |
|---|---|
| **From:** | Beyers, Maureen [MBeyers@omlaw.com] |
| **Sent:** | Tuesday, January 15, 2013 4:40 PM |
| **To:** | Tony Kirkwood; David Mullin |
| **Cc:** | 'Reed, Eric E.'; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Rebling, Grace; Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com) |
| **Subject:** | ESI Protocol Meet & Confer |
| **Attachments:** | FDIC-Johnson DRAFT ESI Protocol.pdf |

David & Tony:

I write to follow up on the ESI protocol in this matter with the hope that we can finalize our ESI agreement.  We have conferred with counsel for Progressive, Lew Loss and Matt Dendinger, and they have tentatively approved the latest draft (copy attached) of the agreement, with one exception described below.

The draft protocol at paragraph 6 provides that the "Defendants shall collectively pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by FDIC from the Relativity database."  We are advised that the carrier may pay for the hosting fee, but will not pay the 6 cents per page for production.   We agree that shifting the cost of production to the non-producing Defendants is inappropriate in these circumstances.  *See Platronics Inc v. Aliph Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576 (ND Cal. Oct. 23, 2012) (noting the "presumption that the producing party bears the cost of production"); *Zubulake v. UBS Warburg LLC,* 217 FRD 309 (SDNY 2003) ("For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data.  A court should consider cost-shifting <u>only</u> when electronic data is relatively inaccessible, such as in backup tapes.")(emphasis in original).

Please let us know as soon as possible if you continue to take the position that the Defendants are obligated to pay for the production of electronically-stored documents in the FDIC's possession.  As you know, you have been aggressively scheduling depositions even though the FDIC's production of documents is far from complete.  You have noticed the depositions of three important witnesses as early as January 29 and 30.  As a consequence, we will have no choice but to bring this issue to Magistrate Judge Leen's attention on Friday, January 18 if we do not get your favorable response before then.

Thanks.


Best regards,
Maureen


**MAUREEN BEYERS** (<u>attorney profile</u>)
<u>mbeyers@omlaw.com</u> | <u>Add me to your address book</u>



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. In order to comply with requirements imposed by the IRS, we inform you that unless we have expressly stated otherwise in writing, if this email (or any attachment) contains advice concerning any federal tax matter or submission, it was not written or intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.

1/16/2013

Exhibit 12

## Tony Kirkwood

**From:** Rebling, Grace [grebling@omlaw.com]
**Sent:** Tuesday, January 15, 2013 7:27 PM
**To:** Tony Kirkwood
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

Thank you for the response.  We appreciate your attention to this issue and certainly understand that you will need to speak with your client.  These fee-shifting provisions have been of concern since we first spoke about the ESI protocol.  And, as of our conference call on January 4,  they remained an obstacle to finalizing the protocol.  So this should not come as too big of a surprise.

Lastly, I would just like to clarify that my email was sent on behalf of myself and Maureen, not Progressive, and not the other defense counsel who were invited to participate in the conversation.

Thanks,
Grace

---

**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Tuesday, January 15, 2013 5:45 PM
**To:** Rebling, Grace
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; jwyckoff@mhba.com; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** Re: ESI Protocol Meet & Confer

Grace,

Given that all this was suddenly dropped in my lap this afternoon after I thought we had reached an agreement subject to your obtaining approval from the insurance carrier sometime last year, I certainly think some type of conference and an opportunity for me to analyze the sudden change in position (which I can only surmise is a result of Progressive's refusal to agree to all counsel's proposal) is in order.

Although I am also busy preparing for the hearing I have to fly out for Thursday, I will endeavor to send you a more substantive response tomorrow, as well as a response to the e-mail from Maureen. Also, I appreciate your confirmation that production as documents are kept in the normal course of business is not an acceptable alternative to which Progressive will agree.

Thanks,
Tony

On Jan 15, 2013, at 5:54 PM, "Rebling, Grace" <grebling@omlaw.com> wrote:

> David and Tony,
>
> Jerry Wyckoff and I just had a phone conversation regarding the ESI protocol, and I am
> writing to follow-up and confirm the substance of that conversation.  Although the carrier

is not inclined to pay the 6 cents per page of production, our expectation is still that the documents will be produced with bates labeling, tif images, and load files.

Jerry suggested, as a solution to the cost issue, that the ESI be produced in native format without bates numbering.  Given the complexity and volume of documents in this case, this does not seem to be a viable option.  Other defense counsel are invited to chime in if they have other thoughts.

If you wish to confer on this issue, please call me.

Thank you,
Grace

---

**From:** Beyers, Maureen
**Sent:** Tuesday, January 15, 2013 3:40 PM
**To:** Tony Kirkwood; David Mullin
**Cc:** 'Reed, Eric E.'; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff (jwyckoff@mhba.com); Rebling, Grace; Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com)
**Subject:** ESI Protocol Meet & Confer

David & Tony:

I write to follow up on the ESI protocol in this matter with the hope that we can finalize our ESI agreement.  We have conferred with counsel for Progressive, Lew Loss and Matt Dendinger, and they have tentatively approved the latest draft (copy attached) of the agreement, with one exception described below.

The draft protocol at paragraph 6 provides that the "Defendants shall collectively pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by FDIC from the Relativity database."  We are advised that the carrier may pay for the hosting fee, but will not pay the 6 cents per page for production.  We agree that shifting the cost of production to the non-producing Defendants is inappropriate in these circumstances.  *See Platronics Inc v. Aliph Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576 (ND Cal. Oct. 23, 2012) (noting the "presumption that the producing party bears the cost of production"); *Zubulake v. UBS Warburg LLC,* 217 FRD 309 (SDNY 2003) ("For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data.  A court should consider cost-shifting only when electronic data is relatively inaccessible, such as in backup tapes.") (emphasis in original).

Please let us know as soon as possible if you continue to take the position that the Defendants are obligated to pay for the production of electronically-stored documents in the FDIC's possession.  As you know, you have been aggressively scheduling depositions even though the FDIC's production of documents is far from complete.  You have noticed the depositions of three important witnesses as early as January 29 and 30.  As a consequence, we will have no choice but to bring this issue to Magistrate Judge Leen's attention on Friday, January 18 if we do not get your favorable response before then.

Thanks.

Best regards,
Maureen

**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book

&lt;image001.gif&gt;

2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

&lt;image002.jpg&gt;

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. In order to comply with requirements imposed by the IRS, we inform you that unless we have expressly stated otherwise in writing, if this email (or any attachment) contains advice concerning any federal tax matter or submission, it was not written or intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.

1/16/2013

Exhibit 13

**Tony Kirkwood**

---

**From:**    Beyers, Maureen [MBeyers@omlaw.com]
**Sent:**    Wednesday, January 16, 2013 6:58 PM
**To:**      Tony Kirkwood; Rebling, Grace
**Cc:**      David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.;
             Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com;
             mashcraft@ashcraftlawyers.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

Grace or I will confer with Progressive and respond soon to your third-to-last paragraph below (starting with "As to your specific argument..."). But in the meantime, let me just dispel the notion that we are going to bring this issue up at the hearing on Friday. We are not (although I do not speak for the co-defendants). I was not suggesting in my email that I was going to bootstrap this issue onto the motion filed by Johnson and ask Judge Leen to decide it on Friday. We will, however, file a motion to compel on Friday and seek an expedited decision if we are not able to reach an agreement with you by then.

Safe travels.

Best regards,
Maureen

**MAUREEN BEYERS** (<u>attorney profile</u>)
<u>mbeyers@omlaw.com</u> | <u>Add me to your address book</u>



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

---

**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Wednesday, January 16, 2013 5:23 PM
**To:** Rebling, Grace
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** RE: ESI Protocol Meet & Confer

Maureen/Grace,

   While I hope we will be able to confer prior to bothering the Court with this, I do want to point out

several of my thoughts on the analysis of the ESI issue and the factual assertions in your e-mails. I also do not believe that your attempt to "add" this to the hearing on Friday on a Tuesday afternoon, when you know counsel will be traveling to the Courthouse on Thursday (and I had several conference calls already scheduled in the Progressive matter and this one for Wednesday) is appropriate and will voice that objection at the hearing.

Regardless, although I certainly have not had time to review all the e-mail traffic and provide firm dates and substance, I believe we initiated the ESI discussions in late July of 2012, circulated a proposed ESI agreement at that time, and had a conference call regarding the proposed ESI. While the "cost-shifting" issue, discussed below, was certainly discussed, we talked at great length regarding why we were proposing it be done in this manner and that it wasn't really "cost-shifting." After the call we circulated a proposed ESI agreement incorporating the parties' changes and comments in a redline version. You responded with another redline with additional comments and we held another ESI call on August 9th. On August 22 we circulated another revised ESI Agreement incorporating everyone's changes for final review and approval, or in order for parties to raise any further comments. On October 18 we circulated a proposed ESI agreement to all counsel in the Progressive Dec. Action, noting that we had modeled it after the D&O ESI agreement that had been previously circulated.

Despite this, it was not until December 22 that you responded and asked to set up a call regarding the ESI on January 4th. That call took place, no party had any objection or any substantive changes, and it was agreed that the proposed ESI agreement should be presented to Progressive for their approval to pay the costs involved. The next message we received was on January 15th, the message below, which stated that Progressive does not agree to the $.06 per page and described this as "cost-shifting." You also discuss our aggressive scheduling of depositions as early as January 29th and 30th and that, as a result, you have no choice but to bring this to the attention of the Court on January 18th if you do not get a favorable response before then. That same day, you advised that you were not willing to accept production of the FDIC documents in the format they are kept in the normal course of business (native) and that you require tiff images and load files.

As you are well aware, however, the FDIC has been attempting to set up depositions in this matter and of these persons as far back as November 2, 2012. It was only at your request that the deposition dates were moved back to late January, a request that we accommodated. There is repeated correspondence in early November regarding this, and your agreement to the specific deposition dates. In addition, in mid-December, we engaged in additional correspondence regarding the setting of additional depositions in February and your co-defendant began scheduling depositions as well. This is not "aggressive" deposition scheduling, instead it has been dictated by both the scheduling order and accomodations to your scheduling requests.

Despite knowing of these depositions since early November, you never responded to our ESI e-mails and drafts until late December, and then scheduled a call for early January. It was not until Progressive denied the ESI proposal that you contacted us shortly before an already scheduled hearing to demand that we acquiesce to your cost-shifting argument or you intend to raise it at the hearing. This is not an attempt to confer, this does not allow the parties to discuss potential options, and it certainly does not allow for proper preparation and briefing.

As to your specific argument that this is "cost-shifting," however, I would like you to consider the following because I believe we may have some confusion about what is and is not cost-shifting. The $.06 per page is not a charge for us locating documents, it is not a charge for us providing access to them or placing them in a reasonable format. As we mentioned, we can produce them for inspection in native format. Instead, this cost is to put the documents in a form you want them, i.e. tif images, and provide load files. The rules, although I have not, of course, had the opportunity to fully research the issue given the late notice, do not in my opinion require us to do so. Much like paper document production, the presumption that the producing party should bear the cost of responding to properly initiated discovery requests does not abrogate the presumption that each party bears the ordinary burden of financing his or her own suit. In fact, the District of Nevada has held that a party is not even obligated to pay for copies of documents under Rule 34; it is required to produce the documents for the other side to copy at their own expense. While we as attorneys do not generally do this, although I suppose I can only speak for myself, this appears to indicate that your request--that we pay at our own expense to convert documents that are in native format as they are kept in the ordinary course of business into a format that you would prefer so that you can save costs setting up your searches or however you intend to review them--is not required under the rules and is not "cost-shifting." In short, you are asking my client to bear the cost of switching formats for your convenience, not so that they will be responsive or in a usable form.

In short, I believe that this warrants further discussion as well as an opportunity to research and brief the issue for the Court if we are unable to reach agreement.

1/16/2013

I have to turn to preparing for Friday's scheduled hearing on Friday and am traveling to Nevada tomorrow, but I would welcome your discussing this with your client and providing your thoughts. I look forward to seeing y'all on Friday and we can certainly attempt to confer then as well.

**Tony Kirkwood**
**Mullin Hoard & Brown, LLP**

---

**From:** Rebling, Grace [mailto:grebling@omlaw.com]
**Sent:** Tuesday, January 15, 2013 7:27 PM
**To:** Tony Kirkwood
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

Thank you for the response. We appreciate your attention to this issue and certainly understand that you will need to speak with your client. These fee-shifting provisions have been of concern since we first spoke about the ESI protocol. And, as of our conference call on January 4, they remained an obstacle to finalizing the protocol. So this should not come as too big of a surprise.

Lastly, I would just like to clarify that my email was sent on behalf of myself and Maureen, not Progressive, and not the other defense counsel who were invited to participate in the conversation.

Thanks,
Grace

---

**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Tuesday, January 15, 2013 5:45 PM
**To:** Rebling, Grace
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; jwyckoff@mhba.com; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** Re: ESI Protocol Meet & Confer

Grace,

Given that all this was suddenly dropped in my lap this afternoon after I thought we had reached an agreement subject to your obtaining approval from the insurance carrier sometime last year, I certainly think some type of conference and an opportunity for me to analyze the sudden change in position (which I can only surmise is a result of Progressive's refusal to agree to all counsel's proposal) is in order.

Although I am also busy preparing for the hearing I have to fly out for Thursday, I will endeavor to send you a more substantive response tomorrow, as well as a response to the e-mail from Maureen. Also, I appreciate your confirmation that production as documents are kept in the normal course of business is not an acceptable alternative to which Progressive will agree.

Thanks,
Tony

1/16/2013

On Jan 15, 2013, at 5:54 PM, "Rebling, Grace" <grebling@omlaw.com> wrote:

David and Tony,

Jerry Wyckoff and I just had a phone conversation regarding the ESI protocol, and I am writing to follow-up and confirm the substance of that conversation.  Although the carrier is not inclined to pay the 6 cents per page of production, our expectation is still that the documents will be produced with bates labeling, tif images, and load files.

Jerry suggested, as a solution to the cost issue, that the ESI be produced in native format without bates numbering.  Given the complexity and volume of documents in this case, this does not seem to be a viable option.  Other defense counsel are invited to chime in if they have other thoughts.

If you wish to confer on this issue, please call me.

Thank you,
Grace

---

**From:** Beyers, Maureen
**Sent:** Tuesday, January 15, 2013 3:40 PM
**To:** Tony Kirkwood; David Mullin
**Cc:** 'Reed, Eric E.'; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff (jwyckoff@mhba.com); Rebling, Grace; Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com)
**Subject:** ESI Protocol Meet & Confer

David & Tony:

I write to follow up on the ESI protocol in this matter with the hope that we can finalize our ESI agreement.  We have conferred with counsel for Progressive, Lew Loss and Matt Dendinger, and they have tentatively approved the latest draft (copy attached) of the agreement, with one exception described below.

The draft protocol at paragraph 6 provides that the "Defendants shall collectively pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by FDIC from the Relativity database."  We are advised that the carrier may pay for the hosting fee, but will not pay the 6 cents per page for production.   We agree that shifting the cost of production to the non-producing Defendants is inappropriate in these circumstances.  *See Platronics Inc v. Aliph Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576 (ND Cal. Oct. 23, 2012) (noting the "presumption that the producing party bears the cost of production"); *Zubulake v. UBS Warburg LLC,* 217 FRD 309 (SDNY 2003) ("For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data.  A court should consider cost-shifting only when electronic data is relatively inaccessible, such as in backup tapes.") (emphasis in original).

Please let us know as soon as possible if you continue to take the position that the

Defendants are obligated to pay for the production of electronically-stored documents in the FDIC's possession.  As you know, you have been aggressively scheduling depositions even though the FDIC's production of documents is far from complete.  You have noticed the depositions of three important witnesses as early as January 29 and 30.  As a consequence, we will have no choice but to bring this issue to Magistrate Judge Leen's attention on Friday, January 18 if we do not get your favorable response before then.

Thanks.

Best regards,
Maureen

**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book

<image001.gif>                    2929 North Central Avenue, Suite 2100
                                   Phoenix, Arizona 85012
                                   (602) 640-9305 (direct)
                                   (602) 640-9050 (fax)
                                   www.omlaw.com

<image002.jpg>

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. In order to comply with requirements imposed by the IRS, we inform you that unless we have expressly stated otherwise in writing, if this email (or any attachment) contains advice concerning any federal tax matter or submission, it was not written or intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.

1/16/2013

**Tony Kirkwood**

| | |
|---|---|
| **From:** | Tony Kirkwood |
| **Sent:** | Wednesday, January 16, 2013 7:03 PM |
| **To:** | 'Beyers, Maureen'; Rebling, Grace |
| **Cc:** | David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com |

**Subject:** RE: ESI Protocol Meet & Confer

Thanks Maureen, I'll look forward to hearing from you. I don't know if the best way to address it is a motion to compel or whether we should just submit competing ESI Protocols and brief it, but we can figure that out if it becomes necessary.

**Tony Kirkwood**
**Mullin Hoard & Brown, LLP**

---

**From:** Beyers, Maureen [mailto:MBeyers@omlaw.com]
**Sent:** Wednesday, January 16, 2013 6:58 PM
**To:** Tony Kirkwood; Rebling, Grace
**Cc:** David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

Grace or I will confer with Progressive and respond soon to your third-to-last paragraph below (starting with "As to your specific argument…").  But in the meantime, let me just dispel the notion that we are going to bring this issue up at the hearing on Friday.   We are not (although I do not speak for the co-defendants).  I was not suggesting in my email that I was going to bootstrap this issue onto the motion filed by Johnson and ask Judge Leen to decide it on Friday. We will, however, file a motion to compel on Friday and seek an expedited decision if we are not able to reach an agreement with you by then.

Safe travels.

Best regards,
Maureen

**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

1/16/2013

**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Wednesday, January 16, 2013 5:23 PM
**To:** Rebling, Grace
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** RE: ESI Protocol Meet & Confer

Maureen/Grace,

   While I hope we will be able to confer prior to bothering the Court with this, I do want to point out several of my thoughts on the analysis of the ESI issue and the factual assertions in your e-mails. I also do not believe that your attempt to "add" this to the hearing on Friday on a Tuesday afternoon, when you know counsel will be traveling to the Courthouse on Thursday (and I had several conference calls already scheduled in the Progressive matter and this one for Wednesday) is appropriate and will voice that objection at the hearing.

   Regardless, although I certainly have not had time to review all the e-mail traffic and provide firm dates and substance, I believe we initiated the ESI discussions in late July of 2012, circulated a proposed ESI agreement at that time, and had a conference call regarding the proposed ESI. While the "cost-shifting" issue, discussed below, was certainly discussed, we talked at great length regarding why we were proposing it be done in this manner and that it wasn't really "cost-shifting." After the call we circulated a proposed ESI agreement incorporating the parties' changes and comments in a redline version. You responded with another redline with additional comments and we held another ESI call on August 9th. On August 22 we circulated another revised ESI Agreement incorporating everyone's changes for final review and approval, or in order for parties to raise any further comments. On October 18 we circulated a proposed ESI agreement to all counsel in the Progressive Dec. Action, noting that we had modeled it after the D&O ESI agreement that had been previously circulated.

   Despite this, it was not until December 22 that you responded and asked to set up a call regarding the ESI on January 4th. That call took place, no party had any objection or any substantive changes, and it was agreed that the proposed ESI agreement would be presented to Progressive for their approval to pay the costs involved. The next message we received was on January 15th, the message below, which stated that Progressive does not agree to the $.06 per page and described this as "cost-shifting." You also discuss our aggressive scheduling of depositions as early as January 29 and 30th and that, as a result, you have no choice but to bring this to the attention of the Court on January 18th if you do not get a favorable response before then. That same day, you advised that you were not willing to accept production of the FDIC documents in the format they are kept in the normal course of business (native) and that you require tiff images and load files.

   As you are well aware, however, the FDIC has been attempting to set up depositions in this matter and of these persons as far back as November 2, 2012. It was only at your request that the deposition dates were moved back to late January, a request that we accommodated. There is repeated correspondence in early November regarding this, and your agreement to the specific deposition dates. In addition, in mid-December, we engaged in additional correspondence regarding the setting of additional depositions in February and your co-defendant began scheduling depositions as well. This is not "aggressive" deposition scheduling, instead it has been dictated by both the scheduling order and accomodations to your scheduling requests.

   Despite knowing of these depositions since early November, you never responded to our ESI e-mails and drafts until late December, and then scheduled a call for early January. It was not until Progressive denied the ESI proposal that you contacted us shortly before an already scheduled hearing to demand that we acquiesce to your cost-shifting argument or you intend to raise it at the hearing. This is not an attempt to confer, this does not allow the parties to discuss potential options, and it certainly does not allow for proper preparation and briefing.

   As to your specific argument that this is "cost-shifting," however, I would like you to consider the following

because I believe we may have some confusion about what is and is not cost-shifting. The $.06 per page is not a charge for us locating documents, it is not a charge for us providing access to them or placing them in a reasonable format. As we mentioned, we can produce them for inspection in native format. Instead, this cost is to put the documents in a form you want them, i.e. tif images, and provide load files. The rules, although I have not, of course, had the opportunity to fully research the issue given the late notice, do not in my opinion require us to do so. Much like paper document production, the presumption that the producing party should bear the cost of responding to properly initiated discovery requests does not abrogate the presumption that each party bears the ordinary burden of financing his or her own suit. In fact, the District of Nevada has held that a party is not even obligated to pay for copies of documents under Rule 34; it is required to produce the documents for the other side to copy at their own expense. While we as attorneys do not generally do this, although I suppose I can only speak for myself, this appears to indicate that your request--that we pay at our own expense to convert documents that are in native format as they are kept in the ordinary course of business into a format that you would prefer so that you can save costs setting up your searches or however you intend to review them--is not required under the rules and is not "cost-shifting." In short, you are asking my client to bear the cost of switching formats for your convenience, not so that they will be responsive or in a usable form.

In short, I believe that this warrants further discussion as well as an opportunity to research and brief the issue for the Court if we are unable to reach agreement.

I have to turn to preparing for Friday's scheduled hearing on Friday and am traveling to Nevada tomorrow, but I would welcome your discussing this with your client and providing your thoughts. I look forward to seeing y'all on Friday and we can certainly attempt to confer then as well.

**Tony Kirkwood**
**Mullin Hoard & Brown, LLP**

---

**From:** Rebling, Grace [mailto:grebling@omlaw.com]
**Sent:** Tuesday, January 15, 2013 7:27 PM
**To:** Tony Kirkwood
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

Thank you for the response. We appreciate your attention to this issue and certainly understand that you will need to speak with your client. These fee-shifting provisions have been of concern since we first spoke about the ESI protocol. And, as of our conference call on January 4, they remained an obstacle to finalizing the protocol. So this should not come as too big of a surprise.

Lastly, I would just like to clarify that my email was sent on behalf of myself and Maureen, not Progressive, and not the other defense counsel who were invited to participate in the conversation.

Thanks,
Grace

---

**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Tuesday, January 15, 2013 5:45 PM
**To:** Rebling, Grace
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; jwyckoff@mhba.com; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** Re: ESI Protocol Meet & Confer

Grace,

Given that all this was suddenly dropped in my lap this afternoon after I thought we had reached an agreement subject to your obtaining approval from the insurance carrier sometime last year, I certainly think some type of conference and an opportunity for me to analyze the sudden change in position (which I can only surmise is a result of Progressive's refusal to agree to all counsel's proposal) is in order.

Although I am also busy preparing for the hearing I have to fly out for Thursday, I will endeavor to send you a more substantive response tomorrow, as well as a response to the e-mail from Maureen. Also, I appreciate your confirmation that production as documents are kept in the normal course of business is not an acceptable alternative to which Progressive will agree.

Thanks,
Tony

On Jan 15, 2013, at 5:54 PM, "Rebling, Grace" <grebling@omlaw.com> wrote:

> David and Tony,
>
> Jerry Wyckoff and I just had a phone conversation regarding the ESI protocol, and I am writing to follow-up and confirm the substance of that conversation. Although the carrier is not inclined to pay the 6 cents per page of production, our expectation is still that the documents will be produced with bates labeling, tif images, and load files.
>
> Jerry suggested, as a solution to the cost issue, that the ESI be produced in native format without bates numbering. Given the complexity and volume of documents in this case, this does not seem to be a viable option. Other defense counsel are invited to chime in if they have other thoughts.
>
> If you wish to confer on this issue, please call me.
>
> Thank you,
> Grace

---

**From:** Beyers, Maureen
**Sent:** Tuesday, January 15, 2013 3:40 PM
**To:** Tony Kirkwood; David Mullin
**Cc:** 'Reed, Eric E.'; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff (jwyckoff@mhba.com); Rebling, Grace; Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com)
**Subject:** ESI Protocol Meet & Confer

David & Tony:

I write to follow up on the ESI protocol in this matter with the hope that we can finalize our ESI agreement. We have conferred with counsel for Progressive, Lew Loss and Matt Dendinger, and they have tentatively approved the latest draft (copy attached) of the agreement, with one exception described below.

The draft protocol at paragraph 6 provides that the "Defendants shall collectively pay a

monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by FDIC from the Relativity database." We are advised that the carrier may pay for the hosting fee, but will not pay the 6 cents per page for production. We agree that shifting the cost of production to the non-producing Defendants is inappropriate in these circumstances. *See Platronics Inc v. Aliph Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576 (ND Cal. Oct. 23, 2012) (noting the "presumption that the producing party bears the cost of production"); *Zubulake v. UBS Warburg LLC,* 217 FRD 309 (SDNY 2003) ("For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data. A court should consider cost-shifting <u>only</u> when electronic data is relatively inaccessible, such as in backup tapes.") (emphasis in original).

Please let us know as soon as possible if you continue to take the position that the Defendants are obligated to pay for the production of electronically-stored documents in the FDIC's possession. As you know, you have been aggressively scheduling depositions even though the FDIC's production of documents is far from complete. You have noticed the depositions of three important witnesses as early as January 29 and 30. As a consequence, we will have no choice but to bring this issue to Magistrate Judge Leen's attention on Friday, January 18 if we do not get your favorable response before then.

Thanks.

Best regards,
Maureen


**MAUREEN BEYERS** (<u>attorney profile</u>)
<u>mbeyers@omlaw.com</u> | <u>Add me to your address book</u>

&lt;image001.gif&gt;

2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com


&lt;image002.jpg&gt;

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. In order to comply with requirements imposed by the IRS, we inform you that unless we have expressly stated otherwise in writing, if this email (or any attachment) contains advice concerning any federal tax matter or submission, it was not written or intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.

1/16/2013

Exhibit 14

## Jerry Wyckoff

| | |
|---|---|
| **From:** | Allen Emmel <AEmmel@ekcounsel.com> |
| **Sent:** | Tuesday, November 06, 2012 4:39 PM |
| **To:** | Beyers, Maureen |
| **Cc:** | John McMillan; Egan, Patrick J.; Reed, Eric E.; Rebling, Grace; Jerry Wyckoff; David Mullin; Tony Kirkwood |
| **Subject:** | Re: Revision to Scheduling Order |

I am also okay as long as it is late January.

On Nov 6, 2012, at 2:27 PM, "Beyers, Maureen" <MBeyers@omlaw.com> wrote:

I am OK with it too, provided we stipulate to late January, such as the week of Jan 28.

**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book

<image001.gif>    2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

<image004.jpg>

**From:** John McMillan [mailto:jrm@flangasmcmillan.com]
**Sent:** Tuesday, November 06, 2012 3:10 PM
**To:** 'Egan, Patrick J.'; 'Allen Emmel'; Beyers, Maureen; 'Reed, Eric E.'; Rebling, Grace
**Cc:** 'Jerry Wyckoff'; 'David Mullin'; 'Tony Kirkwood'
**Subject:** RE: Revision to Scheduling Order

In light of Jerry's follow-up e-mail to your e-mail Patrick, I am ok with this stipulation.

John R. McMillan, Esq.
FLANGAS McMILLAN LAW GROUP
3275 So. Jones Blvd., Suite 105
Las Vegas, NV 89146
Telephone: (702) 307-9500
Facsimile: (702) 382-9452

Confidentiality Note: This message contains information from the FLANGAS MCMILLAN LAW GROUP, and is confidential or privileged. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this email in error, please notify this office by return email or telephone (702) 307-9500 immediately so that we may arrange for the retrieval of the information at no cost to you.

**Jerry Wyckoff**

| | |
|---|---|
| **From:** | Egan, Patrick J. <PEgan@foxrothschild.com> |
| **Sent:** | Tuesday, November 06, 2012 3:50 PM |
| **To:** | Jerry Wyckoff |
| **Subject:** | RE: Revision to Scheduling Order |

Much more eloquently stated than my version...

Patrick J. Egan
Fox Rothschild LLP
215.299.2825 phone
pegan@foxrothschild.com

---

**From:** Jerry Wyckoff [mailto:jwyckoff@mhba.com]
**Sent:** Tuesday, November 06, 2012 4:49 PM
**To:** Egan, Patrick J.; John McMillan; Allen Emmel; Beyers, Maureen; Reed, Eric E.; Rebling, Grace
**Cc:** David Mullin; Tony Kirkwood
**Subject:** RE: Revision to Scheduling Order

Patrick

To confirm our telephone conversation, the FDIC is agreeable to rescheduling the depositions to a mutually agreeable date in January and pushing back expert disclosure deadlines by 60 days.  However, as discussed, we cannot agree to the mentioning of any bates labeling issue to show good cause as to why the expert deadlines need to be moved because we do not believe any bates labeling issue impeded any review of documents or delayed discovery since the documents were provided to all defendants in a readable format when initially produced.  We will not oppose other arguments of good cause such as citing to the  number of documents produced coupled with the need to review all documents in order to fully understand all transactions within the loans for a complete understanding of the loans.

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity. This confidential information is intended only for the use of the individuals or entities identified above. If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited. If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

**From:** Egan, Patrick J. [mailto:PEgan@foxrothschild.com]
**Sent:** Tuesday, November 06, 2012 3:45 PM
**To:** 'John McMillan'; 'Allen Emmel'; 'Beyers, Maureen'; Reed, Eric E.; 'Rebling, Grace'
**Cc:** Jerry Wyckoff; David Mullin; Tony Kirkwood
**Subject:** Revision to Scheduling Order


I spoke with Jerry Wyckoff this afternoon. He agreed to stipulate that expert reports be pushed back 60 days to March as long as no extension of discovery cut-off. Expert reports would be due in March, rebuttals in April, cut-off still in May. Other caveat was that we would not use delay in receiving discovery as basis for request, but would make it based on mutual agreement of parties and need to review paper discovery before taking depositions.
If this is ok with everyone we would do a stipulation and order amending scheduling order and push back depositions to January.

Please advise re your respective positions. Jerry, please advise if I have mis-stated anything

Patrick J. Egan
Fox Rothschild LLP
215.299.2825 phone
pegan@foxrothschild.com


ATTENTION: IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein. ------------------------------------------- This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (215)-299-2167 or notify us by e-mail at helpdesk@foxrothschild.com. Also, please mail a hardcopy of the e-mail to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3222 via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.


ATTENTION: IRS CIRCULAR 230 DISCLOSURE: Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax advice addressed herein. ------------------------------------------- This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you

**Tony Kirkwood**

| | |
|---|---|
| **From:** | Jerry Wyckoff |
| **Sent:** | Friday, November 02, 2012 2:44 PM |
| **To:** | jkp@flangasmcmillan.com; jrm@flangasmcmillan.com; 'Allen Emmel' (AEmmel@ekcounsel.com); Egan, Patrick J. (PEgan@foxrothschild.com); Reed, Eric E. (EReed@foxrothschild.com); mashcraft@ashcraftlawyers.com; Beyers, Maureen (MBeyers@omlaw.com) |
| **Cc:** | Tony Kirkwood; David Mullin |
| **Subject:** | Silver State Bank D&O - Deposition |

Counsel

The FDIC would like to set the depositions of Mike Thorell, Greg Thorell, and Bo Hughes in the Scottsdale, AZ , as well as the deposition of Cal Regan in either Las Vegas or Salt Lake City, UT.

Mike Thorell, Greg Thorell, and Bo Hughes live in Scottsdale, AZ .  We anticipate all 3 depositions could be completed in 2 days.  The witnesses are available December 4-5 or Dec 18-19

Cal Regan – Mr. Regan lives in Salt Lake City UT, but is traveling to Las Vegas in early December and may have time available on December 5th.  Mr. Regan would need to work on some details if counsel is available for this date before it could be confirmed.   Otherwise his available dates in Salt Lake City, UT are November 26, 29, 30, Dec 17, 20, or 21

Will you please advise me as to your availability for these dates.

**Jerry Wyckoff**
**Mullin Hoard & Brown, LLP**
500 S. Taylor, Suite 800
Amarillo National Bank Plaza II
Amarillo, Texas 79101

806.337.1120 - Direct Dial
806.372.5050 - Main number
806.372.5086 - fax number

Mailing Address:
P. O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jwyckoff@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity.  This confidential information is intended only for the use of the individuals or entities identified above.  If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

# Exhibit 15

## Tony Kirkwood

**From:** Beyers, Maureen [MBeyers@omlaw.com]
**Sent:** Thursday, January 17, 2013 5:47 PM
**To:** Tony Kirkwood; Rebling, Grace
**Cc:** David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

We have conferred with Progressive, and they are not persuaded that the cost shifting to the defendants is appropriate especially since the FDIC has lost this battle before.
We agree with you that filing our competing protocols is the best way to get this issue before Judge Leen, and we will file our proposed protocol tomorrow unless we have a favorable response from you.
Please let me know if you will reconsider your position.

Thanks.

Best regards,
Maureen

**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com

---

**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Wednesday, January 16, 2013 6:03 PM
**To:** Beyers, Maureen; Rebling, Grace
**Cc:** David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com
**Subject:** RE: ESI Protocol Meet & Confer

Thanks Maureen, I'll look forward to hearing from you. I don't know if the best way to address it is a motion to compel or whether we should just submit competing ESI Protocols and brief it, but we can figure that out if it becomes necessary.

**Tony Kirkwood**
**Mullin Hoard & Brown, LLP**

**From:** Beyers, Maureen [mailto:MBeyers@omlaw.com]
**Sent:** Wednesday, January 16, 2013 6:58 PM
**To:** Tony Kirkwood; Rebling, Grace
**Cc:** David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

Grace or I will confer with Progressive and respond soon to your third-to-last paragraph below (starting with "As to your specific argument..."). But in the meantime, let me just dispel the notion that we are going to bring this issue up at the hearing on Friday. We are not (although I do not speak for the co-defendants. I was not suggesting in my email that I was going to bootstrap this issue onto the motion filed by Johnson and ask Judge Leen to decide it on Friday. We will, however, file a motion to compel on Friday and seek an expedited decision if we are not able to reach an agreement with you by then.

Safe travels.

Best regards,
Maureen


**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book



2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9305 (direct)
(602) 640-9050 (fax)
www.omlaw.com


**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Wednesday, January 16, 2013 5:23 PM
**To:** Rebling, Grace
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** RE: ESI Protocol Meet & Confer

Maureen/Grace,

    While I hope we will be able to confer prior to bothering the Court with this, I do want to point out several of my thoughts on the analysis of the ESI issue and the factual assertions in your e-mails. I also do not believe that your attempt to "add" this to the hearing on Friday on a Tuesday afternoon, when you know counsel will be traveling to the Courthouse on Thursday (and I had several conference calls already scheduled in the Progressive matter and this one for Wednesday) is appropriate and will voice that objection at the hearing.

1/25/2013

Regardless, although I certainly have not had time to review all the e-mail traffic and provide firm dates and substance, I believe we initiated the ESI discussions in late July of 2012, circulated a proposed ESI agreement at that time, and had a conference call regarding the proposed ESI. While the "cost-shifting" issue, discussed below, was certainly discussed, we talked at great length regarding why we were proposing it be done in this manner and that it wasn't really "cost-shifting." After the call we circulated a proposed ESI agreement incorporating the parties' changes and comments in a redline version. You responded with another redline with additional comments and we held another ESI call on August 9th. On August 22 we circulated another revised ESI Agreement incorporating everyone's changes for final review and approval, or in order for parties to raise any further comments. On October 18 we circulated a proposed ESI agreement to all counsel in the Progressive Dec. Action, noting that we had modeled it after the D&O ESI agreement that had been previously circulated.

Despite this, it was not until December 22 that you responded and asked to set up a call regarding the ESI on January 4th. That call took place, no party had any objection or any substantive changes, and it was agreed that the proposed ESI agreement would be presented to Progressive for their approval to pay the costs involved. The next message we received was on January 15th, the message below, which stated that Progressive does not agree to the $.06 per page and described this as "cost-shifting." You also discuss our aggressive scheduling of depositions as early as January 29 and 30th and that, as a result, you have no choice but to bring this to the attention of the Court on January 18th if you do not get a favorable response before then. That same day, you advised that you were not willing to accept production of the FDIC documents in the format they are kept in the normal course of business (native) and that you require tiff images and load files.

As you are well aware, however, the FDIC has been attempting to set up depositions in this matter and of these persons as far back as November 2, 2012. It was only at your request that the deposition dates were moved back to late January, a request that we accommodated. There is repeated correspondence in early November regarding this, and your agreement to the specific deposition dates. In addition, in mid-December, we engaged in additional correspondence regarding the setting of additional depositions in February and your co-defendant began scheduling depositions as well. This is not "aggressive" deposition scheduling, instead it has been dictated by both the scheduling order and accomodations to your scheduling requests.

Despite knowing of these depositions since early November, you never responded to our ESI e-mails and drafts until late December, and then scheduled a call for early January. It was not until Progressive denied the ESI proposal that you contacted us shortly before an already scheduled hearing to demand that we acquiesce to your cost-shifting argument or you intend to raise it at the hearing. This is not an attempt to confer, this does not allow the parties to discuss potential options, and it certainly does not allow for proper preparation and briefing.

As to your specific argument that this is "cost-shifting," however, I would like you to consider the following because I believe we may have some confusion about what is and is not cost-shifting. The $.06 per page is not a charge for us locating documents, it is not a charge for us providing access to them or placing them in a reasonable format. As we mentioned, we can produce them for inspection in native format. Instead, this cost is to put the documents in a form you want them, i.e. tif images, and provide load files. The rules, although I have not, of course, had the opportunity to fully research the issue given the late notice, do not in my opinion require us to do so. Much like paper document production, the presumption that the producing party should bear the cost of responding to properly initiated discovery requests does not abrogate the presumption that each party bears the ordinary burden of financing his or her own suit. In fact, the District of Nevada has held that a party is not even obligated to pay for copies of documents under Rule 34; it is required to produce the documents for the other side to copy at their own expense. While we as attorneys do not generally do this, although I suppose I can only speak for myself, this appears to indicate that your request--that we pay at our own expense to convert documents that are in native format as they are kept in the ordinary course of business into a format that you would prefer so that you can save costs setting up your searches or however you intend to review them--is not required under the rules and is not "cost-shifting." In short, you are asking my client to bear the cost of switching formats for your convenience, not so that they will be responsive or in a usable form.

In short, I believe that this warrants further discussion as well as an opportunity to research and brief the issue for the Court if we are unable to reach agreement.

I have to turn to preparing for Friday's scheduled hearing on Friday and am traveling to Nevada tomorrow, but I would welcome your discussing this with your client and providing your thoughts. I look forward to seeing y'all on Friday and we can certainly attempt to confer then as well.

1/25/2013

**Tony Kirkwood**
**Mullin Hoard & Brown, LLP**

---

**From:** Rebling, Grace [mailto:grebling@omlaw.com]
**Sent:** Tuesday, January 15, 2013 7:27 PM
**To:** Tony Kirkwood
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

Thank you for the response.  We appreciate your attention to this issue and certainly understand that you will need to speak with your client.  These fee-shifting provisions have been of concern since we first spoke about the ESI protocol.  And, as of our conference call on January 4,  they remained an obstacle to finalizing the protocol.  So this should not come as too big of a surprise.

Lastly, I would just like to clarify that my email was sent on behalf of myself and Maureen, not Progressive, and not the other defense counsel who were invited to participate in the conversation.

Thanks,
Grace

---

**From:** Tony Kirkwood [mailto:tkirkwood@mhba.com]
**Sent:** Tuesday, January 15, 2013 5:45 PM
**To:** Rebling, Grace
**Cc:** Beyers, Maureen; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; jwyckoff@mhba.com; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
**Subject:** Re: ESI Protocol Meet & Confer

Grace,

Given that all this was suddenly dropped in my lap this afternoon after I thought we had reached an agreement subject to your obtaining approval from the insurance carrier sometime last year, I certainly think some type of conference and an opportunity for me to analyze the sudden change in position (which I can only surmise is a result of Progressive's refusal to agree to all counsel's proposal) is in order.

Although I am also busy preparing for the hearing I have to fly out for Thursday, I will endeavor to send you a more substantive response tomorrow, as well as a response to the e-mail from Maureen. Also, I appreciate your confirmation that production as documents are kept in the normal course of business is not an acceptable alternative to which Progressive will agree.

Thanks,
Tony

On Jan 15, 2013, at 5:54 PM, "Rebling, Grace" <grebling@omlaw.com> wrote:

    David and Tony,

1/25/2013

Jerry Wyckoff and I just had a phone conversation regarding the ESI protocol, and I am writing to follow-up and confirm the substance of that conversation.  Although the carrier is not inclined to pay the 6 cents per page of production, our expectation is still that the documents will be produced with bates labeling, tif images, and load files.

Jerry suggested, as a solution to the cost issue, that the ESI be produced in native format without bates numbering.  Given the complexity and volume of documents in this case, this does not seem to be a viable option.  Other defense counsel are invited to chime in if they have other thoughts.

If you wish to confer on this issue, please call me.

Thank you,
Grace

---

**From:** Beyers, Maureen
**Sent:** Tuesday, January 15, 2013 3:40 PM
**To:** Tony Kirkwood; David Mullin
**Cc:** 'Reed, Eric E.'; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff (jwyckoff@mhba.com); Rebling, Grace; Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com)
**Subject:** ESI Protocol Meet & Confer

David & Tony:

I write to follow up on the ESI protocol in this matter with the hope that we can finalize our ESI agreement.  We have conferred with counsel for Progressive, Lew Loss and Matt Dendinger, and they have tentatively approved the latest draft (copy attached) of the agreement, with one exception described below.

The draft protocol at paragraph 6 provides that the "Defendants shall collectively pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered by FDIC from the Relativity database."  We are advised that the carrier may pay for the hosting fee, but will not pay the 6 cents per page for production.   We agree that shifting the cost of production to the non-producing Defendants is inappropriate in these circumstances.  *See Platronics Inc v. Aliph Inc.*, No. C 09–01714 WHA (LB), 2012 WL 6761576 (ND Cal. Oct. 23, 2012) (noting the "presumption that the producing party bears the cost of production"); *Zubulake v. UBS Warburg LLC,* 217 FRD 309 (SDNY 2003) ("For data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data.  A court should consider cost-shifting only when electronic data is relatively inaccessible, such as in backup tapes.") (emphasis in original).

Please let us know as soon as possible if you continue to take the position that the Defendants are obligated to pay for the production of electronically-stored documents in the FDIC's possession.  As you know, you have been aggressively scheduling depositions even though the FDIC's production of documents is far from complete.  You have noticed the depositions of three important witnesses as early as January 29 and 30.  As a

consequence, we will have no choice but to bring this issue to Magistrate Judge Leen's attention on Friday, January 18 if we do not get your favorable response before then.

Thanks.

Best regards,
Maureen

**MAUREEN BEYERS** (underline)(attorney profile)(/underline)
mbeyers@omlaw.com | Add me to your address book

<image001.gif>
       2929 North Central Avenue, Suite 2100
       Phoenix, Arizona 85012
       (602) 640-9305 (direct)
       (602) 640-9050 (fax)
       www.omlaw.com

<image002.jpg>

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. In order to comply with requirements imposed by the IRS, we inform you that unless we have expressly stated otherwise in writing, if this email (or any attachment) contains advice concerning any federal tax matter or submission, it was not written or intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.

1/25/2013

Exhibit 16

## Tony Kirkwood

| | |
|---|---|
| **From:** | Tony Kirkwood |
| **Sent:** | Wednesday, January 23, 2013 11:12 AM |
| **To:** | 'Beyers, Maureen'; David Mullin |
| **Cc:** | David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com; Rebling, Grace |

**Subject:** RE: ESI Protocol Meet & Confer

Maureen,

Rather than repeat the previous e-mail detailing your failure to raise any issue about ESI until December, and then only to schedule a January call, after we circulated the latest draft of the ESI protocol in August, after all parties' engaged in, I believe, a second conference call, with the changes y'all requested incorporated, during which time, and as far back as November, we had been trying to schedule depositions, I'll simply say that your sudden emphasis on this issue, at a time when you know I am in a hearing, to be followed by depositions, is troublesome. And to complain that I have been "saying that now for over a week"  (a week during which you knew about the hearing and travel taking place), and after you took months to address the draft ESI circulated, and more recently took more than double the six-days complained of to confer with Progressive and seek approval of the ESI that we had all agreed to, appears to be somewhat contradictory to your position that what you had known about but done nothing in relation to for months has all of a sudden become an emergency situation.

That being said, as I mentioned, I will keep you posted but I suppose we will have to assume that we will be submitting competing ESI materials given the limited time in which you left us to work on any type of agreement, particularly at a time where I am obviously needing to prepare for and participate in a hearing, prepare for depositions, and respond to your already filed motion.

I am not trying to start an argument or a back and forth on this, but I do take offense at your suggestion that this is a result of some failure on the part of my client as opposed to a sudden rush by you after months of delay, whether as a result of your just not pursuing it or because it took that time to discuss the issues with Progressive and receive their approval for the parties' proposed ESI protocol (or denial in this case).

Regardless, I am sure we will have a whole host of issues to work through during this litigation and hope we can do so both reasonably and respectfully. I would only ask that you try to allow some time for negotiation and resolutions in the future rather than leave things to the last minute.

Thanks.
Tony


**Tony Kirkwood**
**Mullin Hoard & Brown, LLP**

---

**From:** Beyers, Maureen [mailto:MBeyers@omlaw.com]
**Sent:** Wednesday, January 23, 2013 10:43 AM
**To:** Tony Kirkwood; David Mullin
**Cc:** David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.;

Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com;
Rebling, Grace
**Subject:** RE: ESI Protocol Meet & Confer

Tony,

With all due respect, you have been saying that now for over a week.   And we are now 6 days away
from significant depositions, with no access to the database.


**MAUREEN BEYERS** (attorney profile)
mbeyers@omlaw.com | Add me to your address book



|  | 2929 North Central Avenue, Suite 2100 |
|---|---|
|  | Phoenix, Arizona 85012 |
|  | (602) 640-9305 (direct) |
|  | (602) 640-9050 (fax) |
|  | www.omlaw.com |


-----Original Message-----
From: Tony Kirkwood [mailto:tkirkwood@mhba.com]
Sent: Wednesday, January 23, 2013 9:33 AM
To: Rebling, Grace; Beyers, Maureen
Cc: David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.;
Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com;
mashcraft@ashcraftlawyers.com
Subject: RE: ESI Protocol Meet & Confer

Grace/Maureen,

       Given your filing, prior to any further discussion, I obviously need to visit with my client and
suspect that we will need to file a responsive Motion regardless given some of what I believe are some
fairly significant omissions in the motion filed and the impressions conveyed. For clarity purposes only,
and although it is obviously beating a dead horse, I still do not believe that these are true production
costs as you state in your e-mail, in the sense of the producing party's burden, but are rather what are
most closely analogized to copying costs, which are not the producing party's burden (although as a
matter of professional courtesy in most cases we do not argue over them. This case being much much
different, in my eyes, as we are already shouldering the vast majority of the cost involved).

       Regardless, if that position changes, I will certainly let you know as soon as possible as I have no
interest in burdening the Court with anything that can be resolved amicably.

Thanks.
Tony

Tony Kirkwood
Mullin Hoard & Brown, LLP

-----Original Message-----
From: Rebling, Grace [mailto:grebling@omlaw.com]
Sent: Wednesday, January 23, 2013 10:21 AM
To: Tony Kirkwood; Beyers, Maureen
Cc: David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.;
Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com;
mashcraft@ashcraftlawyers.com
Subject: RE: ESI Protocol Meet & Confer

Tony,

Any update?  If your client has reconsidered its position and will bear the production costs, we can
withdraw our proposed protocol with the Court and jointly submit a stipulated protocol.

Thanks
Grace

-----Original Message-----
From: Tony Kirkwood [mailto:tkirkwood@mhba.com]
Sent: Friday, January 18, 2013 9:47 AM
To: Beyers, Maureen
Cc: Rebling, Grace; David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com; jkp@flangasmcmillan.com;
Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com;
mashcraft@ashcraftlawyers.com
Subject: Re: ESI Protocol Meet & Confer

Thanks Maureen, I will let you know as soon as I am able to read the opinion and confer with my client.

Thanks,
Tony

On Jan 18, 2013, at 8:03 AM, "Beyers, Maureen" <MBeyers@omlaw.com>
wrote:

> Sure.  Here to go.  The ND Georgia last month rejected the FDIC's
position that the defendants should bear the 6 cents per page for production.  Let me know if your
client wants to wage this battle again.
>
>
>
> From: Tony Kirkwood [mailto:tkirkwood@mhba.com]
> Sent: Friday, January 18, 2013 8:54 AM

1/25/2013

> To: Beyers, Maureen
> Cc: Rebling, Grace; David Mullin; Reed, Eric E.;
> jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.;
> Jerry Wyckoff; Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com;
> mashcraft@ashcraftlawyers.com
> Subject: Re: ESI Protocol Meet & Confer
>
>
>
> Maureen,
>
>
> I got your email last night (as you know, I was traveling to Las Vegas
for today's hearing). We are attempting to discuss this with our client but given the timing I sincerely
doubt we would be able to get a response today. Regardless, you are obviously better informed
regarding Progressive's history and stance on ESI than I and it might be helpful if you shoot me the
Order you reference below.
>
> Thanks,
>
> Tony
>
>
> On Jan 17, 2013, at 3:47 PM, "Beyers, Maureen" <MBeyers@omlaw.com>
wrote:
>
>    Tony,
>
>
>
>    We have conferred with Progressive, and they are not persuaded that
the cost shifting to the defendants is appropriate especially since the FDIC has lost this battle before.
>
>    We agree with you that filing our competing protocols is the best
way to get this issue before Judge Leen, and we will file our proposed protocol tomorrow unless we
have a favorable response from you.
>
>    Please let me know if you will reconsider your position.
>
>
>
>    Thanks.
>
>
>

1/25/2013

> Best regards,
>
> Maureen
>
>
>
> MAUREEN BEYERS (attorney profile
<http://www.omlaw.com/attorneys/bio/maureen-beyers/> )
> mbeyers@omlaw.com <mailto:mbeyers@omlaw.com> | Add me to your
> address book <http://www.omlaw.com/attorneys/vcard/maureen-beyers/>
>
>
> <image001.gif> <http://www.omlaw.com/>
>
> 2929 North Central Avenue, Suite 2100
> Phoenix, Arizona 85012 <http://g.co/maps/th9pv>
> (602) 640-9305 (direct)
> (602) 640-9050 (fax)
> www.omlaw.com <http://www.omlaw.com>
>
>
> <image005.jpg>
>
>
>
> From: Tony Kirkwood [mailto:tkirkwood@mhba.com]
> Sent: Wednesday, January 16, 2013 6:03 PM
> To: Beyers, Maureen; Rebling, Grace
> Cc: David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com;
jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss;
mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com
> Subject: RE: ESI Protocol Meet & Confer
>
>
>
> Thanks Maureen, I'll look forward to hearing from you. I don't know
if the best way to address it is a motion to compel or whether we should just submit competing ESI
Protocols and brief it, but we can figure that out if it becomes necessary.
>
>
>
> Tony Kirkwood
>
> Mullin Hoard & Brown, LLP
>
>

1/25/2013

> 
> 
> 
> _____
> 
>     From: Beyers, Maureen [mailto:MBeyers@omlaw.com]
> Sent: Wednesday, January 16, 2013 6:58 PM
> To: Tony Kirkwood; Rebling, Grace
> Cc: David Mullin; Reed, Eric E.; jrm@flangasmcmillan.com;
jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo, Bethany; Lew Loss;
mdendinger@tljlaw.com; mashcraft@ashcraftlawyers.com
> Subject: RE: ESI Protocol Meet & Confer
> 
> Tony,
> 
> 
> 
> Grace or I will confer with Progressive and respond soon to your
third-to-last paragraph below (starting with "As to your specific argument...").  But in the meantime, let
me just dispel the notion that
we are going to bring this issue up at the hearing on Friday.   We are
not (although I do not speak for the co-defendants).  I was not suggesting in my email that I was going
to bootstrap this issue onto the motion filed by Johnson and ask Judge Leen to decide it on Friday.  We
will, however, file a motion to compel on Friday and seek an expedited decision if we are not able to
reach an agreement with you by then.
> 
> 
> 
> Safe travels.
> 
> 
> 
> Best regards,
> 
> Maureen
> 
> 
> 
> MAUREEN BEYERS (attorney profile
<http://www.omlaw.com/attorneys/bio/maureen-beyers/> )
> mbeyers@omlaw.com <mailto:mbeyers@omlaw.com>  | Add me to your
> address book <http://www.omlaw.com/attorneys/vcard/maureen-beyers/>
> 
> 
> <image001.gif> <http://www.omlaw.com/>
> 

1/25/2013

> 2929 North Central Avenue, Suite 2100
> Phoenix, Arizona 85012 <http://g.co/maps/th9pv>
> (602) 640-9305 (direct)
> (602) 640-9050 (fax)
> www.omlaw.com <http://www.omlaw.com>
>
>
> <image002.jpg>
>
>
>
>
>
>
>
>
> From: Tony Kirkwood [mailto:tkirkwood@mhba.com]
> Sent: Wednesday, January 16, 2013 5:23 PM
> To: Rebling, Grace
> Cc: Beyers, Maureen; David Mullin; Reed, Eric E.;
jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo,
Bethany; Lew Loss; mdendinger@tljlaw.com
> Subject: RE: ESI Protocol Meet & Confer
>
>
>
> Maureen/Grace,
>
>
>
> While I hope we will be able to confer prior to bothering the
Court with this, I do want to point out several of my thoughts on the analysis of the ESI issue and the
factual assertions in your e-mails. I also do not believe that your attempt to "add" this to the hearing
on Friday on a Tuesday afternoon, when you know counsel will be traveling to the Courthouse on
Thursday (and I had several conference calls already scheduled in the Progressive matter and this one
for Wednesday) is appropriate and will voice that objection at the hearing.
>
>
>
> Regardless, although I certainly have not had time to review
all the e-mail traffic and provide firm dates and substance, I believe we initiated the ESI discussions in
late July of 2012, circulated a proposed ESI agreement at that time, and had a conference call regarding
the proposed ESI. While the "cost-shifting" issue, discussed below, was certainly discussed, we talked
at great length regarding why we were proposing it be done in this manner and that it wasn't really
"cost-shifting." After the call we circulated a proposed ESI agreement incorporating the parties'

changes and comments in a redline version.
You responded with another redline with additional comments and we held another ESI call on August 9th. On August 22 we circulated another revised ESI Agreement incorporating everyone's changes for final review and approval, or in order for parties to raise any further comments. On October 18 we circulated a proposed ESI agreement to all counsel in the Progressive Dec. Action, noting that we had modeled it after the D&O ESI agreement that had been previously circulated.
>
>
>
>      Despite this, it was not until December 22 that you responded
and asked to set up a call regarding the ESI on January 4th. That call took place, no party had any objection or any substantive changes, and it was agreed that the proposed ESI agreement would be presented to Progressive for their approval to pay the costs involved. The next message we received was on January 15th, the message below, which stated that Progressive does not agree to the $.06 per page and described this as "cost-shifting." You also discuss our aggressive scheduling of depositions as early as January 29 and 30th and that, as a result, you have no choice but to bring this to the attention of the Court on January 18th if you do not get a favorable response before then. That same day, you advised that you were not willing to accept production of the FDIC documents in the format they are kept in the normal course of business (native) and that you require tiff images and load files.
>
>
>
>      As you are well aware, however, the FDIC has been attempting to
set up depositions in this matter and of these persons as far back as November 2, 2012. It was only at your request that the deposition dates were moved back to late January, a request that we accommodated. There is repeated correspondence in early November regarding this, and your agreement to the specific deposition dates. In addition, in mid-December, we engaged in additional correspondence regarding the setting of additional depositions in February and your co-defendant began scheduling depositions as well. This is not "aggressive"
deposition scheduling, instead it has been dictated by both the scheduling order and accomodations to your scheduling requests.
>
>
>
>      Despite knowing of these depositions since early November, you
never responded to our ESI e-mails and drafts until late December, and then scheduled a call for early January. It was not until Progressive denied the ESI proposal that you contacted us shortly before an already scheduled hearing to demand that we acquiesce to your cost-shifting argument or you intend to raise it at the hearing. This is not an attempt to confer, this does not allow the parties to discuss potential options, and it certainly does not allow for proper preparation and briefing.
>
>
>
>      As to your specific argument that this is "cost-shifting,"
however, I would like you to consider the following because I believe we may have some confusion about what is and is not cost-shifting. The $.06 per page is not a charge for us locating documents, it is

1/25/2013

not a charge for us providing access to them or placing them in a reasonable format.
As we mentioned, we can produce them for inspection in native format.
Instead, this cost is to put the documents in a form you want them, i.e.
tif images, and provide load files. The rules, although I have not, of course, had the opportunity to fully research the issue given the late notice, do not in my opinion require us to do so. Much like paper document production, the presumption that the producing party should bear the cost of responding to properly initiated discovery requests does not abrogate the presumption that each party bears the ordinary burden of financing his or her own suit. In fact, the District of Nevada has held that a party is not even obligated to pay for copies of documents under Rule 34; it is required to produce the documents for the other side to copy at their own expense. While we as attorneys do not generally do this, although I suppose I can only speak for myself, this appears to indicate that your request--that we pay at our own expense to convert documents that are in native format as they are kept in the ordinary course of business into a format that you would prefer so that you can save costs setting up your searches or however you intend to review them--is not required under the rules and is not "cost-shifting."
In short, you are asking my client to bear the cost of switching formats for your convenience, not so that they will be responsive or in a usable form.
>
>
>
>      In short, I believe that this warrants further discussion as
well as an opportunity to research and brief the issue for the Court if we are unable to reach agreement.
>
>
>
>      I have to turn to preparing for Friday's scheduled hearing on
Friday and am traveling to Nevada tomorrow, but I would welcome your discussing this with your client and providing your thoughts. I look forward to seeing y'all on Friday and we can certainly attempt to confer then as well.
>
>
>
>   Tony Kirkwood
>
>   Mullin Hoard & Brown, LLP
>
>
>
>
>
> _____
>
>      From: Rebling, Grace [mailto:grebling@omlaw.com]
> Sent: Tuesday, January 15, 2013 7:27 PM
> To: Tony Kirkwood

1/25/2013

> Cc: Beyers, Maureen; David Mullin; Reed, Eric E.;
jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff; Bonomolo,
Bethany; Lew Loss; mdendinger@tljlaw.com
> Subject: RE: ESI Protocol Meet & Confer
>
> Tony,
>
>
> Thank you for the response.  We appreciate your attention to this
issue and certainly understand that you will need to speak with your client.  These fee-shifting
provisions have been of concern since we first spoke about the ESI protocol.  And, as of our conference
call on January 4,  they remained an obstacle to finalizing the protocol.  So this should not come as too
big of a surprise.
>
>
>
> Lastly, I would just like to clarify that my email was sent on
behalf of myself and Maureen, not Progressive, and not the other defense counsel who were invited to
participate in the conversation.
>
>
>
> Thanks,
>
> Grace
>
>
>
>
>
> From: Tony Kirkwood [mailto:tkirkwood@mhba.com]
> Sent: Tuesday, January 15, 2013 5:45 PM
> To: Rebling, Grace
> Cc: Beyers, Maureen; David Mullin; Reed, Eric E.;
jrm@flangasmcmillan.com; jkp@flangasmcmillan.com; Egan, Patrick J.; jwyckoff@mhba.com;
Bonomolo, Bethany; Lew Loss; mdendinger@tljlaw.com
> Subject: Re: ESI Protocol Meet & Confer
>
>
>
> Grace,
>
>
>
> Given that all this was suddenly dropped in my lap this afternoon

after I thought we had reached an agreement subject to your obtaining approval from the insurance carrier sometime last year, I certainly think some type of conference and an opportunity for me to analyze the sudden change in position (which I can only surmise is a result of Progressive's refusal to agree to all counsel's proposal) is in order.
>
>
>
>    Although I am also busy preparing for the hearing I have to fly out
for Thursday, I will endeavor to send you a more substantive response tomorrow, as well as a response to the e-mail from Maureen. Also, I appreciate your confirmation that production as documents are kept in the normal course of business is not an acceptable alternative to which Progressive will agree.
>
>    Thanks,
>
>    Tony
>
>
>    On Jan 15, 2013, at 5:54 PM, "Rebling, Grace" <grebling@omlaw.com>
wrote:
>
>       David and Tony,
>
>
>
>       Jerry Wyckoff and I just had a phone conversation regarding the
ESI protocol, and I am writing to follow-up and confirm the substance of that conversation.  Although the carrier is not inclined to pay the 6 cents per page of production, our expectation is still that the documents will be produced with bates labeling, tif images, and load files.
>
>
>
>       Jerry suggested, as a solution to the cost issue, that the ESI
be produced in native format without bates numbering.  Given the complexity and volume of documents in this case, this does not seem to be a viable option.  Other defense counsel are invited to chime in if they have other thoughts.
>
>
>
>       If you wish to confer on this issue, please call me.
>
>
>
>       Thank you,
>
>       Grace
>

1/25/2013

> 
> 
>     From: Beyers, Maureen
>     Sent: Tuesday, January 15, 2013 3:40 PM
>     To: Tony Kirkwood; David Mullin
>     Cc: 'Reed, Eric E.'; jrm@flangasmcmillan.com;
jkp@flangasmcmillan.com; Egan, Patrick J.; Jerry Wyckoff (jwyckoff@mhba.com); Rebling, Grace;
Bonomolo, Bethany; 'Lew Loss'; Matthew Dendinger (mdendinger@tljlaw.com)
>     Subject: ESI Protocol Meet & Confer
> 
> 
> 
>     David & Tony:
> 
> 
> 
>     I write to follow up on the ESI protocol in this matter with
the hope that we can finalize our ESI agreement.  We have conferred with counsel for Progressive, Lew
Loss and Matt Dendinger, and they have tentatively approved the latest draft (copy attached) of the
agreement, with one exception described below.
> 
> 
> 
>     The draft protocol at paragraph 6 provides that the "Defendants
shall collectively pay a monthly fee of $10 per gigabyte of ESI hosted on the Relativity database, and
shall collectively pay a fee of six cents per page ($0.06/page) for all documents produced and delivered
by FDIC from the Relativity database."  We are advised that the carrier may pay for the hosting fee, but
will not pay the 6 cents per page for
production.   We agree that shifting the cost of production to the
non-producing Defendants is inappropriate in these circumstances.  See Platronics Inc v. Aliph Inc., No.
C 09-01714 WHA (LB), 2012 WL 6761576 (ND Cal. Oct. 23, 2012) (noting the "presumption that the
producing party bears the cost of production"); Zubulake v. UBS Warburg LLC, 217 FRD 309 (SDNY
2003) ("For data that is kept in an accessible format, the usual rules of discovery apply: the responding
party should pay the costs of producing responsive data.  A court should consider cost-shifting only
when electronic data is relatively inaccessible, such as in backup tapes.")(emphasis in original).
> 
> 
> 
>     Please let us know as soon as possible if you continue to take
the position that the Defendants are obligated to pay for the production of electronically-stored
documents in the FDIC's possession.  As you know, you have been aggressively scheduling depositions
even though the FDIC's production of documents is far from complete.  You have noticed the
depositions of three important witnesses as early as January 29 and 30.  As a consequence, we will
have no choice but to bring this issue to Magistrate Judge Leen's attention on Friday, January 18 if we
do not get your favorable response before then.
>

>
>
>       Thanks.
>
>
>
>       Best regards,
>
>       Maureen
>
>
>
>       MAUREEN BEYERS (attorney profile
<http://www.omlaw.com/attorneys/bio/maureen-beyers/> )
>       mbeyers@omlaw.com <mailto:mbeyers@omlaw.com>  | Add me to your
> address book <http://www.omlaw.com/attorneys/vcard/maureen-beyers/>
>
>
>       <image001.gif> <http://www.omlaw.com/>
>
>        2929 North Central Avenue, Suite 2100
>       Phoenix, Arizona 85012 <http://g.co/maps/th9pv>
>       (602) 640-9305 (direct)
>       (602) 640-9050 (fax)
>       www.omlaw.com <http://www.omlaw.com>
>
>
>       <image002.jpg>
>
>
>       This email message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender by reply email and destroy all copies of
the original message. In order to comply with requirements imposed by the IRS, we inform you that
unless we have expressly stated otherwise in writing, if this email (or any
attachment) contains advice concerning any federal tax matter or submission, it was not written or
intended to be used, and it may not be used, for the purpose of avoiding federal tax penalties.
>
>
>
>
>
> <FDIC v OMNI_Motion re ESI (Doc 92).pdf> <FDIC v OMNI_Order RE ESI
> (Doc 104).pdf>

1/25/2013

Exhibit 17

Screen Shot 1

Initial Production (and Replacement Production to correct Bates Lable Issue)



Screen Shot 2

Locating Senior Loan Committee Meetings Minutes with in the Senior Loan Committee Folder



{1188/00/00600535.DOCX / 1}

Screen Shot 3

Loan Files Identified in the Complaint



**Screen Shot 4**

**Documents within Each Individual Loan File Identified in the Complaint**



Screen Shot 5

4<sup>th</sup> Supplement Production - Structured Loan Sale



Screen Shot 6

4<sup>th</sup> Supplement Production - Structured Loan Sale

