1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9

10  FEDERAL DEPOSIT INSURANCE
    CORPORATION, AS RECEIVER OF
11  SILVER STATE BANK,                          Case No. 2:12-CV-00209-KJD-PAL

12          Plaintiff,                          **ORDER**

13  v.

14  COREY L. JOHNSON, *et al*.,

15          Defendants.

16

17          Before the Court is the Motion for Leave to File First Amended Complaint (#70) filed by

18  Plaintiff Federal Deposit Insurance Corporation, as Receiver of Silver State Bank ("FDIC").

19  Defendant Corey L. Johnson subsequently filed an Opposition (#71) to which FDIC replied (#74).

20  I. Background

21          On July 19, 2012, this Court entered a Scheduling Order permitting the parties to amend the

22  pleadings until November 21, 2012 (#58). Plaintiff FDIC filed this Motion for Leave to File First

23  Amended Complaint on November 21, 2012. Specifically, FDIC seeks to supplement the factual and

24  damages allegations in the Complaint, and does not allege any new causes of action.

25

26

1   II. Discussion

2        Because Plaintiff timely filed the Motion for Leave to File First Amended Complaint (#70),

3   Fed. R. Civ. Pr. 15 applies, rather than Fed. R. Civ. Pr. 16 as contended by Defendant. The case cited

4   by Defendant clarifies that Rule 16 supercedes Rule 15 only when a party moves to amend the

5   pleadings *after* a deadline set in a scheduling order. Crockett & Myers, Ltd. v. Napier, Fitzgerald &

6   Kirby, LLP., 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006). Accordingly, because FDIC filed the

7   Motion on November 21, 2012, *prior* to the expiration of the amendment period, Rule 15 applies.

8        Rule 15, providing that courts "freely give leave [to amend] when justice so requires," is

9   applied in this Circuit with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d

10   1074, 1079 (9th Cir. 1990). Accordingly, courts may deny motions to amend "only if there is strong

11   evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

12   cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

13   of allowance of the amendment, [or] futility of amendment, etc." Sonoma Cnty. Ass'n of Retired

14   Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).  Defendant contends only that

15   amendment would be prejudicial, result in undue delay, and be futile but fails to make any argument

16   regarding undue delay. Further, this Court sees no indicia of concern regarding the un-argued factors.

17   Consequently, only undue prejudice and futility will be addressed.

18        A. Undue Prejudice

19        This factor carries the greatest weight. Sonoma Cnty, 708 F.3d at 1117. Defendant claims that

20   permitting Plaintiff to amend the pleadings will deprive Defendant's experts of the time necessary to

21   incorporate these additional facts into their reports. (#71 at 5). However, the Scheduling Order can be

22   modified upon a showing of good cause, as emphasized by Defendant. Fed. R. Civ. Pr. 16. The

23   magistrate judge will very likely view a recent amendment as good cause, allowing Defendant's

24   experts to incorporate the new allegations. Therefore, Defendant will not be unduly prejudiced.

25        B. Futility

26        An argument that leave to amend should be denied because of futility is similar to a motion to

1  dismiss. "A proposed amendment is futile only if no set of facts can be proved under the amendment

2  to the pleadings that would constitute a valid and sufficient claim or defense." Doe v. Nevada, 356

3  F.Supp.2d 1123, 1125 (D.Nev. 2004).

4       Defendant argues that the amendment is futile because this Court has already held that

5  Plaintiff has pled sufficient factual allegations to survive Defendant's Motion to Dismiss (#68).

6  Plaintiff seeks to amend its pleadings to include facts which allegedly increase the validity and

7  sufficiency of its claims; such activity is harmonious with the futility requirement set out above.

8  Further, justice and efficiency are ill served by preventing Defendant from addressing all of the

9  allegations they will face at trial.

10  III. Conclusion

11       **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Leave to File First Amended

12  Complaint (#70) is **GRANTED**.

13       **IT IS FURTHER ORDERED THAT** Plaintiff file its First Amended Complaint within

14  fourteen (14) days of the entry of this order.

15       DATED this 20th day of May 2013.

16

17

18       _____
         Kent J. Dawson
19       United States District Judge

20

21

22

23

24

25

26