# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of Silver State Bank, | Case No. 2:12-CV-00209-KJD-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| COREY L. JOHNSON, *et al.*, | |
| Defendants. | |

Before the Court is Defendants Corey L. Johnson *et al.*'s ("Defendants") Motion to Dismiss Amended Complaint Pursuant to FRCP 12(b)(1) (#130). Plaintiff Federal Deposit Insurance Corporation ("Plaintiff" or "FDIC") responded (#131) and Defendants replied (#132). Also before the Court is Plaintiff's First Motion for Leave to File Sur-Reply or in the Alternative a Request for the Court to take Judicial Notice (#134). Defendants responded (#135) and filed a Countermotion to Strike Plaintiff's First Motion for Leave to File Sur-Reply or in the Alternative a Request for the Court to Take Judicial Notice (#136).

I. Background

The question before the Court revolves around the relationship between the "corporation" and "receiver" arms of the FDIC. Originally, FDIC, acting as receiver for Silver State Bank, sought

approximately $86 million in damages from Defendants for losses due to various loans etc. (#1). However, FDIC filed an Amended Complaint seeking additional compensation of approximately $500 million for losses related to the Federal Deposit Insurance Fund ("Fund") (#121). Exactly how those losses are related to the Fund is likely dispositive of the Motions before the Court.

Defendants maintain that there are two separate entities within the FDIC, and Plaintiff concedes "there is a distinction between the two," the Corporation ("FDIC-C") and the Receiver ("FDIC-R") (#131; 3). Importantly, FDIC-R is the Plaintiff in this case. Defendants allege that as the Fund belongs to FDIC-C and not FDIC-R, FDIC-R lacks standing to bring a claim for losses to the Fund because FDIC-R is asserting a third-party's interests. Plaintiff, FDIC-R, responds that it is "obligated" to repay the Fund (via the FDIC-C) those monies distributed to depositors, and that while losses to the Fund are one correct measure of damages, the damages are actually to the FDIC-R and not to the Fund.

II. Conclusion

Given the complexity of this issue and lack of citations for crucial assertions, the Court **HEREBY ORDERS** additional briefing on the following four questions. Briefing beyond the four questions listed above will be disregarded. Defendants will have two weeks from the entry of this Order to file their brief, Plaintiff will have two weeks from Defendants' filing to file its response, and Defendants will have one week from Plaintiff's filing to file their reply.

1. What is the precise relationship between the Fund's losses and the claims asserted by Plaintiff?

2. Is Plaintiff legally required to repay the Fund for losses a) in any case, b) in this case?

3. What is the relevance and effect of subrogation as to Plaintiff's claims?

4. Why is the FDIC-R alone seeking damages related to losses to the Fund, rather than jointly with the FDIC-C?

The Court notes that the parties have already briefed all but question four, and that the briefing was inadequate. The Court urges all parties to place utmost priority on clarity of argument

supported by meticulous citations. The Court also reminds the parties that clarity of argument requires pithy and incisive analysis, and cannot be achieved by circumlocution. To paraphrase Oliver Wendell Holmes, Jr., the Court has no use for the simplicity this side of complexity; it is the simplicity on the other side of complexity that marks the skilled advocate. <u>See</u> Gregory C. Pingree, <u>Where Lies the Emperor's Robe? An Inquiry into the Problem of Judicial Legitimacy</u>, 86 Or. L. Rev. 1095, 1104 n.24 (2007).

Given this Order for further briefing, Plaintiff's Motion for Leave to File Sur-Reply (#134) and Defendants' Motion to Strike (#136) are **HEREBY DENIED** as moot.

DATED this 26th day of September 2013.

_____
Kent J. Dawson
United States District Judge