# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| FEDERAL DEPOSIT INS. CORP., | ) | Case No. 2:12-cv-00209-KJD-PAL |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | (Mtn to Seal - Dkt. #161) |
| COREY L. JOHNSON, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Corey L. Johnson's Motion for Leave to File Under Seal Defendant Corey Johnson's Motion for Summary Judgment (Dkt. #161) filed March 3, 2014. The court has considered the Motion.

Defendant Johnson seeks an Order allowing him to file his Motion for Summary Judgment under seal because it "refers to and attaches material designated as confidential by the Plaintiff." Motion at 1:26-27. As set forth in the court's Order (Dkt. #61) entered August 14, 2012, the court approved the parties' blanket protective order to facilitate discovery exchanges, and the court "has not found that any specific documents are secret or confidential." Order at 1:26-28. Additionally, the Order reminded counsel of their obligation under *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), to set forth compelling reasons sufficient to overcome the presumption of public access to maintain the secrecy of documents attached to dispositive motions. *Id.* at 2:5-7. The court appreciates that the motion to seal was filed to comply with the movant's obligation to treat documents designated by opposing counsel as confidential. The burden is on the party designating the documents confidential to establish they should be filed under seal. As the Ninth Circuit held in *Kamakana,* "claimed reliance on the protective order is not a 'compelling reason' that rebuts the presumption of access." 447 F.3d at 1183 (internal citation omitted).

For these reasons,

**IT IS ORDERED:**

1. Defendant's Motion for Leave to File Under Seal (Dkt. #161) is DENIED WITHOUT PREJUDICE.
2. Plaintiff shall have until **March 25, 2014,** to file a memorandum of points and authorities and any supporting declaration or affidavit to establish compelling reasons why Defendant's Motion for Summary Judgment (Dkt. #162), should remain under seal.
3. The motion for summary judgment shall remain sealed until March 25, 2014. If Plaintiff fails to timely comply with this order the Clerk of the Court is directed to unseal the Motion for Summary Judgment to make it available on the public docket.

Dated this 11th day of March, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE