UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF SILVER STATE BANK,<br><br>            Plaintiff,<br><br>     v.<br><br>COREY L. JOHNSON, *et al.*,<br><br>            Defendants, | Case No. 2:12-CV-00209-KJD-PAL<br><br>**ORDER** |

   Before the Court is Defendant Corey L. Johnson's ("Johnson") Motion for Partial Summary Judgment (#155), to which Defendants Gary A. Gardner ("Gardner") (#157) and Douglas E. French ("French") (#166) joined. The Federal Deposit Insurance Corporation, as Receiver of Silver State Bank, ("FDIC-R") filed a response in opposition (#187). Johnson filed a reply (#204).

I. Background

   Silver State Bank ("SSB") was a financial institution with offices in several states (#121). In 2008, SSB was closed and the FDIC-R was appointed receiver (#121). Afterwards, the FDIC-R filed a Complaint (#1) and an Amended Complaint (#121). The Amended Complaint alleges that Defendants, as SSB's former officers, are personally liable for the damages caused by their gross negligence and breach of fiduciary duties (#121). The Amended Complaint also alleges that Defendants' actions resulted in losses to the Deposit Insurance Fund ("DIF") (#121).

///

1  Defendants now seek judgment regarding the FDIC-R's standing to recover the losses to the DIF
2  (#155).
3  II. Legal Standards
4      A. Summary Judgment
5  The purpose of summary judgment is to "pierce the pleadings and to assess the proof in
6  order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith
7  Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings,
8  depositions, affidavits, and other materials in the record show that there is no genuine issue of
9  material fact and that the moving party is entitled to judgment as a matter of law. See FED. R.
10 CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
11 A fact is material if it might affect the outcome of the suit under the governing law.
12 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving
13 testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha
14 Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also
15 insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs.,
16 69 F.3d 337, 345 (9th Cir. 1995).
17 The moving party bears the initial burden of showing the absence of a genuine issue of
18 material fact. See Celotex, 477 U.S. at 323. Once that burden is met, the nonmoving party then
19 has the burden of setting forth specific facts demonstrating that a genuine issue exists. See
20 Matsushita, 475 U.S. at 587; FED. R. CIV. P. 56(e). If the nonmoving party fails to make a
21 sufficient showing of an essential element for which it bears the burden of proof, the moving
22 party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23.
23     B. The FDIC
24 The FDIC was created to promote stability and confidence in the nation's banking
25 system. Bullion Services, Inc. v. Valley State Bank, 50 F.3d 705, 708 (9th Cir. 1995). To achieve
26 these goals, Congress created the FDIC-Corporate ("FDIC-C") and the FDIC-R. Id. Courts have

been careful to keep the responsibilities, rights, and liabilities of these two entities legally separate. Id. at 709. The FDIC-C's primary responsibilities are to insure bank deposits and administer the DIF. Id. at 708. The DIF is a pool of assets used to guarantee the safety of federally insured deposits. Id. If an insured financial institution fails, the FDIC-C pays the institution's depositors with DIF funds. Id. The FDIC-R's primary responsibility, on the other hand, is to act as a receiver for an insolvent financial institution. Id.

III. Analysis

The issue before the Court is whether the FDIC-R has standing to recover the DIF losses that the FDIC-C paid to SSB's depositors.[1] The Court first examines Defendants' Motion to see if Defendants are entitled to summary judgment. See FED. R. CIV. P. 56(c).

 A. Defendants' Motion

Defendants contend that the FDIC-R does not have standing to recover losses to the DIF resulting from payment of SSB's depositors. They argue that the FDIC-C and FDIC-R are two separate legal entities, with distinct rights and liabilities. They also argue that the FDIC-R cannot sue on behalf of SSB's depositors because the FDIC-C held the depositor's rights as their subrogee under 12 U.S.C. § 1821(g).

Courts are careful to keep the rights and liabilities of the FDIC-R and the FDIC-C separate. See, e.g., Bullion, 50 F.3d at 708-09 (explaining the different rights and responsibilities of the FDIC-R and the FDIC-C); FDIC v. La Rambla Shopping Ctr., Inc., 791 F.2d 215, 218-19 (1st Cir. 1986) (explaining how the FDIC is divided into two separate legal entities); Trigo v. FDIC, 847 F.2d 1499, 1502 (11th Cir. 1988) (explaining that a contract with the FDIC-R is not binding on the FDIC-C because they are two separate entities). Therefore, the FDIC-C and the FDIC-R cannot succeed to SSB's depositors' rights simultaneously, nor can those rights belong

///

---

[1] In its order denying the FDIC-R leave to file sur-reply (#139), the Court ordered additional briefing concerning this issue. The Court also ordered the parties to provide clear arguments, meticulous citations, and incisive analysis in their briefing (#139). The parties failed to do so.

to the FDIC as a whole. See Id. Consequently, the Court must determine whether the FDIC-C or the FDIC-R currently holds the depositors' rights.

The FDIC-C is responsible for paying depositors when an insured financial institution fails. Id. at 708. When the FDIC-C pays a depositor from the DIF, it is subrogated to all the depositor's rights against the institution or branch to the extent of the payment or assumption. See 12 U.S.C. § 1821(g)(1). Subrogation puts the FDIC-C in the depositor's shoes and allows it to bring civil claims for its losses. In re Hamada, 291 F.3d 645, 649 (9th Cir. 2002).

In the current case, the FDIC-C paid SSB's depositors with funds from the DIF (#153 p. 27). After payment, the FDIC-C became subrogated to all of SSB's depositors' rights against SSB to the extent of the DIF payment, and had standing to seek damages against Defendants for the amount that was paid from the DIF. See 12 U.S.C. § 1821(g)(1). Thus, when the FDIC-R stepped in as receiver and assumed SSB's rights, it did not assume the right to recover the funds paid from the DIF because that right already belonged to the FDIC-C.

Under this law and reasoning, Defendants have satisfied their initial burden for summary judgment. See Celotex, 477 U.S. at 323. Therefore, the burden now shifts to the FDIC-R. See Matsushita, 475 U.S. at 587; Celotex, 477 U.S. at 322-23.

B. The FDIC-R's Response

The FDIC-R's response contains three arguments: (1) the FDIC-R can bring suit against Defendants on behalf of the Corporation as a whole, (2) the FDIC-R has power, on behalf of both the Corporation and the institution's depositors, to seek losses to the DIF, and (3) the FDIC-R has a legal obligation to replenish the DIF.

In its first argument, the FDIC-R contends that it has standing under 12 U.S.C. § 1821(k) because recovering the DIF funds from Defendants would benefit the Corporation. The FDIC-R's argument, however, exceeds the language of the statute, which reads:

///

///

> (k) Liability of directors and officers
>
> A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation—
>
> > (1) acting as conservator or receiver of such institution,
> >
> > (2) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed by such receiver or conservator, or
> >
> > (3) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed in whole or in part by an insured depository institution or its affiliate in connection with assistance provided under section 1823 of this title,
>
> for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

12 U.S.C. § 1821(k).

The FDIC-R argues that the phrase "[a] director or officer . . . may be held personally liable in a civil action . . . on behalf of . . . the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation" grants the FDIC-R standing to recover the DIF funds from Defendants. The FDIC-R reasons that, because the FDIC-R's cause of action would benefit the FDIC and hold Defendants personally liable, § 1821(k) grants the FDIC-R standing to recover losses to the DIF.

The FDIC-R's argument is not supported by the language of § 1821(k). This section clearly allows a party to hold an institution's former officers personally liable. It does not, however, contain language that establishes the FDIC-R's standing to recover losses to the DIF. There is no language that subrogates one party to the rights of another party. There is also no

///

///

language that transfers the rights of one party to another party.[2] Other sections of FIRREA, however, use clear language, such as "be subrogated to" and "succeed to", to establish how the FDIC-R and the FDIC-C have standing to bring a claim in a court of law. Compare, e.g., 12 U.S.C. § 1821(g)(1) (outlining the FDIC-C's rights when it pays a failed institution's depositors) and 12 U.S.C. § 1821(d)(2)(A) (outlining the FDIC-R's rights when it becomes receiver of a failed institution) with 12 U.S.C. § 1821(k). Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion. Jama v. Immig. and Cust. Enforcement, 543 U.S. 335, 357 (2005); see also Russello v. U.S., 464 U.S. 16, 23 (1983) ("We refrain from concluding here that the differing language in the two subsections has the same meaning in each. We would not presume to ascribe this difference to a simple mistake in draftsmanship"). If Congress intended to grant the FDIC-R standing to pursue losses to the DIF, it presumably would have done so by using language similar to other sections of FIRREA.

    Furthermore, the FDIC-R's interpretation of 12 U.S.C. § 1821(k) leads to absurd results. Under the FDIC-R's reasoning, *any* party, not just the FDIC, could have standing to bring a suit against another party for losses to the DIF. To establish standing, a party would simply need to show that its cause of action benefits the "Corporation" and holds the former officers of a financial institution personally liable. This is not the congressional intent expressed by the language of § 1821(k). The Court, therefore, rejects the FDIC-R's first argument.

    In its second argument, the FDIC-R asserts that it succeeded to the rights of SSB's depositors. This argument is flawed. In the current case, the FDIC-C paid the depositors from the DIF (#153 p. 27). Once the FDIC-C paid the depositors, it became subrogated to all the depositors' rights against SSB to the extent of the payment from the DIF. See 12 U.S.C. § 1821(g)(1). Therefore, when the FDIC-R succeeded to some of the depositor's rights, the right to

---

[2] The language of the statute does suggest that a cause of action *may be* transferred, but it does not transfer that cause of action. See 12 U.S.C. §§ 1821(k)(2), (3).

6

bring a cause of action against SSB's former officers for the amount paid by the DIF was already held by the FDIC-C. See 12 U.S.C. §§ 1821(d)(2)(A), 1821(k), 1821(g)(1). If the Court were to hold that the FDIC-R has standing under this theory, it would inappropriately blur the well-established legal distinction between the FDIC-R and the FDIC-C. The Court, therefore, rejects the FDIC-R's second argument.

In its third argument, the FDIC-R contends that it is statutorily obligated to repay the DIF. The FDIC-R is incorrect. The FDIC-R bases its argument on 12 U.S.C. § 1821(d)(11), which reads:

> (A) In general
>
> Subject to section 1815(e)(2)(C) of this title, amounts realized from the liquidation or other resolution of any insured depository institution by any receiver appointed for such institution shall be distributed to pay claims (other than secured claims to the extent of any such security) in the following order of priority:
>
> (i) Administrative expenses of the receiver.
>
> (ii) Any deposit liability of the institution.
>
> (iii) Any other general or senior liability of the institution (which is not a liability described in clause (iv) or (v)).
>
> (iv) Any obligation subordinated to depositors or general creditors (which is not an obligation described in clause (v)).
>
> (v) Any obligation to shareholders or members arising as a result of their status as shareholders or members (including any depository institution holding company or any shareholder or creditor of such company).

12 U.S.C. § 1821(d)(11)(A). This statute outlines how the FDIC-R must distribute the amounts realized from the liquidation or other resolution of an insured depository institution. The FDIC-R fails to show how this language imposes upon it a duty to recover the DIF funds paid to SSB's depositors. Additionally, the FDIC-R also fails to show how a duty to recover, if it exists, gives the FDIC-R standing in the present case. The Court, therefore, rejects the FDIC-R's argument that it has standing because of its statutory obligations.

The FDIC-R's arguments fail to meet the standard set forth by <u>Matsushita</u> and <u>Celotex</u>. Therefore, the Defendants are entitled to summary judgment. <u>See</u> <u>Celotex</u>, 477 U.S. at 322-23.

<u>IV. Conclusion</u>

Accordingly, it is **HEREBY ORDERED** that Defendant Johnson's Motion for Summary Judgment (#155) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants French (#166), and Gardner's (#157) Joinders are **GRANTED**;

Should the parties desire additional time to negotiate a settlement, the Court will entertain a motion to stay.

DATED this 29th day of July 2014.

_____
Kent J. Dawson
United States District Judge