# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COREY L. JOHNSON, *et. al.*,<br><br>Defendants. | Case No. 2:12-CV-209-KJD-PAL<br><br><br>**ORDER** |

Before the Court is Defendant Johnson's Motion for Summary Judgment (#162). Plaintiff FDIC-R responded (#185) and filed an errata to the response (#193). Defendant replied (#206). Supplemental Authority was also filed (##211, 218, 221, 223). Also before the Court are Defendant Johnson's Motions to Strike Notice of Supplemental Authority (##213, 225). Plaintiff responded to the first motion (#214), and the time for Defendant to reply has long since passed. FDIC-R objects (#224) to Johnson's Notice of Supplemental Authority # 218, and Defendant has replied (#226).[1]

As a preliminary matter, without seeking leave of the Court, Johnson's Motion is 44 pages—nearly 50% overlength—a violation of Local Rule 7-4. The Court will overlook these

---

[1] Some of the Notices contained impermissible new argument concerning this matter. The Court will not consider any such argument, and looks solely to the citation provided, and any brief explanation of the point to which it relates. Accordingly, FDIC-R's objection is moot. This matter will be dealt with in greater depth below.

failures in the interest of judicial economy. However, the parties are admonished to follow all Local and Federal Rules. Future failures in this regard will result in sanctions under Rule 11 and this Court's inherent authority.

Also, FDIC-R asserts that Johnson's repeated "failure to provide proper citations in support of his factual statements" is prejudicial (#185). The Court acknowledges that this practice could indeed prejudice FDIC-R by substantially impeding its ability to respond to asserted facts, but only if the Court were to accept such bald assertions. However, "[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). Further, the standard for summary judgment eviscerates any evidentiary value in such bald assertions.[2] Thus, no prejudice will lie against FDIC-R as all such unsupported assertions are inconsequential to this Court's analysis.

On a related note, the vast majority of Johnson's assertions lack any citation of any sort. The few which contain citations typically cite to exhibits which are buried and mislabeled, making the Court's review exceptionally difficult. Regardless, the simple fact that many crucial assertions lack citations is a poor beginning.

**I. Motions to Strike**

    **A. #213**

Johnson brings this motion to strike without a single reference to the applicable standard. The Court will provide it here: "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Johnson claims that the FDIC-R directs the Court's attention to Robers v. United States, only because FDIC-R "once again . . . misunderstands the argument asserted by the Defendants." 134 S. Ct. 1854, (2014). The Court construes this as alleging immateriality or impertinence. However, Johnson fails to

---

[2] Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995).

2

clarify either the argument made by Defendants, or FDIC-R's alleged misunderstanding of it. Johnson further asserts that Robers "does nothing to assist the Court as it does not . . . address the issue." To be clear, the issue here is whether economic fluctuations can break the causal chain, defeating proximate cause. In Robers, the Supreme Court reasoned that

> [t]he basic question that a proximate cause requirement presents is 'whether the harm alleged has a sufficiently close connection to the conduct' at issue. *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* ––– U.S. –––, 134 S.Ct. 1377, 1390. . . . Fluctuations in property values are common. Their existence (though not direction or amount) is foreseeable. . . . That is not to say that an offender is responsible for [any and all damage but] [m]arket fluctuations are normally unlike, say, an unexpected natural disaster . . . .

Id. at 1859. Johnson is wrong. Any misunderstanding FDIC-R may have regarding Defendants' arguments is not evidenced here. Further, this case assists the Court by affirming the common-sense proposition that "fluctuations in property values" are "foreseeable." For all of the above reasons, Johnson's Motion to Strike Notice of Supplemental Authority (#213) is **DENIED**.

**B. #225**

As above, the present motion (#225) is **DENIED** because the citations are not redundant, immaterial, impertinent, or scandalous . . . ." Fed. R. Civ. P. 12(f). However, the Court will construe both motions as replies to the relevant Notice of Supplemental Authority, considering all proper explanations of the impact of cited authority.

**C. ORDER Regarding Future Supplemental Authority**

As the parties—particularly Johnson—persist in avoiding the meat of this matter, engaging instead in irrelevant motions, the Court will be quite clear regarding any future notices of supplemental authority. Such notice will include the relevant citation, with the full text of the opinion appended. The body of the notice will be no longer than three pages, explaining briefly how it relates to the pleadings or motions currently before the Court. No other content is permissible, nor will other content will be considered by the Court. The opposing party may file a reply consisting of no more than three pages, discussing solely how the citation is or is not

1 applicable to the pleadings or motions currently before the Court. Any overlength material, or
2 content which does not directly relate to how the supplied citation pertains to the matters before
3 the Court will not be considered by the Court.

4 **II. Legal Standard: Motion for Summary Judgment**

5 The purpose of summary judgment is to "pierce the pleadings and to assess the proof in
6 order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith
7 Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings,
8 depositions, affidavits, and other materials of the record show that there is no genuine issue of
9 material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R.
10 Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

11 A fact is material if it might affect the outcome of the suit under the governing law.
12 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving
13 testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha
14 Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also
15 insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs.,
16 69 F.3d 337, 345 (9th Cir. 1995).

17 The moving party bears the initial burden of showing the absence of a genuine issue of
18 material fact. See Celotex, 477 U.S. at 323. Once that burden is met, the nonmoving party then
19 has the burden of setting forth specific facts demonstrating that a genuine issue exists. See
20 Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e). Mere "metaphysical doubt as to the material
21 facts" is not enough. Matsushita, 475 U.S. at 586. If the nonmoving party fails to make a
22 sufficient showing of an essential element for which it bears the burden of proof, the moving
23 party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23. All evidence must be
24 viewed in the light most favorable to the non-moving party. Nolan v. Heald Coll., 551 F.3d 1148,
25 1150 (9th Cir. 2009).
26 ///

**III. Analysis**

FDIC-R alleges both gross negligence and breach of fiduciary duty against Johnson and his co-defendants. In the context of directors and officers, these claims are potentially identical. At minimum, there are substantial overlaps. For example, the business judgment rule does not apply to claims of gross negligence, which constitutes a breach of the fiduciary duty of care. Shoen v. SAC Holding Corp., 137 P.3d 1171, 1184 (Nev. 2006).

Additionally, it is axiomatic that contested factual questions are best reserved for the trier of fact. Both gross negligence and breach of fiduciary duty are factual questions.

> The determination whether a corporate director has properly discharged his duties is a question of fact. In particular, the determination of whether a party is liable for gross negligence is a matter of fact that must be left to the determination of the reasonable persons making up the trier of fact.

F.D.I.C. v. Jackson, 133 F.3d 694, 700 (9th Cir. 1998) (internal quotation marks and citations omitted). Nor is this axiom absent from Nevada's jurisprudence. The Supreme Court of Nevada is "reluctant to affirm summary judgment in negligence cases because, generally, the question of whether a defendant was negligent in a particular situation is a question of fact for the jury to resolve." Butler ex rel. Biller v. Bayer, 168 P.3d 1055, 1063 (Nev. 2007). The Court will address each claim in turn.

**A. Gross Negligence**

The only way Johnson can prevail in this motion for summary judgment is to show that FDIC-R's prima facie case is "clearly lacking as a matter of law" one of the elements of gross negligence. Id. This is a particularly heavy burden given the factually intensive nature of the inquiry before the Court. Johnson's failure to provide citations for the bulk of his factual assertions substantially undercuts his ability to meet his burden.

**i. Legal Standards**

Liability is determined by Nevada law. 12 U.S.C. § 1821(k); Atherton v. F.D.I.C., 519 U.S. 213, 216 (1997). Nevada has also provided the following definition of gross negligence:

> Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a higher degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But it falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure.

Hart v. Kline, 116 P.2d 672, 674 (Nev. 1941).

Ordinary negligence requires a plaintiff to "establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Klasch v. Walgreen Co., 264 P.3d 1155, 1158 (Nev. 2011). Johnson appears to (correctly) concede that a duty of care exists in this case.

### ii. Analysis of Breach of Duty

Rather than present the Court with cogent argument, Johnson merely asserts "[b]ased upon undisputed facts in this case, it is axiomatic that no reasonable jury could possibly find that Mr. Johnson [was grossly negligent]." (#206 at 7). The Court decidedly disagrees. First, much of Johnson's "evidence" is unsupported by any—let alone meaningful—citations. Second, even the supported evidence is susceptible to differing interpretations and presents at best only scattered fragments of the relevant picture. Far from showing that "clearly, as a matter of law" there was no breach, Johnson's bare assertion falls far short of his burden and highlights the substantial questions of fact which are appropriately reserved to the jury.

### iii. Analysis of Causation

As for the causation element, it "consists of two components: actual cause and proximate

1   cause." Dow Chem. Co. v. Mahlum, 970 P.2d 98, 107 (Nev. 1998) (overruled on other grounds).
2   The Supreme Court of Nevada has "define[d] proximate cause as any cause which in natural
3   foreseeable and continuous sequence, unbroken by any efficient intervening cause, produces the
4   injury complained of and without which the result would not have occurred." Goodrich &
5   Pennington Mortgage Fund, Inc. v. J.R. Woolard, Inc., 101 P.3d 792, 797 (Nev. 2004). "An
6   intervening efficient cause is a new and independent force which breaks the causal connection
7   between the original wrong and the injury and itself becomes a direct and immediate cause of the
8   injury." City of Reno v. Van Ermen, 385 P.2d 345, 351 (Nev. 1963).

9       The main consideration in determining proximate causation is foreseeability. Sims v.
10  Gen. Tel. & Electronics, 815 P.2d 151, 156 (Nev. 1991) overruled on other grounds by Tucker v.
11  Action Equip. & Scaffold Co., 951 P.2d 1027 (Nev. 1997). Thus, "a negligent defendant is
12  responsible for all *foreseeable* consequences of his or her negligent act. This requirement means
13  that defendant must be able to foresee that his negligent actions may result in harm of a
14  particular variety to a certain type of plaintiff." Id. (internal alterations, quotation marks, and
15  parentheticals omitted, emphasis in original). However, this requirement does not mean that a
16  defendant must foresee the extent of the harm or how it occurred. Id. at 157. Rather, the
17  defendant need only foresee that his negligent conduct could "have caused a particular variety of
18  harm to a certain type of plaintiff." Id. Lastly, "[f]luctuations in property values are common.
19  Their existence (though not direction or amount) is foreseeable. . . ." Robers, 134 S. Ct. at 1859.

20      Johnson does not assert that actual causation is at issue here. Rather, Johnson asserts that
21  the economic downturn constitutes a superseding cause, and argues (including via expert
22  testimony) that the economic downturn was unforeseeable. As the legal standard above makes
23  clear, this "fact" is irrelevant. All that matters is whether the types of harm suffered by Silver
24  State Bank were foreseeable consequences of Johnson's actions. Given the evidence before the
25  Court, including evidence of high-risk lending practices, it seems very likely that this type of
26  damage (if not its extent and precise mechanism) is wholly foreseeable. However, this factual

question is best reserved to the jury. Suffice it to say that Johnson has not met his burden for summary judgment as to causation.

### iv. Analysis of Damages

Here, Johnson simply incorporates by reference an argument that has already been explicitly rejected by the Court (#208). Accordingly, the Court will not consider this element further.

### B. Breach of Fiduciary Duties

One fiduciary duty of directors and officers is the duty of care. See Shoen v. SAC Holding Corp., 137 P.3d at 1184. "With regard to the duty of care, the business judgment rule[3] does not protect the gross negligence of uninformed directors and officers." Id. The business judgment rule typically requires that breach of fiduciary duty involve "intentional misconduct, fraud or a knowing violation of law." NRS § 78.138(7)(b). However, Schoen makes clear that gross negligence suffices and further scienter is not required. Thus, the question before the Court is whether there is a possibility of overcoming the business judgment rule found in NRS § 78.138 via a showing of gross negligence. The Court finds, for all of the reasons above, that there is a definite possibility of overcoming the rule. Accordingly, Defendant has failed to meet his burden, and this question is reserved to the trier of fact.

///
///
///
///
///
///
///

---

[3] Nevada codified the business judgment rule in NRS § 78.138. Shoen, 137 P.3d at 1179.

**IV. Conclusion**

At bottom, the factual question remains to what degree the failure of Silver State Bank was the proximate result of Johnson's culpable actions. Such questions are best decided by the trier of fact.

The Court **HEREBY DENIES** Johnson's Motions to Strike Notice of Supplemental Authority (##213, 225).

The Court **FURTHER DENIES** Johnson's Motion for Summary Judgment (#162).

The Court lastly **REFERS** this matter to the Magistrate for Settlement Conference.

DATED this 17th day of October 2014.

_____
Kent J. Dawson
United States District Judge